**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
Renee V. Masongsong, Esq. (SBN 281819)
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118
E-mail: dalekgalipo@yahoo.com /rvalentine@galipolaw.com

**LAW OFFICE OF SHARON J. BRUNNER**
Sharon J. Brunner, Esq. (SBN 229931)
14393 Park Avenue, Suite 101
Victorville, CA 92392
Tel: (760) 243-9997; Fax: (760) 843-8155
E-mail: sharonjbrunner@yahoo.com

**LAW OFFICE OF JAMES S. TERRELL**
James S. Terrell, Esq. (SBN 170409)
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850; Fax: (760) 952-1085
E-mail: jim@talktoterrell.com

*Attorneys for Plaintiff*, RENATO URENA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; JONATHAN DAVALOS; ANDRES ESTRELLA and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00341-JGB-SHK<br><br>*Assigned to*:<br>Hon. District Judge Jesus G. Bernal<br>Hon. Mag. Judge Shashi H. Kewalramani<br><br>**JOINT RULE 26 SCHEDULING REPORT**<br><br><u>Scheduling Conference</u><br>Date:    September 30, 2024<br>Time:    11:00 a.m.<br>Crtrm:    Courtroom 1, 2nd Floor<br>          3470 Twelfth Street<br>          Riverside, CA 92501 |

**TO THIS HONORABLE COURT:**

In accordance with Federal Rule of Civil Procedure Rule 26(f), Central District Local Rule 26-1, and this Court's Standing Order (Dkt. No. 7), Plaintiff Renato Urena and Defendants City of San Bernardino, Jonathan Davalos and Andres Estrella hereby respectfully submit the following Joint Report. Pursuant to FRCP 26(f) and this Court's Standing Order, an early meeting was held between Plaintiff's counsel, Renee V. Masongsong of the Law Offices of Dale K. Galipo, and Defendants' counsel, Scott Carpenter of Carpenter, Rothans & Dumont LLP.

## A. STATEMENT OF THE CASE

### 1. ACCORDING TO PLAINTIFF

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful shooting of Plaintiff Renato Urena. Plaintiff brings state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including Unlawful Detention and Arrest, Excessive Force, and Denial of Medical Care; (2) Municipal Liability – Unconstitutional Custom, Practice, or Policy, Ratification, and Failure to Train; (3) False Arrest/False Imprisonment; (4) Battery; (5) Negligence; and (6) Violation of Cal. Civil Code § 52.1.

On the morning of February 10, 2023, at approximately 10:16 a.m., Defendants Davalos and Estrella (Defendant Officers) initiated a traffic stop on Plaintiff's vehicle based on a tip from a citizen informant, whose identity is currently unknown to Plaintiff, that a person driving a silver Nissan Versa was possibly armed with a firearm. The Defendant Officers observed Plaintiff driving and decided to pull him over. Plaintiff exited his vehicle and began running away from the Defendant Officers. The Defendant Officers gave chase and subsequently fired over 30 lethal rounds at Plaintiff, striking his back and side, despite the fact

that Plaintiff never verbally or physically threatened any person, including Defendant Officers, and never pointed a weapon at any person at time during the incident. On information and belief, the Defendant Officers did not warn Plaintiff that deadly force would be used against him before he was shot. Further, Plaintiff was unarmed at the time of the shooting and there were other reasonable alternative measures available to the Defendant Officers, including less lethal force options and tactical options, such as setting up a containment perimeter and requesting backup. Plaintiff was unarmed, had not harmed anyone, and posed no immediate threat of death or serious bodily injury to any person, including the Defendant Officers at the time of the shooting. Therefore, on Plaintiff's facts, the uses of force were excessive and unreasonable.

2. **ACCORDING TO DEFENDANTS.**

On February 10, 2023, at about 10:16 a.m., San Bernardino Police Department ("SBPD") Officers Andres Estrella and Jonathan Davalos were on patrol when they received a report of a male subject armed with a handgun driving a silver Nissan Versa nearby. As the officers were driving near the intersection of 14th Street and K Street, the officers observed a silver Nissan Versa, which matched the description from the report.

After the officers observed other vehicle code violations, the officers attempted to conduct a traffic stop of the Nissan; however, the driver (later identified as plaintiff Renato Urena) tried to evade officers by driving through stop signs and driving into opposing oncoming traffic. Plaintiff then abandoned the Nissan across the street from an elementary school on Mount Vernon between 14th Street and Magnolia and fled on foot from the Nissan as it continued to travel unoccupied northbound in the southbound lanes. Officers Estrella and Davalos pursued plaintiff on foot through a vacant dirt lot and observed plaintiff reaching for what they believed to be a gun in his clothing near his waist. Plaintiff continued to flee from officers despite repeated commands to stop and to show his hands.

