**STEVEN J. ROTHANS-State Bar No. 106579**
**SCOTT CARPENTER-State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
srothans@crdlaw.com / scarpenter@crdlaw.com

Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually, | ) Case No. 5:24-cv-00341-JGB-ACCV |
| | ) |
| | ) **DEFENDANTS' OBJECTIONS TO** |
| | ) **PLAINTIFF'S FACTS &** |
| Plaintiff, | ) **EVIDENCE** |
| | ) |
| | ) [*Filed concurrently with Defendants'* |
| vs. | ) *Reply In Support Of MSJ*] |
| | ) |
| CITY OF SAN BERNARDINO, | ) Date: April 20, 2026 |
| JONATHAN DAVALOS, and | ) Time: 9:00 a.m. |
| ANDRES ESTRELLA, | ) Courtroom: 1 - Riverside |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

COME NOW Defendants City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees, and hereby submit the following Objections to Plaintiff's Facts and Evidence.

///

///

///

///

- 1 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| Pl.'s SUF No. | Fact | Defs' Objections | |
|---|---|---|---|
| | Background Information | | Defs' Objections |
| 47. | Prior to the incident, the officers had never seen Mr. Urena before and had no knowledge of whether Mr. Urena had a criminal history.<br>Ex. C (Estrella Depo.) at 12:4-12; Ex. D (Davalos Depo.) at 38:1-19. | Immaterial / Irrelevant.  FRE 401.  Compound. | |
| 48. | The officers had no information that Mr. Urena had injured anyone, threatened anyone, or committed any violent crime.<br>Ex. C (Estrella Depo.) at 63:17-25; Ex. D (Davalos Depo.) at 38:1-19. | Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Compound. | |
| 49. | The officers had no information that Mr. Urena was the subject of the tip or the registered owner of the car, and the officers had no | Immaterial / Irrelevant.  FRE 401.  Compound. | |

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | photograph of the driver of the Nissan and no license plate number for the Nissan. | |
| 50. | The officers had no information that Mr. Urena was affiliated with any gang.<br>Ex. D (Davalos Depo.) at 38:16-19. | Immaterial / Irrelevant.  FRE 401. |
| 51. | Mr. Urena was in the area driving to see his son after visiting a who was suffering from cancer.<br>Ex. A (Urena Depo.) at 35:12-36:5, 37:6-38:14. | Immaterial / Irrelevant.  FRE 401.<br>Prejudicial.  FRE 403. |
| The Foot Pursuit and the Shooting | | Defs' Response |
| 52. | The officers made a poor tactical decision when they pursued Mr. Urena on foot without cover when they had information that he may be armed.<br>Bryce Decl. at ¶ 16. | Immaterial / Irrelevant.  FRE 401.<br>Prejudicial.  FRE 403.<br>Additionally and specifically, as to ¶ 16 of the Bryce Declaration:<br>Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir. 2002) (plaintiff cannot avoid summary judgment "by simply producing an expert's report that an officer's conduct leading up to a deadly |

- 3 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | | confrontation was imprudent, inappropriate, or even reckless"). Speculative, conjectural, and lacks foundation. Fed. R. Evid. 602, 701, 703; <u>see</u> <u>Nevada Power Co. v. Monsanto Co.</u>, 891 F. Supp. 1406, 1415 (D. Nev. 1995) ("[S]peculative testimony about how another might have acted without personal knowledge is not admissible as evidence"). Unsupported by the record. |
| 53. | Police officers are trained that if they are in a foot pursuit, following someone with a gun, they should try to take cover, create distance, and call for backup. Ex. C (Estrella Depo.) at 17:6-13; Bryce Decl. at ¶ 16. | Immaterial / Irrelevant. FRE 401. Prejudicial. FRE 403. Additionally and specifically, as to ¶ 16 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; <u>see</u> <u>Billington</u>, 292 F.3d at 1189. Speculative, conjectural, and lacks foundation. Fed. R. Evid. 602, 701, 703; <u>see</u> <u>Nevada Power</u>, 891 F. Supp. at 1415. Unsupported by the record. |
| 54. | Police officers are trained that if they are in a foot pursuit, following someone with a gun, they should try to set up containment or a perimeter with the | Immaterial / Irrelevant. FRE 401. Prejudicial. FRE 403. Additionally and specifically, as to ¶ 16 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; <u>see</u> <u>Billington</u>, 292 F.3d |

