**STEVEN J. ROTHANS – State Bar No. 106579**
**SCOTT J. CARPENTER – State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com / scarpenter@crdlaw.com**

Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually, | Case No. 5:24-cv-00341-JGB-ACCV |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO PRECLUDE PLAINTIFF FROM OFFERING ANY EXPERT OPINION OR TESTIMONY** |
| vs. | |
| CITY OF SAN BERNARDINO, JONATHAN DAVALOS, ANDRES ESTRELLA and DOES 1-10, inclusive, | **[Motion in Limine #1]** |
| Defendants. | Final Pre-Trial Conference: Date:   June 8, 2026 Time:   11:00 a.m. Courtroom:  1 - Riverside |
| | Trial:  June 23, 2026 |

PLEASE TAKE NOTICE THAT on June 8, 2026, at 11:00 a.m., or as soon thereafter as the matter may be called in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Third Floor, Riverside, California 92501, Defendants City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees, will and hereby do move the Court for an order excluding the plaintiff from, himself, offering any expert opinion or from himself testifying as an expert on the basis that he lacks the threshold credentials to serve as an expert under the Federal Rules of Evidence or Daubert, and where such

- 1 -
DEFENDANTS' MOTION IN LIMINE #1

"expert" testimony would confuse the jury.  See FED. R. EVID. 403, 702; Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

This motion is made following a pre-filing conference of counsel pursuant to Central District Local Rule 7-3 that took place in person on May 5, 2026.  See Carpenter Decl. ¶ 3.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

DATED: May 11, 2026                    CARPENTER, ROTHANS & DUMONT LLP

*/s/ Scott J. Carpenter*

By:  _____
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

- 2 -
DEFENDANTS' MOTION IN LIMINE #1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This civil case arises out of the non-fatal officer-involved shooting of Renato Alfonso Urena by City of San Bernardino Police Department ("SBPD") Officers Andres Estrella and Jonathan Davalos on February 10, 2023.

On February 10, 2023, SBPD Officers Andres Estrella and Jonathan Davalos were on patrol when they received a report of a male subject armed with a handgun driving a silver Nissan Versa nearby.  After locating the suspect Nissan, and observing various vehicle code violations, the officers attempted to conduct a traffic stop.  However, the driver (later identified as plaintiff Renato Urena) tried to evade officers, abandoned the Nissan, and fled on foot into a vacant lot.  Officers Estrella and Davalos pursued plaintiff on foot and observed plaintiff reaching for, and retrieving, a handgun.  After plaintiff went into tall, thick grass and shrubbery, and the officers observed plaintiff targeting with the gun, the officers fired in self-defense fearing that plaintiff was about to shoot them.

Should this case proceed to trial, defendants anticipate that plaintiff will attempt to testify as to his own physical and/or mental health conditions in support of his claims for non-economic damages.  In this motion, defendants seek to exclude introduction of any such testimony from plaintiff that would constitute medical expert opinion.  Because plaintiff is not a qualified expert in the medical field, and where such use of "expert" opinion presents a serious risk of confusing and prejudicing the jury, the defendants request that plaintiff be precluded from testifying in an expert capacity as to whether the officers' use of force was excessive, and as to the diagnosis and/or medical causation of any medical condition he claims to suffer or have suffered.

### II.    ARGUMENT

#### A.    Plaintiff Cannot Serve As His Own Expert.

Permitting the plaintiff to serve as an expert in his own civil suit in lieu of

- 3 -

non-disclosed expert witnesses would contravene the notions of a fair and impartial trial.

For expert witness testimony to be admitted, the following four elements must exist: (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact in understanding evidence or determining a fact issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.  FED. R. EVID. 702; see Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999) ("*Daubert* applies to expert testimony that might be characterized as based not upon 'scientific' knowledge, but rather upon 'technical' or 'other specialized' knowledge.").

The existence of sufficient facts and an ***objective methodology*** is in all instances mandatory for expert testimony.  See FED. RULES EVID. 702(b).  Indeed, "*Daubert* does not require a court to admit or to exclude evidence based on its persuasiveness; rather it requires a court to admit or exclude evidence based on its scientific reliability and relevance."  Ellis v. Costco Wholesale Corp., 657 F.3d 970, 982 (9th Cir. 2011).  "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."  Daubert 509 U.S. at 595.

As such, expert testimony is only reliable if it "signif[ies] something beyond 'subjective belief or unsupported speculation.'" Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., 87 F. Supp. 928, 939 (N.D. Cal. 2015) (quoting Daubert, 509 U.S. at 590).  "Maintaining *Daubert's* standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony."  Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1064-65 (9th Cir. 2002) *overruled on other grounds in* Estate of Barabin v. Asten Johnson, Inc., 740 F.3d 457 (9th Cir. 2014).

