**STEVEN J. ROTHANS – State Bar No. 106579**
**SCOTT J. CARPENTER – State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com / scarpenter@crdlaw.com**

Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually, | Case No. 5:24-cv-00341-JGB-ACCV |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE INFLAMMATORY AND GORY PHOTOGRAPHS OF PLAINTIFF** |
| vs. | |
| CITY OF SAN BERNARDINO, JONATHAN DAVALOS, ANDRES ESTRELLA and DOES 1-10, inclusive, | **[Motion in Limine #2]** |
| Defendants. | Final Pre-Trial Conference: Date:   June 8, 2026 Time:  11:00 a.m. Courtroom:  1 - Riverside |
| | Trial:  June 23, 2026 |

PLEASE TAKE NOTICE THAT on June 8, 2026, at 11:00 a.m., or as soon thereafter as the matter may be called in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Third Floor, Riverside, California 92501, Defendants City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees, will and hereby do move the Court for an order precluding Plaintiff, their counsel and witnesses from presenting inflammatory, bloody, and gory photographs of plaintiff and/or his post-shooting injuries to the jury.  This motion is made on the grounds that graphic and bloody

- 1 -

photographs of plaintiff are not relevant under Federal Rules of Evidence, Rule 401, and that, under Rule 403, their "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury[.]"

This motion is made following a pre-filing conference of counsel pursuant to Central District Local Rule 7-3 that took place in person on May 5, 2026. See Carpenter Decl. ¶ 3.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

DATED: May 11, 2026                    CARPENTER, ROTHANS & DUMONT LLP

*/s/ Scott J. Carpenter*

By: _____
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

- 2 -

DEFENDANTS' MOTION IN LIMINE #2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This civil case arises out of the non-fatal officer-involved shooting of Renato Alfonso Urena by City of San Bernardino Police Department ("SBPD") Officers Andres Estrella and Jonathan Davalos on February 10, 2023.

On February 10, 2023, SBPD Officers Andres Estrella and Jonathan Davalos were on patrol when they received a report of a male subject armed with a handgun driving a silver Nissan Versa nearby. After locating the suspect Nissan, and observing various vehicle code violations, the officers attempted to conduct a traffic stop. However, the driver (later identified as plaintiff Renato Urena) tried to evade officers, abandoned the Nissan, and fled on foot into a vacant lot. Officers Estrella and Davalos pursued plaintiff on foot and observed plaintiff reaching for, and retrieving, a handgun. After plaintiff went into tall, thick grass and shrubbery, and the officers observed plaintiff targeting with the gun, the officers fired in self-defense fearing that plaintiff was about to shoot them.

Plaintiff was ultimately transported to Arrowhead Regional Medical Center, where he underwent surgery and was put into a medically induced coma. Around this time, and as part of SBPD's investigation into the shooting, photographs were taken of plaintiff, which depict bloody and gory images of plaintiff after the shooting. Examples of such photographs are filed concurrently herewith. See Ex. A. These graphic photographs that are not foundational to opinions on trajectory of bullets at the time of the shooting, and there is little to no probative value in admitting them. Their only purpose would be to inflame and invoke the emotions of the jury.

**II.     ARGUMENT**

**A.     The Graphic Photographs Are Not Relevant.**

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. United States v. Schaff, 948 F.2d 501 (9th Cir. 1991).

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

 Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008).  In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case."  Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?"  Id.

Defendants anticipate plaintiff will seek to introduce bloody and gory photos of himself in the hospital after the shooting.  Again, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."  Rule 401.  Here, it is undisputed that plaintiff sustained gunshot wounds.  There is no basis to permit such bloody and gory photographs, especially given that they are not foundational to assist any experts in testifying as to bullet trajectory and positioning of plaintiff to the officer defendants.

**B.      The Proffered Evidence Is More Prejudicial Than Probative.**

Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403).  In Liew v. Official Receiver and Liquidator, 685 F. 2d 1192 (9th Cir. 1982), the Ninth Circuit held that trial courts have, "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will

not be disturbed on appeal."

