**STEVEN J. ROTHANS – State Bar No. 106579**
**SCOTT J. CARPENTER – State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **scarpenter@crdlaw.com**

Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually, | Case No.: 5:24-CV-02631-KK-SP |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR REFERENCE TO OTHER INCIDENTS OF ALLEGED POLICE MISCONDUCT** |
| vs. | |
| CITY OF SAN BERNARDINO, JONATHAN DAVALOS, ANDRES ESTRELLA and DOES 1-10, inclusive, | **[Motion in Limine #5]** |
| Defendants. | Final Pre-Trial Conference: Date:   June 8, 2026 Time:   11:00 a.m. Courtroom:  1 - Riverside |
| | Trial:  June 23, 2026 |

PLEASE TAKE NOTICE THAT on June 8, 2026, at 11:00 a.m., or as soon thereafter as the matter may be called in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Third Floor, Riverside, California 92501, Defendants City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees, will and hereby do move the Court for an order excluding any evidence, testimony or argument concerning other use of force incidents by Officers Davalos and/or Estrella, as well as other alleged instances of

- 1 -
DEFENDANTS' MOTION IN LIMINE #5

police misconduct.  Defendants seek exclusion of this evidence on the grounds that it lacks probative value, is substantially more prejudicial than probative, and, to the extent references any prior conduct on the part of the officer defendants, it constitutes nothing more than inadmissible character evidence.  See FED. R. EVID. 401, 403, 404.

This motion is made following a pre-filing conference of counsel pursuant to Central District Local Rule 7-3 that took place in person on May 5, 2026.  See Carpenter Decl. ¶ 3.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

DATED:  May 11, 2026     CARPENTER, ROTHANS & DUMONT LLP

/s/ *Scott J. Carpenter*

By: _____

Steven J. Rothans
Scott J. Carpenter
Attorneys for Defendants

DEFENDANTS' MOTION IN LIMINE #5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This civil case arises out of the non-fatal officer-involved shooting of Renato Alfonso Urena by City of San Bernardino Police Department ("SBPD") Officers Andres Estrella and Jonathan Davalos on February 10, 2023.

On February 10, 2023, SBPD Officers Andres Estrella and Jonathan Davalos were on patrol when they received a report of a male subject armed with a handgun driving a silver Nissan Versa nearby.  After locating the suspect Nissan, and observing various vehicle code violations, the officers attempted to conduct a traffic stop.  However, the driver (later identified as plaintiff Renato Urena) tried to evade officers, abandoned the Nissan, and fled on foot into a vacant lot.  Officers Estrella and Davalos pursued plaintiff on foot and observed plaintiff reaching for, and retrieving, a handgun.  After plaintiff went into tall, thick grass and shrubbery, and the officers observed plaintiff targeting with the gun, the officers fired in self-defense fearing that plaintiff was about to shoot them.

Defendants anticipate that at the trial of this case, plaintiff will attempt to introduce evidence, testimony or argument of other use of force incidents involving Officers Davalos and/or Estrella.  Defendants also anticipate that plaintiffs may attempt to offer evidence at trial related to other use of force incidents involving other SBPD officers, as well as possibly other high-profile police misconduct incidents (i.e., George Floyd (2020), Daunte Wright (2021), Eric Garner (2014), Michael Brown (2014), Tamir Rice (2014), Breonna Taylor (2020), and recent federal immigration incidents (2025-26), among others).

This type of evidence has no probative value to any issue remaining in the case (i.e. whether the officers used excessive and/or unreasonable force against plaintiff or whether the officers acted with a specific intent to violate plaintiff's civil rights), is highly prejudicial and inflammatory, and constitutes impermissible

DEFENDANTS' MOTION IN LIMINE #5

character evidence.  Therefore, defendants submit that all such above-mentioned evidence should be excluded from the trial of this case.

**III.   <u>ARGUMENT</u>**

      **A.   <u>This Evidence Is Irrelevant In This Case.</u>**

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible.  <u>United States v. Schaff</u>, 948 F.2d 501 (9th Cir. 1991).  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  <u>See</u> FED. R. EVID. Rule 401.

      A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .

<u>Sprint/United Mgmt. Co. v. Mendelsohn</u>, 552 U.S. 379, 384 (2008).  In doing so, the court must look to the "relation between an item of evidence and a matter properly provable in the case."  FED. R. EVID. Rule 401, Adv. Comm. Note.  Indeed, the court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?"  <u>Id.</u>

      Here, the central issue to be tried is whether the officer defendants' use of force was objectively reasonable under the totality of the circumstances.  Accordingly, evidence of, reference to, or comparison of this case to any prior use of force incident is irrelevant.  Such evidence would not have any tendency to make the existence of any fact that is of consequence to the determination of this lawsuit more probable or less probable than it would be without the evidence.  Other SBPD incidents, or other high-profile police misconduct cases, are similarly irrelevant.

