LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, JONATHAN DAVALOS, ANDRES ESTRELLA,<br><br>Defendants. | Case No.: 5:24-cv-00341-JGB-SHK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE THE DISTRICT ATTORNEY'S CONCLUSIONS AND THE CITY OF SAN BERNARDINO'S FINDINGS**<br><br>FPTC:       6/8/2026<br>Time:        11:00 a.m.<br>Crtrm:      1<br><br>Trial:        6/23/2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff hereby moves *in limine* for an order excluding the following:

(1) Any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that the shooting of Renato Urena by Officers Jonathan Davalos and Andres Estrella was justified, reasonable, and/or not criminal;

(2) Any evidence, testimony, argument, or reference at trial to the District Attorney's decision not to press charges against Officers Jonathan Davalos

i

and Andres Estrella, including any reference (whether implicit or explicit) to the fact that the District Attorney reviewed the shooting incident;

(3) The District Attorney's report itself;

(4) Any evidence, testimony, argument, or reference at trial to any findings by the City of San Bernardino (or any other agency) that the shooting of Mr. Urena by Officers Jonathan Davalos and Andres Estrella was reasonable, justified, within policy, and/or did not require any discipline or retraining.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case.  This Motion is also made on the grounds that the District Attorneys' conclusions, including the District Attorney's report or letter, as well as the City's findings with respect to the shooting, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

**Statement of Local Rule 7-3 Compliance**:  This Motion is made following a conference of counsel during which no resolution could be reached. Plaintiff's counsel Renee V. Masongsong met and conferred with defense counsel Scott Carpenter via written correspondence and Zoom between May 4, 2026, and May 5, 2026.

Dated: May 11, 2026

LAW OFFICES OF DALE K. GALIPO

By:  *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, Renato Urena

ii

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    <u>INTRODUCTION</u>

By way of this Motion, Plaintiff seeks to exclude any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that the use of deadly force against Plaintiff Renato Urena by Officers Jonathan Davalos and Andres Estrella was any of the following: (1) not criminal; (2) reasonable; and/or (3) justified.  Plaintiff further seeks to exclude any evidence, testimony, argument or reference at trial to the District Attorney's decision not to press charges against Officers Davalos and Estrella, as well as the District Attorney's report itself.  Also by way of this Motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference at trial to the City of San Bernardino's findings[1] (if any) that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified.  Along these lines, Plaintiff also seeks to exclude any evidence or argument that Officers Davalos and Estrella were not disciplined or required to undergo any retraining relating to their conduct during the shooting incident.

This Motion *in Limine* is based on several independent rationales.  First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case.  Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time.  Further, such evidence would be unduly prejudicial to Plaintiff under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence.  Third, this Motion is also made on the grounds that the District Attorney's written conclusions and Public Information Release Memorandum, as well as the City's findings are hearsay for which there is no exception under Federal

[1] This Motion also applies to any similar "in policy" findings by any other agency, including but not limited to the County of San Bernardino Sheriff's Department.

1

Rules of Evidence, Rules 801 and 802.

## II.    ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible.  Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant.  *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").  This includes the post-shooting findings of the County of San Bernardino, as well as the conclusions of the District Attorney.  At trial, the jury must determine whether Officers Davalos and Estrella used unreasonable force and was negligent when they shot Mr. Urena.  To determine whether the shooting was lawful, the jury will be asked to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Urena] posed an immediate threat [of death or serious bodily injury] to [Officers Davalos and Estrella] or others."  Ninth Circuit Manual of Model Jury Instructions, No. 9.27.

What the City investigators/City of San Bernardino Police Department and/or the District Attorney purport to determine or conclude *ex post facto* about the reasonableness of the shooting does not bear on any disputed fact or on any element of any claim or defense in this case.  Indeed, the subsequent findings of the Cinty, as well as the subsequent conclusions of the District Attorney, are in no way probative of the factual circumstances confronting Officers Davalos and Estrella at the time of the shooting incident.  Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Urena's rights under federal and state

law.  Because evidence of the City's findings[2] and the District Attorney's conclusions are not probative of any fact of consequence to the determination of the action, this evidence should be excluded. This includes the City's decision not to discipline or retrain Officers Davalos and Estrella for their conduct during the shooting incident.

This evidence is also irrelevant because Plaintiff has dismissed his *Monell* claims.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

Even if the foregoing evidence had some speculative probative value, which Plaintiff contends it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time.  The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law.  The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided.  The danger presented by this kind of testimony is acute.  Determining the reasonableness of Officers Davalos' and Estrella's actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the City/Department, as well as the conclusions of the District Attorney.  On the basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the evidence presented at trial and the law and the jury instructions, and

---

[2] Plaintiff's understanding is that Defendants have not produced any documents describing the City's findings. As such, any potential late-disclosed documentation of the City's findings as to whether the use of force was "in policy" should also be excluded because they were not produced during discovery. Further, Plaintiff's counsel's understanding following the conference of counsel on this issue is that it is unclear whether the even City made or released any findings as to whether the shooting was found to be "within policy."

3

instead decide that the shooting of Mr. Urena was justified simply because an authority figure already purported to have determined that the shooting was justified.  The jury might feel bound to abide by the conclusions of the District Attorney and/or the findings of the City/Police Department rather than reaching its own independent conclusions based on all of the evidence.

Moreover, the District Attorney's office makes a finding with an eye toward criminal prosecution.  This review and determination is based on a criminal "beyond a reasonable doubt" standard, as opposed to the civil "preponderance of the evidence" standard that is applicable in this case.  Therefore, informing the jury that the District Attorney reviewed this shooting and opted not to criminally prosecute Officers Davalos and Estrella will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability.  In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against Officers Davalos and Estrella.  When balanced against the substantial risk that the District Attorney's conclusions or the findings of the City may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. This Evidence Is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's written determination—including the San Bernardino District Attorney's February 25, 2025 OIS Report, the District Attorney's March 26, 2024 Public Release Memorandum, and the City's written findings (if any)—that the shooting was "justified," "within policy," "lawful," and/or "not criminal" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802.  "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated.

4

Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the County's findings and District Attorney's conclusions themselves are hearsay if offered at trial to prove that Officers Davalos and Estrella's conduct was reasonable. If documentation of the findings and/or conclusions are proffered at trial, such as the District Attorney's report or letter, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting, the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the District Attorney's report and the City's/Department's internal investigation reports contain a host of inadmissible evidence that this Court may order excluded based on Plaintiff's other motions *in limine*. Accordingly, Plaintiff contends that such written determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

## III.    CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding these post-shooting conclusions and findings.

Respectfully submitted,

Dated: May 11, 2026                  LAW OFFICES OF DALE K. GALIPO

                                     By:   s/ Renee V. Masongsong
                                           Dale K. Galipo
                                           Renee V. Masongsong
                                           Attorneys for Plaintiff, Renato Urena

5