LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually,<br><br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, JONATHAN DAVALOS, ANDRES ESTRELLA,<br><br>Defendants. | Case No.: 5:24-cv-00341-JGB-SHK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF RENATO URENA'S DRUG AND/OR ALCOHOL USE**<br><br>FPTC:      6/8/2026<br>Time:      11:00 a.m.<br>Crtrm:      1<br><br>Trial:      6/23/2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff hereby moves *in limine* for an order excluding the following:

PLEASE TAKE NOTICE that Plaintiff hereby moves *in limine* for an order excluding any evidence of Plaintiff Renato Urena's drug and/or alcohol use, including but not limited to: (1) Mr. Urena's criminal history relating to his drug use and/or possession; (2) medical records indicating the presence of amphetamine, cocaine, opiate, marijuana, and fentanyl at the time of the shooting; (3) any hearsay statements regarding Mr. Urena's drug and/or alcohol use (at any time) contained in any medical records or police reports; (4) any testimony by any party, including by

i

Mr. Urena or any expert, regarding Mr. Urena's drug and/or alcohol use at any time; (5) drug needles and paraphernalia found on Mr. Urena's person after the shooting, including scene photographs thereof.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case.  This Motion is also made on the grounds that any medical records and police reports containing this information are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.  This Motion is also made on the grounds that any testimony by Mr. Urena regarding his drug use would violate Mr. Urena's Fifth Amendment right against self-incrimination.

**Statement of Local Rule 7-3 Compliance**:  This Motion is made following a conference of counsel during which no resolution could be reached. Plaintiff's counsel Renee V. Masongsong met and conferred with defense counsel Scott Carpenter via written correspondence and Zoom between May 4, 2026, and May 5, 2026.

Dated: May 11, 2026                         LAW OFFICES OF DALE K. GALIPO

                                            By:  *s/ Renee V. Masongsong*
                                                 Dale K. Galipo
                                                 Renee V. Masongsong
                                                 Attorneys for Plaintiff, Renato Urena

PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OR REFERENCES TO PLAINTIFF'S DRUG AND ALCOHOL USE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case arises out of the non-fatal shooting of Renato Urena by San Bernardino Police Officers Jonathan Davalos and Andres Estrella.  The key issue in this case is whether Officers Davalos and Estrella's use of deadly force against Mr. Urena was excessive and unreasonable.  It is well settled that information unknown to the involved officers at the time of the shooting incident is irrelevant to the determination of whether a reasonable officer in the position of Officers Davalos and Estrella would have had an objectively reasonable belief that there was an immediate threat of death or serious bodily injury at the time of the shots.  There is no indication that Officers Davalos and Estrella had any information that Mr. Urena was under the influence of drugs or alcohol at the time of the shooting. At the time of the incident, the officers had never seen Mr. Urena before, and they had no information about his drug use or criminal history of drug offenses. (*See* Estrella Depo. at 12:4-12; Davalos Depo. at 38:1-19; Dkt. 28-7, 28-8).  Nonetheless, Plaintiff anticipates that Defendants will attempt to introduce evidence of Mr. Urena's drug and/or alcohol use at trial, including information that amphetamine, cocaine, opiate, marijuana, and fentanyl was present in his system when he was taken to the hospital after the shooting.

Therefore, to avoid prejudice to Plaintiff and to streamline the evidence only to that which is relevant, Plaintiff seeks to exclude any evidence of, reference to, or argument regarding Plaintiff Renato Urena's drug and/or alcohol use, including but not limited to: (1) Mr. Urena's criminal history relating to his drug use and/or possession; (2) medical records indicating the presence of amphetamine, cocaine, opiate, marijuana, and fentanyl at the time of the shooting; (3) any hearsay statements regarding Mr. Urena's drug and/or alcohol use (at any time) contained in any medical records or police reports; (4) any testimony by any party, including by Mr. Urena or any expert regarding Mr. Urena's drug and/or alcohol use at any time