Plaintiff then ran along a fence line of a residential property and went into tall thick grass and shrubbery, in an apparent attempt to position himself out of officers' sight. Officers then observed plaintiff pull out a gun while turning toward officers with the gun in his hand and an officer-involved shooting occurred.

Paramedics were called to the scene and plaintiff was ultimately transported to Arrowhead Regional Medical Center. A loaded handgun, with a round in the chamber, was found nearby.

Criminal charges were brought against plaintiff for, among other things, Penal Code section 245 (assault with a deadly weapon), Penal Code section 29800 (felon in possession of a firearm), and Penal Code section 2800.1 (evading police in a motor vehicle). Pursuant to a plea deal, plaintiff pleaded guilty to the Penal Code section 29800 (felon in possession of a firearm) and Penal Code section 2800.1 (evading police in a motor vehicle) charges.

Defendants deny that the attempted detention of plaintiff was unjustified or that excessive force was used. Defendants further deny that the City of San Bernardino and/or its officers violated plaintiff's civil rights or otherwise committed state torts. Reasonable suspicion existed to detain plaintiff, and then probable cause arose after plaintiff attempted to flee from officers. The force used was justified under the circumstances based on plaintiff's dangerous and threatening conduct, including retrieving a handgun and turning towards officers, which posed a threat of imminent serious bodily injury or death. Defendants submit that this case will involve whether the use of force was reasonable under the circumstances; whether Officers Estrella and Davalos (or any other officer) are entitled to qualified immunity; plaintiff's comparative negligence; and whether plaintiff's criminal convictions bar any of his claims.

**B. SUBJECT MATTER JURISDICTION**

This court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United

States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under California state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

## C. LEGAL ISSUES

Based on current information, the parties declare the key legal and factual issues in this case are:

1. Whether the actions and inactions by the Defendant Officers were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence, including whether the shooting was excessive and unreasonable;
2. Whether the shooting and alleged use of excessive force against Plaintiff resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
3. Whether the Defendant Officers unreasonably denied medical care to Plaintiff;
4. Whether the City of San Bernardino has unconstitutional policies, that were the cause of the Plaintiff's injuries;
5. Whether the Defendant Officers were negligent with respect to their handling of the situation, including the use of deadly force against Plaintiff and pre-shooting negligent tactics;
6. The nature and extent of Plaintiff's damages, including punitive damages.

As mentioned above, defendants will assert as affirmative defenses: (1) whether the individual officer defendants are entitled to qualified immunity; (2)

plaintiff's comparative negligence; and (3) whether plaintiff's criminal convictions bar any of his claims.

**D. PARTIES, EVIDENCE, ETC.**

The currently named parties are Plaintiff Renato Urena, Defendant City of San Bernardino, Defendant Jonathan Davalos, and Defendant Andres Estrella.

Plaintiff anticipates that the evidence he will use to support his claims will consist primarily of: the Defendant Officers' body-worn camera and dash-camera video recordings; the documents, photographs, forensic reports and/or materials generated and/or collected during the San Bernardino Police Department's investigation of the subject incident; the City of San Bernardino Police Department's policies and training procedures in effect at the time of the subject incident; the Defendant Officers' training and disciplinary records; photographs of Plaintiff's injuries; and expert testimony.

Defendants state that relevant witnesses include plaintiff, the involved officers, additional officers that responded to the scene, officers and detectives that investigated the shooting, paramedics and doctors that treated plaintiff, and expert witnesses to be determined later. Relevant evidence includes the body cam recordings of Officers Estrella and Davalos (and possibly other officers), police reports, dispatch audio recordings, photographs, SBPD Use of Force policies; pleadings from plaintiff's pending criminal proceeding; and plaintiff's medical records, psychological records, law enforcement records, etc.

**E. DAMAGES**

Plaintiff claims general and special compensatory damages related to his physical injuries suffered as a result of the subject incident, and punitive damages against the Defendant Officers. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiff asserts that a realistic range of his provable damages will be based on further discovery, further medical treatment and evaluation, and expert testimony. At this time, Plaintiff estimates his damages to be in excess of $5 million,

including for humiliation.

Defendants do not have sufficient information at this time to estimate potential damages. Defendants deny all liability and wrongdoing for any and all of plaintiff's claims.