- 4 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | assistance of backup officers. Ex. C (Estrella Depo.) at 17:14-18:15; Bryce Decl. at ¶ 16. | at 1189. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. Unsupported by the record. |
| 55. | At the time that the officers claim they first saw a gun on Urena's person, they did not take cover, yell out "gun" or notify dispatch that they were chasing someone that they believed had a gun. Ex. C (Estrella Depo.) at 16:17-17:5, 30:23-25;; Ex. D (Davalos Depo.) at 47:23-48:6, 48:19-22, 77:25-78:12; Def. Ex. 4 (Davalos BWC Video) at 0:40 – 1:05; Def. Ex. 5 (Estrella BWC Video) at 0:44 – 1:08; Bryce Decl. at ¶ 16. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Additionally and specifically, as to ¶ 16 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. Unsupported by the record. |
| 56. | Under the facts of this case and pursuant to police standards and training, it would have been | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Vague and overbroad. Additionally and specifically, as to ¶ 4 of the |

- 5 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | | |
|---|---|---|---|
| | | inappropriate for the officers to shoot at Mr. Urena for fleeing or for running away, even with a gun in his hand. Bryce Decl. at ¶ 4; Ex. C (Estrella Depo.) at 63:2-7; Ex. D (Davalos Depo.) at 18:1-10, 20:4-8, 36:25-37:4, 39:19-22; 49:11-15, 97:17-20, 99:12-21. | Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. |
| | 57. | Police officers, including Officers Davalos and Estrella, are trained that seeing a gun in a suspect's hand is not a sufficient justification to use deadly force against that suspect. Bryce Decl. at ¶ 6; Ex. C (Estrella Depo.) at 63:2-7; Ex. D (Davalos Depo.) at 18:1-6, 20:4-8, 36:25-37:4, 97:17-20, 99:12-21. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Additionally and specifically, as to ¶ 6 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Improper new expert opinion not in Rule 26 report.  FRE 26 & 37; Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). Unsupported by the record. |

- 6 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | | |
|---|---|---|---|
| | | | Contradicted by the record.  Scott v. Harris, 550 U.S. 372, 381 (U.S. 2007) (courts must "view[] the facts in the light depicted by the videotape" and not adopt facts "contradicted by the record"). |
| | 58. | Police officers, including Officers Davalos and Estrella, are trained that they cannot justify shooting a person for running away, even if the person has a gun.<br>Ex. C (Estrella Depo.) at 63:2-7; Ex. D (Davalos Depo.) at 18:7-10, 20:4-8, 36:25-37:4, 39:19-22, 49:11-15; Bryce Decl. at ¶ 4. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Vague and overbroad.<br>Additionally and specifically, as to ¶ 4 of the Bryce Declaration:<br>Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. |
| | 59. | Mr. Urena never pointed the gun at the officers and never turned toward the officers with the gun in his hand at any time.<br>Ex. A (Urena Depo.) at 57:19-24, 58:23-59:17, 107:19-21; Ex. C (Estrella Depo.) at 32:11-13, 44:24- | Prejudicial.  FRE 403.  Blatantly contradicted by the record.  Scott, 550 U.S. at 381.<br>Additionally and specifically, as to ¶ 6 of the Bryce Declaration:<br>Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.<br>Improper new expert opinion.  FRE 26 & |

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | 45:4, 61:25-62:4, 67:3-69:25; Def. Ex. 4 (Davalos BWC Video) 0:40 – 1:05; Def. Ex. 5 (Estrella BWC Video) at 0:44 – 1:08; Ex. B (Held Depo.) at 19:16-21, 38:18-21. | 37; Yeti, 259 F.3d at 1106. Unsupported by the record. |
| 60. | It was inappropriate for the officers to believe that Mr. Urena went to the ground to gain a position of advantage. Bryce Decl. at ¶ 9. | Prejudicial.  FRE 403.  Blatantly contradicted by the record.  Scott, 550 U.S. at 381. Additionally and specifically, as to ¶ 9 of the Bryce Declaration: Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. Unsupported by the record. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 61. | A reasonable interpretation of Urena going to the ground is that he went to the ground to surrender, particularly when viewed in conjunction with the fact | Prejudicial, misstates testimony.  FRE 403. Blatantly contradicted by the record.  Scott, 550 U.S. at 381. Additionally and specifically, as to ¶ 9 of the Bryce Declaration: Legal conclusion / improper expert opinion. |