Here, defendants anticipate that plaintiff may attempt to testify or introduce evidence regarding the state of his health (both physical and mental), medical

- 4 -

DEFENDANTS' MOTION IN LIMINE #1

conditions he supposedly suffers from, any diagnosis he may have received, any supposed need for treatment or procedures, and the reasons and causes for any of his medical complaints.  For example, plaintiff has testified that he suffers from "depression" and sexual dysfunction in connection with the incident.  See Carpenter Decl. ¶ 5.

However, plaintiff cannot himself offer expert testimony as to medical diagnoses or medical causation.  As courts have held, a "Plaintiff cannot offer testimony diagnosing himself with any medical or mental condition or regarding the causation of any diagnoses or condition."  Gleason v. Franklin, 2022 WL 18399953, at *1 (C.D. Cal. Oct. 17, 2022) (citing Lillie v. ManTech Int'l Corp., 2018 WL 6323076, at *5 (C.D. Cal. Dec. 3, 2018) ("Rule 701 has been used to bar lay witnesses from testifying as to their opinion on causation where such a determination would require the experience of an expert.... Thus, to the extent that defendant seeks to exclude medical opinions as to the causation of plaintiff's alleged emotional distress and any diagnoses, the Court GRANTS defendant's motion [in limine].") and Sanchez v. Master Prof., LP, 2022 WL 2092995 , at *2 (C.D. Cal. May 4, 2022) ("Under Federal Rule of Evidence 701, Plaintiff cannot self-diagnose himself .... Such testimony would stray too far into matters of 'scientific, technical, or other specialized knowledge' prohibited by Rule 701. But that does not mean that Plaintiff cannot testify generally that he felt depressed, anxious, or sleep deprived.")).  Moreover, Mr. Urena has no specialized training regarding the fields of medicine or mental health.  There is no indication that he has received specialized education or any advanced degrees.  For these reasons alone, plaintiff should be precluded from offering testimony that would be considered expert testimony under Federal Rules of Evidence, Rule 702.

In addition, numerous courts have "held that testimony of expert witnesses whose compensation is contingent upon the outcome of the case must be excluded."  Straughter v. Raymond, 2011 WL 1789987, at *2 (C.D. Cal. May 9,

DEFENDANTS' MOTION IN LIMINE #1

2011).  Permitting plaintiff to testify as an expert in his own lawsuit would "fatally wound" any semblance of independent judgement or intellectual rigor—all primary concerns expressed in the Federal Rules of Evidence, Rules of Professional Conduct, and clear case law in this district and abroad.  For this additional reason, plaintiff should not be allowed to testify as an "expert" even if his testimony is offered as rebuttal evidence.

### B.    The Proffered Evidence Is More Prejudicial Than Probative.

Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403).  In Liew v. Official Receiver and Liquidator, 685 F. 2d 1192 (9th Cir. 1982), the Ninth Circuit held that trial courts have, "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal."

Citing to Ballou v. Henri Studios, 656 F.2d 1147 (5th Cir. 1981), the Advisory Committee note to Rule 403 noted: "Unfair prejudice is that which could lead the jury to make an **emotional** or **irrational** decision, or to use the evidence in a manner not permitted by the rules of evidence . . . "Unfair prejudice within the context of Rule 403 means an **undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one**."

The potential prejudicial effect of permitting plaintiff himself to introduce medical expert testimony is significant.  Allowing plaintiff to testify as his own expert would only serve to confuse and mislead the jury, given that jurors tent to take the word of an "expert," and plaintiff would be a primary participant in the very events that he may seek to give "objective" determinations upon.

### VI.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this

- 6 -

DEFENDANTS' MOTION IN LIMINE #1

Motion in Limine No. 1 be granted.

DATED: May 11, 2026                    CARPENTER, ROTHANS & DUMONT LLP

                                            */s/ Scott J. Carpenter*

                                       By: _____
                                            STEVEN J. ROTHANS
                                            SCOTT J. CARPENTER
                                            Attorneys for Defendants, City of San
                                            Bernardino, a public entity, and
                                            Officers Jonathan Davalos and Andres
                                            Estrella, public employees

DEFENDANTS' MOTION IN LIMINE #1

**<u>DECLARATION OF SCOTT J. CARPENTER</u>**

I, Scott J. Carpenter, declare that:

1.     I am an attorney, duly licensed to practice law before all of the courts in the State of California, and an attorney at the law firm of Carpenter, Rothans & Dumont, attorneys of record for defendants City of San Bernardino and Officer Davalos and Estrella in this matter.

2.     This declaration is made in support of the defendants Motion in Limine #1 -  to preclude plaintiff from offering any expert opinion or testimony - in the civil action entitled <u>Renato Urena v. City of San Bernardino, et al.</u>, bearing case number 5:24-cv-00341-JGB-ACCV.

3.     On May 5, 2026, counsel for the parties met and conferred via Zoom, to discuss trial documents, including the parties' respective motions in limine. The parties discussed this motion but were not able to come to a resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of May 2026, at Los Angeles, California.

*/s/ Scott J. Carpenter*

_____

Scott J. Carpenter – Declarant

- 8 -

DEFENDANTS' MOTION IN LIMINE #1