Citing to Ballou v. Henri Studios, 656 F.2d 1147 (5th Cir. 1981), the Advisory Committee note to Rule 403 noted: "Unfair prejudice is that which could lead the jury to make an **emotional** or **irrational** decision, or to use the evidence in a manner not permitted by the rules of evidence . . . "Unfair prejudice within the context of Rule 403 means an **undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one**."

Courts routinely exclude graphic photographs as being more prejudicial than probative. Chrysler v. City of West Covina, 1998 U.S. App. LEXIS 30993, at *6 (9th Cir. 1998); Jetton by & Through McKinley v. City of Downey, 1996 U.S. App. LEXIS 12251, at *5 (9th Cir. 1996); Destacamento Gonzalez v. City of Garden Grove, 2006 U.S. Dist. LEXIS 97148 (C.D. Cal. Dec. 4, 2006); Fernandez v. Leonard, 963 F.2d 459, 464 (1st Cir. 1992)).

In particular, courts have held that there is a strong possibility that photographs that show a party's injuries and wounds "will inflame the jury's sympathies and distract them from the relevant issues in dispute." Sanchez v. Jiles, 2012 WL 13005996 at *5 (C.D. Cal., 2012), referencing United States v. Hankey, 203 F.3d 1160 (9th Cir. 2000). In Hankey, the Ninth Circuit observed that the Advisory Committee Notes to FRE 403 provide that evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Hankey, 203 F.3d at 1172 (internal quotations omitted).

Here, no useful and proper purpose will be served by the submission of gruesome photographs of plaintiff's injuries following the subject incident. The only purpose of submitting these photographs would be to inflame the jurors against defendants. The probative value, if any, of gruesome photographs of plaintiff's injuries taken following the shooting is substantially outweighed by the prejudicial and inflammatory effect of such photographs. In addition to the

- 5 -

DEFENDANTS' MOTION IN LIMINE #2

increased danger of unfair prejudice caused by each additional gruesome photograph presented to the jury, the presentation of numerous gruesome photographs will become needlessly cumulative, adding very little to the probative force of the other evidence in this case and thereby delaying trial for no purpose. This is particularly true where plaintiff's damages can be established through other less inflammatory evidence, such as medical records and plaintiff's own testimony.

Thus, the Court should exclude inflammatory pictures of plaintiff's injuries taken following the subject incident.

## VI.   **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Motion in Limine No. 2 be granted.

DATED: May 11, 2026                CARPENTER, ROTHANS & DUMONT LLP

*/s/ Scott J. Carpenter*

By: _____
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

DEFENDANTS' MOTION IN LIMINE #2

### <u>DECLARATION OF SCOTT J. CARPENTER</u>

I, Scott J. Carpenter, declare that:

1.      I am an attorney, duly licensed to practice law before all of the courts in the State of California, and an attorney at the law firm of Carpenter, Rothans & Dumont, attorneys of record for defendants City of San Bernardino and Officer Davalos and Estrella in this matter.

2.      This declaration is made in support of the defendants Motion in Limine #2 - to preclude inflammatory photographs of plaintiff - in the civil action entitled <u>Renato Urena v. City of San Bernardino, et al.</u>, bearing case number 5:24-cv-00341-JGB-ACCV.

3.      On May 5, 2026, counsel for the parties met and conferred via Zoom, to discuss trial documents, including the parties' respective motions in limine. The parties discussed this motion but were not able to come to a resolution.

4.      Attached hereto as Exhibit "A" are true and correct copies of exemplar graphic and inflammatory photographs depicting plaintiff and his injuries after the shooting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of May 2026, at Los Angeles, California.

*/s/ Scott J. Carpenter*

_____

Scott J. Carpenter – Declarant

- 7 -

DEFENDANTS' MOTION IN LIMINE #2

# EXHIBIT "A"