      Courts have routinely held that prior officer behavior does not bear on the

- 2 -

DEFENDANTS' MOTION IN LIMINE #5

issues of the reasonableness of the officer's conduct in excessive force actions. See, e.g., Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) (officer's "past conduct did not bear on" "whether, objectively, his use of force had been excessive"); Barber v. Cnty. of San Bernardino, 2026 WL 76305, at *2 (C.D. Cal. Jan. 7, 2026) (Kato, J.) ("deputies' prior or subsequent use of excessive force is irrelevant to [deputy's] individual liability"); Lopez v. Aitken, 2011 WL 672798, at *1 (S.D. Cal. Feb. 18, 2011) (excluding evidence of defendant officer's prior shooting incident); Allen v. City of L.A., 2012 U.S. Dist. LEXIS 65775, at *9 (C.D. Cal. May 7, 2012) (other bad acts "evidence is only relevant to potential Monell issues."); Engman v. City of Ontario, 2011 WL 2463178, at *2 (C.D. Cal. June 20, 2011) ("[E]vidence of prior incidents involving the defendant officers is [generally] not admissible for the purpose of proving liability against the officers."); see also Conan v. City of Fontana, 2017 WL 8941499, at *5 (C.D. Cal. Oct. 6, 2017) (Kato, J.) (no showing that officer's two prior shooting incidents "would be relevant to [plaintiffs'] claims").

Moreover, alleged misconduct of other SBPD officers and other high-profile police misconduct allegations are entirely irrelevant to whether Officers Davalos and/or Estrella used excessive force.  There is simply no basis to introduce evidence regarding the conduct of other officers and other incidents that do not relate to the February 10, 2023 incident.

**B.**  **<u>Any Evidence Related To Other Alleged Wrongs By The Officer Defendants Is Inadmissible Character Evidence.</u>**

Federal Rules of Evidence, Rule 404 provides that, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).  As aptly stated by the Sixth Circuit in United Stated v. Phillips, 599 F.2d 134 (6th Cir. 1979): "Two concerns are expressed by the first sentence of Rule 404(b): (1) that the jury may convict a 'bad man' who deserves to

- 3 -

be punished—not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes, he probably committed the crime charged." Id. at 136.

Moreover, "prior bad acts" in the context of Rule 404 are not limited to criminal acts; rather, the rule applies broadly to "wrongs or acts." See United States v. Senak, 527 F.2d 129, 143 (7th Cir. 1975) ("[T]he criminality of other acts does not affect their admissibility; either they are relevant or they are not, in which case they are rejected; and they only bearing of their having the quality of criminality is that the undue prejudice involved in acts which are crimes is another reason for excluding them.").

In excessive force cases, courts often exclude evidence of a peace officer's prior instances of alleged misconduct as inadmissible character evidence under Rule 404(b). See Gates, 993 F.2d at 700 (upholding the exclusion of evidence as to whether a police officer had shot anyone previously under 404(b)); Duran v. City of Maywood, 221 F.3d 1127, 1133 (9th Cir. 2000) (upholding exclusion of other officer shooting); Gleason v. Franklin, 2022 WL 18399949, at *1 (C.D. Cal. Oct. 17, 2022) ("Evidence of other lawsuits, claims or incidents alleging misconduct against Defendant is inadmissible character evidence.").

In Segura v. City of Reno, 116 F.R.D. 42 (D. Nev. 1987), the court opined that prior instances of officer misconduct were inadmissible:

> This sort of 'past conduct' evidence is not admissible in federal courts, with very narrow exceptions. FED. R. EVID. 404(b). It further appears that the documents are not likely to lead to admissible evidence. The liability of the individual police officer arises out of this particular incident. Evidence of other similar incidents could only show a propensity for excessive use of force. This is the sort of 'conduct in conformity with character' evidence which § 404(b) prohibits. Id. at 44.