1

(including prior to the shooting and after the shooting); (5) drug needles and paraphernalia found on Mr. Urena's person after the shooting, including scene photographs thereof. This evidence has no bearing on whether the shooting was excessive and unreasonable and only serves to detract the jury from the key issue in the case and paint Mr. Urena as undeserving of redress for his serious physical injuries caused by the shooting.  Further, any argument that the drugs in Mr. Urena's system had caused Mr. Urena to act a certain way during the incident is purely speculative, as Defendants have not retained any expert to make any opinions about Mr. Urena's drug use speficially, or about the levels of drugs in his system at the time of the shooting.  Defendants' experts also do not make any specific opinions that Mr. Urena's drug and/or alcohol use after the shooting had any affect on his recovery from these physical injuries.

Plaintiff seeks to exclude the foregoing evidence on the following grounds: First, this evidence is irrelevant pursuant to Federal Rules of Evidence ("FRE"), Rules 401 and 402, because this evidence is immaterial to the issues to be decided by the jury, as it was unknown to Officers Davalos and Estrella at the time of the shooting.  Second, this evidence should be excluded under FRE 403 on the grounds that it would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time.  Further, such evidence would be unduly prejudicial to Plaintiff under FRE 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence.  Third, this evidence constitutes improper character evidence under FRE 404.  Fourth, any testimony by Mr. Urena regarding his drug use would violate Mr. Urena's Fifth Amendment right against self-incrimination. Finally, any reports containing this evidence constitute hearsay for which there is no exception under FRE 801, 802.

## II.    ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under FRE 402.

FRE 402 states in part that evidence which is not relevant is not admissible.

2

Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011) (noting district court's decision that the plaintiff's "criminal history and possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

Evidence of Mr. Urena's drug use is irrelevant to whether it was objectively reasonable for Officers Davalos and Estrella to use deadly force against Mr. Urena. The jury must evaluate the decision to use deadly force based on what a reasonable officer at the time would have perceived. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Use of subsequent test results is the very essence of "20/20 hindsight" vision. Officers Davalos and Estrella testified at their depositions that at the time of the shooting, they had never seen Mr. Urena before and had no information about his criminal history, which would include his history of drug offenses. (*See* Estrella Depo. at 12:4-12; Davalos Depo. at 38:1-19; Dkt. 28-7, 28-8). Obviously, Officers Davalos and Estrella could not have known the results of the toxicology screening at the time of the shooting. The post-shooting drug evidence also does not help to resolve any disputed factual issue. The central dispute in this case is whether Mr. Urena posed an immediate threat of death or serious bodily injury to Officers Davalos and Estrella at the time of the shooting. Mr. Urena's drug use does not help resolve this dispute. Officers Davalos and Estrella do not claim to have shot Mr. Urena because he thought he was under the influence.

3

Further, although Defendants retained expert Dr. Vilke discusses Mr. Urena's drug use prior to the shooting in the context of Mr. Urena's pain and suffering, no party has retained any expert to examine the level of drugs in Mr. Urena's system, or to discuss the impact of Mr. Urena's drug use on his conduct during the incident. Therefore, any argument that Officers Davalos and Estrella's version of the events is more likely to be true because Mr. Urena had some level of drugs in his system, or that Mr. Urena acted a certain way because he used drugs prior to the incident, is purely speculative. Along these lines, Defendants retained medical experts do not make any opinions about the impact of Mr. Urena's drug use on his physical injuries relating to the shooting or his recovery from these injuries.