**F. INSURANCE**

Defendant City of San Bernardino is a self-insured public entity per California Government Code § 990.

**G. MOTIONS**

Plaintiff anticipates bringing motions *in limine* should this case proceed to trial.

Defendants intend to file a motion for summary judgment as to each of plaintiff's claims, as well as motions in limine.

**H. MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**I. STATUS OF DISCOVERY**

The parties have not completed any discovery as of the time of the drafting of this report.

**J. DISCOVERY PLAN**

The parties' counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties are not requesting any changes to the limitation discovery imposed under the FRCP or Local Rules at this time. The parties do not anticipate any issues concerning the disclosures or discovery of electronically stored information. The parties' counsel agree that no changes should be made as to discovery as it is governed by law or the Local Rules.

Plaintiff anticipates promptly propounding written discovery on Defendants, including a request for production seeking the materials pertaining to Defendant

City's investigation into the subject incident. Plaintiff also anticipates deposing the Defendant Officers, other responding San Bernardino Police Department officers, and Defendants' retained experts. Plaintiff may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Plaintiff, any witnesses to the incident as identified in Defendants' discovery production, the person(s) most knowledgeable regarding Defendant City's and the San Bernardino Police Department's policies and procedures pertaining to the use of force, and the detectives and/or criminalists who participated in the investigation of the incident.

Plaintiff believes that subjects on which discovery may be needed include: the Defendant Officers' training; the Defendant Officers' prior uses of force, if any, including any citizens' or internal complaints made against the Defendant Officers; Defendant City's and the San Bernardino Police Department's policies with regards to use of force complaints; Defendant City's and the San Bernardino Police Department's policies with regards to when deadly force may be used; the handling of evidence by employees of Defendant City and the San Bernardino Police Department; medical treatment provided to Plaintiff at the scene of the incident; and testimony of witnesses and involved San Bernardino Police Department officers regarding the facts of the shooting incident and the County's investigation into the incident.

Defendants intend to promptly propound written discovery and subpoena relevant records, including medical records. Defendant intends to take the depositions of the plaintiff, treating physicians, and possibly other witnesses. Additionally, defendants anticipate retaining various consultants and expert witnesses to testify on the issues of liability, causation, and damages.

**K. DISCOVERY CUT-OFF**

The parties propose a discovery cut-off date of November 17, 2025.

**L. EXPERT DISCOVERY**

The parties propose an initial expert disclosure date of September 8, 2025.

The parties propose a rebuttal expert disclosure date of October 13, 2025.

**M. DISPOSITIVE MOTIONS**

Plaintiff requests a minimum of two (2) weeks to oppose any dispositive motion, such as a motion for summary judgment or summary adjudication, should one be filed by Defendants. Plaintiff proposes the following briefing schedule:

| | |
|---|---|
| Last Day to File Dispositive Motions: | 11/3/2025 |
| Last Day to File Oppositions to Dispositive Motions: | 11/17/2025 |
| Last Day to File Replies re Dispositive Motions: | 12/1/2025 |
| Last Day to Hear Dispositive Motions: | 12/15/2025 |

Defendants agree to a motion hearing cut-off of 12/15/2025, but propose that briefing be set per the Local Rules.

**N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

No settlement discussions have taken place at this time. The parties' counsel is amenable to using a mediator with the attorney settlement panel.

**O. TRIAL ESTIMATE**

The parties have requested trial by jury and estimate the length of the trial at approximately 5 court days after jury selection. The parties anticipate they will call approximately 15 witnesses at trial.

**P. TRIAL COUNSEL**

Dale K. Galipo will be lead trial counsel for the Plaintiff.

Steven J. Rothans will be lead trial counsel for Defendants City of San Bernardino, Jonathan Davalos, and Andres Estrella.

**Q. INDEPENDENT EXPERT OR MASTER**

The parties' counsel agree that neither a discovery master nor independent expert are needed for this lawsuit.

**R. TIMETABLE**

Please see attached proposed schedule of dates.

**S. OTHER ISSUES**

The parties do not believe there are any other issues to discuss at this time.

DATED: September 16, 2024         CARPENTER, ROTHANS & DUMONT LLP

By: *s/ Scott J. Carpenter*
STEVEN J. ROTHANS
SCOTT J. CARPENTER
*Attorneys for Defendants*,
CITY OF SAN BERNARDINO AND OFFICERS DAVALOS AND ESTRELLA

DATED: September 16, 2024         LAW OFFICES OF DALE K. GALIPO

By: *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiff*,
RENATO URENA