- 8 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | that Urena tossed the gun over the fence.<br>Bryce Decl. at ¶ 9. | Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.<br>Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106.<br>Unsupported by the record.<br>Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 62. | All of the shots were fired when Mr. Urena was on the ground.<br>Ex. B (Held Depo.) at 25:16-24, 27:9-18, 33:16-19; Ex. C (Estrella Depo.) at 42:3-5, 42:24-43:8, 49:19-22, 50:6-8, 62:9-15, 65:4-10; Ex. D (Davalos Depo.) at 40:18-41:1, 66:15-21; Def. Ex. 4 (Davalos BWC Video) at 0:57 – 1:05; Def. Ex. 5 (Estrella BWC Video) at 1:00 – 1:08; Bryce Decl. at ¶ 8. | Immaterial / Irrelevant.  FRE 401.<br>Prejudicial.  FRE 403.<br>Additionally and specifically, as to ¶ 8 of the Bryce Declaration:<br>Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.<br>Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106.<br>Unsupported by the record and misstates testimony.<br>Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 63. | When Officer Estrella paused to reassess during the shooting sequence, he | Immaterial / Irrelevant.  FRE 401.<br>Prejudicial.  FRE 403.<br>Additionally and specifically, as to ¶ 12 of |

- 9 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | was aware that Mr. Urena was on the ground. Ex. C (Estrella Depo.) at 62:9-15; Bryce Decl. at ¶ 12. | the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.  Vague and overbroad. Misstates testimony. Unsupported by the record and misstates testimony. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 64. | Mr. Urena testified that he had already thrown the gun over the fence before any shots were fired. Ex. A (Urena Depo.) at 54:18-55:9, 56:12-57:18, 57:9-59:17, 61:20-62:2, 100:4-9, 104:20-105:3, 107:15-18, 108:3-10, 109:12-22, 110:14-19, 111:10-14. | Immaterial / Irrelevant.  FRE 401. Prejudicial and misstates testimony.  FRE 403.  Blatantly contradicted by the record. Scott, 550 U.S. at 381. |
| 65. | It would be inappropriate for the officers to shoot Mr. Urena for tossing the gun. Bryce Decl. at ¶ 7. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Additionally and specifically, as to ¶ 7 of the Bryce Declaration: Legal conclusion / improper expert opinion. |

- 10 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | | |
|---|---|---|---|
| | | | Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.  Vague and overbroad.  Misstates testimony.  Unsupported by the record and misstates testimony.  Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106.  Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 66. | Based on their experience as police officers, Davalos and Estrella knew that when a subject is running with a gun, the subject might try to toss the gun because they do not want to get caught with a gun.  Ex. C (Estrella Depo.) at 20:3-13; Ex. D (Davalos Depo.) at 18:13-20, 19:6-8; Bryce Decl. at ¶ 11. | | Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Additionally and specifically, as to ¶ 11 of the Bryce Declaration:  Vague and overbroad and unsupported by the record, including as to supposed situational awareness training.  Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.  Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106.  Contradicted by the record.  Scott, 550 U.S. at 381.  Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power Co., 891 F. Supp. at 1415. |

- 11 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| 67. | Pursuant to police training on situational awareness, a reasonable officer in the position of Estrella and Davalos would have seen that Mr. Urena tossed the gun, when they had an unobstructed view a short distance behind Mr. Urena. Bryce Decl. at ¶ 11. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Additionally and specifically, as to ¶ 11 of the Bryce Declaration: Vague, overbroad and unsupported by the record.  Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. Contradicted by the record.  Scott, 550 U.S. at 381. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power Co., 891 F. Supp. at 1415. |
| 68. | Even according to Defendants' expert Mr. Held, at least 34 shots were shots were fired after Mr. Urena discarded the gun. Ex. B (Held Depo.) at 27:9-18, 33:16-19, 34:13-18, 35:25-36:19, 41:20-42:5; Bryce Decl. at ¶ 7. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. Additionally and specifically, as to ¶ 7 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.  Vague and overbroad. Misstates testimony. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. Unsupported by the record and misstates testimony. |