- 4 -
DEFENDANTS' MOTION IN LIMINE #5

To the extent plaintiff were to offer evidence of other instances of alleged police misconduct, it would be solely for the express purpose of establishing that the officer defendants actually engaged in the acts underlying those allegations. See Willingham v. City of San Leandro, 368 Fed. App'x 845, 847 (9th Cir. Mar. 3, 2010) (holding that evidence of a police officer's earlier alleged misconduct was not admissible in a § 1983 action); Sibrian v. City of Los Angeles, 288 Fed. App'x 385, 387 (9th Cir. Aug. 1, 2008) (district court acted within its discretion in excluding evidence of prior excessive force complaints against a police officer); MacGregor v. Collins, 160 Fed. App'x 573, 574 (9th Cir. Dec. 19, 2005) (prior citizen complaints against a law enforcement officer were both irrelevant and unduly prejudicial in an action alleging the use of excessive force).

### C.    The Evidence Is Substantially More Prejudicial than Probative.

Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See FED. R. EVID. 403.  In Liew v. Official Receiver and Liquidator, 685 F. 2d 1192 (9th Cir. 1982), the Ninth Circuit held that trial courts have, "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal."

Citing to Ballou v. Henri Studios, 656 F.2d 1147 (5th Cir. 1981), the Advisory Committee note to Rule 403 states:

Unfair prejudice is that which could lead the jury to make an **emotional** or **irrational decision**, or to use the evidence in a manner not permitted by the rules of evidence . . . "unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.  Virtually all evidence is prejudicial or it isn't material . . . **Unfair prejudice within the context of Rule 403 means an**

- 5 -

**undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.**" FED. R. EVID. 403, Adv. Comm. Note (citing Ballou, 656 F.2d 1147 (emphasis added)). The admission of evidence that is so inflammatory and irrelevant can, under some circumstances, constitute reversible error. See Brandom v. United States, 431 F.2d 1391 (7th Cir. 1970).

As discussed above, the evidence at issue in this motion lacks any probative value to the issues remaining to be tried in this action and, to the extent it relates to allegations regarding the past conduct of the officer defendants, it constitutes improper character evidence.

In contrast, the potential prejudicial effect of the introduction of such evidence is very high. Admitting the evidence would create the potential of juror confusion, in that the jury may take into account other alleged misconduct by the officer defendants when determining whether they used excessive force on February 10, 2023. Admission of this evidence also would unduly consume the court's time, in that the defendants would be required to present witnesses relative to each other "wrong," including wasting time admitting evidence and testimony related to any prior incidents. Essentially, allowing admission of the evidence would necessitate mini-trials within this trial for each of the other alleged "wrongs." See Duran, 221 F.3d at 1133 (upholding district court's exclusion of evidence of prior shootings on ground that excessive consumption of court time would create an undue prejudice). Even worse, evidence of any prior incidents would improperly paint Officers Davalos and Estrella in a negative light, thereby inflaming the passions of, and biasing, the jury.

The incident in this case, and the officer defendants' use of force, deserves to be considered on its own facts, not based on the purported character of the officer defendants or any other use of force incidents. Because of this very real danger of unfair prejudice, especially when weighed against the absence of any

- 6 -
DEFENDANTS' MOTION IN LIMINE #5

probative value, the defendants respectfully request that evidence of any other alleged use of force incidents or other alleged police "wrongs" be excluded from the trial of this matter.

## IV.   **CONCLUSION**

Based upon the foregoing, defendants respectfully request that the Court issue an order precluding plaintiffs from introducing evidence of prior use of force incidents or other alleged misconduct by Officers Davalos and/or Estrella or other police officers.

DATED:  May 11, 2026     CARPENTER, ROTHANS & DUMONT LLP

/s/ *Scott J. Carpenter*
By:   _____
      Steven J. Rothans
      Scott J. Carpenter
      Attorneys for Defendants

DEFENDANTS' MOTION IN LIMINE #5

**<u>DECLARATION OF SCOTT J. CARPENTER</u>**

I, Scott J. Carpenter, declare that:

1.      I am an attorney, duly licensed to practice law before all of the courts in the State of California, and an attorney at the law firm of Carpenter, Rothans & Dumont, attorneys of record for defendants City of San Bernardino and Officer Davalos and Estrella in this matter.

2.      This declaration is made in support of the defendants Motion in Limine #1 - to preclude evidence of other incidents of alleged police misconduct - in the civil action entitled <u>Renato Urena v. City of San Bernardino, et al.</u>, bearing case number 5:24-cv-00341-JGB-ACCV.

3.      On May 5, 2026, counsel for the parties met and conferred via Zoom, to discuss trial documents, including the parties' respective motions in limine. The parties discussed this motion but were not able to come to a resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of May 2026, at Los Angeles, California.


*/s/ Scott J. Carpenter*

_____

Scott J. Carpenter – Declarant

- 1 -
DECLARATION OF SCOTT J. CARPENTER