**B. This Evidence Is Unduly Prejudicial and Should be Excluded Under FRE 403.**

It is axiomatic that evidence of drug or alcohol use has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, is nil. Accordingly, this evidence should be excluded under FRE 403. FRE 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Evidence of drug use can only serve to unjustly inflame a jury's passions and prejudices against Mr. Urena and is highly likely to mislead the jury into reaching a verdict that reflects its consideration of Mr. Urena's drug use to justify the use of force or limit Mr. Urena's damages on an improper basis. *See Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an

4

excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under FRE 403 and stating, "In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society"); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming district court's ruling that barred "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff on October 22, 2011 would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler v. City of Fresno*, 2008 WL 2954179, at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial because not known by Defendants); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of heroin . . . are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness.").

Admission of drug evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Refuting the inferences that Defendants may attempt to raise regarding Mr. Urena's drug use will necessitate a mini trial on

5

collateral issues.  Here, Mr. Urena has a history of drug offenses, including a recent charge for HS §11377(a)-M (possess dangerous drug/controlled substances). This charge was dismissed in the interest of justice, which is an example of how explaining this criminal procedural history of Mr. Urena's drug offenses would be confusing to the jury.  Additional drug offenses include: a 1999 misdemeanor conviction for possession of a controlled substance; a 2005 felony conviction for possession of a controlled substance; a 2015 conviction for possession of drugs or alcohol in prison. This history is highly likely to inflame the jury's prejudices against Mr. Urena.

Similarly, evidence of Mr. Urena's drug use in the years leading up to the shooting would also be confusing and unnecessarily consume Court time.  For example, Mr. Urena testified at his deposition that he was taking a prescription drug to prevent him from taking opiates, and medical records indicate that Mr. Urena may have become addicted to opiates in the past because he was initially prescribed opiates for a back injury.  Plaintiff anticipates that Defendants will attempt to portray Mr. Urena as a serial street drug user, which would put Plaintiff in the position of explaining why he was using drugs in the first place and explaining his efforts to stop using drugs.  Mr. Urena's drug use is not an issue in this case, and this Court should prevent Defendants from attempting to make it an issue in the case.

Mr. Urena's toxicology from the day of the shooting would also cause confusion to the jury and may be misleading.  It is unclear when Mr. Urena consumed drugs relative to the incident.  Mr. Urena testified at his deposition that he hadn't had any alcohol or drugs in the 24 hours before being contacted by the officers, other than marijuana.  Defendants have retained no medical expert to discuss when Mr. Urena consumed the drugs that appeared in the toxicology screening after the shooting.  This is an additional layer of prejudice with respect to the drug evidence, and it would be a waste of Court time for Plaintiff to refute

6

Defendants assertions that Mr. Urena took these drugs at a certain time.

### C. This Evidence Constitutes Impermissible Character Evidence Under FRE 404

FRE 404(a) provides that "Evidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."  Under FRE 404, evidence of drug use cannot be used to show Mr. Urena's character or that he acted or would have acted in conformity with any negative character trait in the future.  *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . .").  Lurking behind Defendants' anticipated argument about Mr. Urena's drug and/or alcohol use is an impermissible inference about his character—that people who use drugs are bad, Mr. Urena had illegal drugs in his system at the time of the shooting and previously was previously convicted of drug offenses, therefore he is a bad person.  Because evidence of drug use requires an inference of Mr. Urena's character to make it relevant, it should alternatively be excluded on this ground.  Moreover, Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not admissible in a civil rights case."  *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993).  Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002).  Accordingly, this evidence should alternatively be excluded under Rule 404.

### D. This Evidence Is Hearsay Under FRE 801 and 802.

Finally, any reports containing this information, including medical records, the District Attorney's Memorandum, defense expert Gary Vilke's Rule 26 Report, and police reports, constitute hearsay under FRE 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a

7

hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Accordingly, any documents containing information regarding Mr. Urena's drug and/or alcohol use would be hearsay and should also be excluded on this ground.

**III.   CONCLUSION**

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding any evidence of Mr. Urena's drug and/or alcohol use in any form.

Respectfully submitted,

Dated: May 11, 2026

LAW OFFICES OF DALE K. GALIPO

By:  *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, Renato Urena