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | | Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; <u>see</u> <u>Nevada Power</u>, 891 F. Supp. at 1415. |
| 69. | Defendants' expert Brady Held testified that the gun is visible only in Officer Davalos' BWC video and only for only approximately 1/6 of one second. Ex. B (Held Depo.) at 20:18-24, 26:14-24, 31:23-32:8. | |
| 70. | Mr. Held testified that, based on the video, the first shot was fired approximately 1/15 of one second before Mr. Urena began to throw the gun over the fence. Ex. B (Held Depo.) at 27:9-18, 30:19-23, 32:21-33:10, 33:20-34:18, 35:25-36:19, 41:8-19. | |
| 71. | Mr. Held testified that, based on the video, and the second shot was fired when the gun was leaving Mr. | |

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | Urena's hand or was in the air.<br>Ex. B (Held Depo.) at 27:9-18, 32:21-33:10, 33:20-34:18, 35:25-36:19, 41:8-19. | |
| 72. | Police officers are trained that they must reassess when they are firing shots. Bryce Decl. at ¶ 12. | Immaterial / Irrelevant.  FRE 401.<br>Prejudicial.  FRE 403.<br>Additionally and specifically, as to ¶ 12 of the Bryce Declaration:<br>Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.  Vague and overbroad.<br>Misstates testimony.<br>Unsupported by the record and misstates testimony.<br>Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 73. | A reasonably well-trained police officer in the position of Officer Davalos and Officer Estrella would have reassessed multiple times during the shooting sequence and would have recognized that Mr. Urena | Prejudicial.  FRE 403.<br>Additionally and specifically, as to ¶ 12 of the Bryce Declaration:<br>Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.  Vague and overbroad.<br>Misstates testimony.<br>Unsupported by the record and misstates |

- 14 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

|  | | |
|---|---|---|
|  | was unarmed during at least 34 or 35 of the shots. Bryce Decl. at ¶ 12. | testimony. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 74. | Officers Estrella and Davalos were looking at Mr. Urena's hands during the time that they were firing the shots. Ex. C (Estrella Depo.) at 51:1-4; Ex. D (Davalos Depo.) at 64:4-22. | Prejudicial, misstates testimony.  FRE 403. |
| 75. | Neither Officer Davalos nor Officer Estrella saw a gun in Mr. Urena's hand after Mr. Urena went to the ground. Ex. C (Estrella Depo.) at 43:16-20, 65:15-66:1; Ex. D (Davalos Depo.) at 62:15-11-63:8, 64:23-65:6, 66:21, 81:15-19, 96:1-5. | FRE 401.  Prejudicial, misstates testimony. FRE 403. |
| 76. | It was inappropriate for the officers to believe that Mr. Urena was in a shooting position when he was on | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403.  Blatantly contradicted by the record.  Scott, 550 U.S. at 381. |

- 15 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | | |
|---|---|---|---|
| | | the ground. Bryce Decl. at ¶ 9. | Additionally and specifically, as to ¶ 9 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Improper new expert opinion. FRE 26 & 37; Yeti, 259 F.3d at 1106. Unsupported by the record. Speculative, conjectural, and lacks foundation. Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| | 77. | Mr. Urena testified that when he was on the ground in the field, his hands were on the ground. Ex. A (Urena Depo.) at 62:3-11. | Immaterial / Irrelevant. FRE 401. Prejudicial. FRE 403. Blatantly contradicted by the record. Scott, 550 U.S. at 381. |
| | 78. | Officer Estrella specifically testified he did not have any visual obstructions when firing his shots, he never saw a gun pointed at him after Mr. Urena went to the ground, and when he paused to reassess during the shooting sequence, he was aware that Mr. Urena | Compound. Prejudicial, misstates testimony. FRE 403. Contradicted by the record. Scott, 550 U.S. at 381. |

- 16 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | was on the ground. Ex. C (Estrella Depo.) at 32:11-13, 50:16-25, 62:9-15. | |
| 79. | The Officers may have engaged in "reactionary shooting" or "contagious fire," given number of shots that were fired (36), and particularly given the number of shots that were fired when Mr. Urena was unarmed and on the ground. Bryce Decl. at ¶ 15. | Prejudicial.  FRE 403. Additionally and specifically, as to ¶ 15 of the Bryce Declaration: Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Unsupported by the record. Vague, overbroad, and unsupported by the record. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. |
| 80. | Neither officer ever gave Mr. Urena the command "drop it." Ex. C (Estrella Depo.) at 28:18-19, 37:1-5, 52:11-16; Ex. D (Davalos Depo.) at 48:23-25, 94:6-9; Def. Ex. 4 (Davalos BWC Video) at 0:40 – 1:05; Def. Ex. 5 | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. |

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | (Estrella BWC Video) at 0:44 – 1:08. | |
| 81. | The officers did not give any commands during the shooting sequence. Ex. D (Davalos Depo.) at 69:5-7. | Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403. |
| 82. | Police officers are trained to give a verbal warning prior to using deadly force, when feasible. Ex. C (Estrella Depo.) at 64:5-7; Bryce Decl. at ¶ 3i. | Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Vague and overbroad. |
| 83. | Officer Estrella did not give Mr. Urena a verbal warning that he was prepared to use deadly force before shooting him. Ex. C (Estrella Depo.) at 37:1-5; Def. Ex. 5 (Estrella BWC Video) at 0:44 – 1:08. | Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403. |
| | After the Shooting | Defs' Objections |
| 84. | After the shooting, Officers Davalos and Estrella looked for the gun in the immediate vicinity of Mr. | |

- 18 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | | |
|---|---|---|---|
| | | Urena, and they did not locate a gun. Ex. C (Estrella Depo.) at 48:5-13; Ex. D (Davalos Depo.) at 75:11-15, 76:6-8, 88:7-9; (Estrella BWC Video) at 4:57 – 5:05. | |
| | 85. | After the shooting, the gun was found in a holster, on the other side of the fence. Ex. C (Estrella Depo.) at 24:12-25:1; Ex. E (photo of gun); Bryce Decl. at ¶ 13. | As to ¶ 13 of the Bryce Decl.:   Compound. Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403.  Vague, overbroad, unsupported by the record, and contradicted by the record.  Assumes facts not in evidence.  Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. Unsupported by the record and outside the scope of the witness's expertise. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. |
| | 86. | The officers agree that in order for the gun to have ended up over the fence, Mr. Urena would have had to have tossed it over the fence. Ex. C (Estrella Depo.) at | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403.  Calls for speculation and lacks foundation.  FRE 602 and 701. |

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | 47:7-11, 48:5-13. | |
| 87. | The officers did not see Mr. Urena toss a gun after they shot him. Ex. D (Davalos Depo.) at 75:19-24. | |
| 88. | Officer Davalos did not tell anyone at the scene that Mr. Urena had pointed a gun at him. Ex. D (Davalos Depo.) at 75:4-6. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403. |
| **Police Standards and Training** | | **Defs' Objections** |
| 89. | Basic police training and standards instruct that deadly force should only be used on the basis of an objectively reasonable belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. Ex. D (Davalos Depo.) at 98:4-7; Bryce Decl. at ¶ 3a. | |
| 90. | Police officers are trained that a threat of death or | |

- 20 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | serious bodily injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. Ex. C (Estrella Depo.) at 62:19-63:1; Ex. D (Davalos Depo.) at 98:4-20; Bryce Decl. at ¶ 3b. | |
| 91. | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. Bryce Decl. at ¶ 3b. | . |

- 21 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| 92. | Pursuant to police training and standards, a subjective fear is insufficient to justify the use of deadly force. Bryce Decl. at ¶ 3c. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403.  Vague and overbroad. |
|---|---|---|
| 93. | Police officers are trained with respect to situational awareness. Bryce Decl. at ¶ 11. | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403.  Vague and overbroad. Specifically, as to ¶ 11 of the Bryce Declaration: Vague and overbroad and unsupported by the record, including as to supposed situational awareness training.  Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. Contradicted by the record.  Scott, 550 U.S. at 381. Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power Co., 891 F. Supp. at 1415. |
| 94. | Police officers are trained to focus on the suspect's hands, particularly if the officer believes that the | Immaterial / Irrelevant.  FRE 401. Prejudicial.  FRE 403.  Vague and overbroad. Specifically, as to ¶ 11 of the Bryce |

- 22 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | suspect is armed. Bryce Decl. at ¶ 11. | Declaration: Vague and overbroad and unsupported by the record, including as to supposed situational awareness training. Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Improper new expert opinion. FRE 26 & 37; Yeti, 259 F.3d at 1106. Contradicted by the record. Scott, 550 U.S. at 381. Speculative, conjectural, and lacks foundation. Fed. R. Evid. 602, 701, 703; see Nevada Power Co., 891 F. Supp. at 1415. |
| 95. | Basic police training teaches that that a suspect's failure to comply with officer commands alone is an insufficient basis for the use of deadly force. Bryce Decl. at ¶ 3d. | |
| 96. | Police officers are trained that deadly force should only be used when no reasonable alternative measures are available. Ex. C (Estrella Depo.) at | Immaterial / Irrelevant. FRE 401. Prejudicial. FRE 403. Vague and overbroad. |

- 23 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | 64:1-4; Bryce Decl. at ¶ 3h. | |
| 97. | Basic police training teaches that an overreaction in using deadly force is excessive force. Bryce Decl. at ¶¶ 15, 3g. | Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Vague and overbroad. |
| 98. | Police officers are trained that they are responsible for justifying every shot when they use deadly force. Ex. C (Estrella Depo.) at 64:11-13; Bryce Decl. at ¶ 3f. | Prejudicial to the extent it contradicts the law.  FRE 403.  Vague and overbroad. |
| **The Shooting Was Inappropriate and Contrary to Police Standards and Training** | | **Defs' Response** |
| 99. | From the standpoint of police practices, Officers Estrella's and Davalos' uses of deadly force were improper, inappropriate and contrary to POST standards and basic police training, including for the following reasons: (1) there was no "immediate defense of life" situation at the time of the shots; (2) a subjective fear | Compound.  Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Vague, overbroad, unsupported by the record, and contradicted by the record. Additionally and specifically, as to ¶ 17 of the Bryce Declaration: Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir. 2002) (plaintiff cannot avoid summary judgment "by simply producing an expert's report that an officer's conduct leading up to a deadly |

- 24 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

or fear of future harm is insufficient to justify the use of deadly force; (3) on Plaintiff's facts, Mr. Urena was unarmed during all of the shots, and according to Defendant's expert, Mr. Urena was unarmed during at least 34 of the shots; (4) all 36 shots were fired when Mr. Urena was on the ground; (5) a gun in the hand is insufficient to justify a use of deadly force, and Mr. Urena never pointed the gun at the officers and never turned toward the officers with the gun, and the gun was in a holster; (6) the officers could not justify shooting Mr. Urena for fleeing or running away with a gun in his hand; (7) Mr. Urena committed no crime involving the infliction of serious injury or death; (8)

confrontation was imprudent, inappropriate, or even reckless").

Speculative, conjectural, and lacks foundation. Fed. R. Evid. 602, 701, 703; see Nevada Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) ("[S]peculative testimony about how another might have acted without personal knowledge is not admissible as evidence"). Unsupported by the record and contradicted by the record.

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | |
|---|---|
| Mr. Urena made no verbal threats; (9) the officers had reasonable alternative measures rather than shooting; (10) the officers showed no reverence for human life when they shot Mr. Urena 36 times; (11) officers are responsible for justifying every shot, and none of the shots are justified, and certainly not the 34 or 35 shots fired while Urena was unarmed and on the ground; (12) given the number of shots, particularly the number of shots fired when Mr. Urena was unarmed and on the ground, this appears to be a case of contagious fire. Bryce Decl. at ¶ 17. | |
| Paragraph 5 of Bryce Decl.: "A reasonable police officer acting consistent with standard police practices and training would not have | Prejudicial. FRE 403. Vague, overbroad. Compound. Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. Speculative, conjectural, and lacks |

- 26 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | |
|---|---|
| used lethal force in this situation and would not have considered Mr. Urena to be an immediate lethal threat in this set of facts. At the time that Officers Estrella and Davalos fired their shots at Mr. Urena, Mr. Urena did not pose an immediate threat of death or serious bodily injury to the officers or to any person. Therefore, all of the shots fired by the Officers were inappropriate and contrary to basic police training, POST Learning Domain 20, and California Penal Code Section 835a, particularly because Mr. Urena was unarmed and on the ground for at least 34 of the 36 shots" | foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. Unsupported by the record and contradicted by the record. |
| Paragraph 10 of Bryce Decl.: The Officers' inconsistent statements regarding | Prejudicial.  FRE 403.  Vague, overbroad. Compound.  Legal conclusion / improper expert opinion.  Fed. R. Evid. 702; see Billington, 292 F.3d at 1189. |

- 27 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | |
|---|---|
| whether they actually observed a gun in Mr. Urena's hand when he was on the ground during the shooting places the Officers' credibility at issue, which must be determined by the Court or a jury. Officer Davalos stated in his initial interview: "He laid down himself on the ground . . . I saw him still with the gun and as I approached him, I saw him turn towards me, like looking at me with the gun in his right hand, at which point I opened fire." (Davalos Interview at 18:10-23). However, at his deposition, Officer Davalos admitted that he did not actually see a gun in Mr. Urena's hands when Mr. Urena was on the ground, and the video shows that Mr. Urena tossed the gun | Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415. Unsupported by the record and contradicted by the record. Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. Double hearsay as to the quoted officer interview.  FRE 802.  Authentication.  FRE 901.  Assumes facts not in evidence. |

- 28 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | | |
|---|---|---|
| | over the fence at the time of the first shot, assuming defense expert Mr. Held's analysis is correct. | |
| | Paragraph 13 of Bryce Decl.:<br>After the shooting, the gun was located some distance from Mr. Urena, on the other side of the fence, in a holster. The fact that the gun was in a holster indicates that even when Mr. Urena did have the gun in his hand, he would not have been able to fire any shots from the gun | Compound.  Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Vague, overbroad, unsupported by the record, and contradicted by the record.  Assumes facts not in evidence.  Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see Nevada Power, 891 F. Supp. at 1415.<br>Unsupported by the record and outside the scope of the witness's expertise.<br>Improper new expert opinion.  FRE 26 & 37; Yeti, 259 F.3d at 1106. |
| | Paragraph 14 of Bryce Decl.:<br>The Officers failed to consider reasonable alternative measures to shooting. Less-lethal options were available, including taking cover and waiting for backup. Police officers are trained to take | Compound.  Immaterial / Irrelevant.  FRE 401.  Prejudicial.  FRE 403.  Vague, overbroad, unsupported by the record, and contradicted by the record.  Assumes facts not in evidence.<br>Legal conclusion / improper expert opinion. Fed. R. Evid. 702; see Billington, 292 F.3d at 1189.<br>Speculative, conjectural, and lacks foundation.  Fed. R. Evid. 602, 701, 703; see |

- 29 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE

| | |
|---|---|
| cover, create distance, and call for backup if they see a gun in a suspect's hand. A reasonable police officer in the position of Davalos and Estrella would not have pursued Mr. Urena on foot without cover if they thought he had a gun. Rather than pursuing Mr. Urena on foot, the Officers should have set up a perimeter and containment, which could have been done with the assistance of backup officers | Nevada Power, 891 F. Supp. at 1415. |

DATED:  April 6, 2026          CARPENTER, ROTHANS & DUMONT LLP


                                  */s/  Scott J. Carpenter*

                        By:    _____

                               Steven J. Rothans
                               Scott J. Carpenter
                               Attorneys for Defendants

- 30 -

OBJECTIONS TO PLAINTIFF'S FACTS & EVIDENCE