**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENATO URENA, | Case No. 5:24-cv-00341-JGB-SHK |
| Plaintiff, | *Assigned to*: |
| vs. | Hon. District Judge Jesus G. Bernal<br>Hon. Mag. Judge Shashi H. Kewalramani |
| CITY OF SAN BERNARDINO; JONATHAN DAVALOS; ANDRES ESTRELLA, | **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** |
| Defendants. | |

1

# **TABLE OF CONTENTS**

1.  THE PARTIES AND PLEADINGS ..............................................................3

2.  JURISDICTION .........................................................................................3

3.  TRIAL DURATION ....................................................................................3

4.  JURY TRIAL ..............................................................................................3

5.  ADMITTED FACTS ....................................................................................4

6.  STIPULATED FACTS .................................................................................4

7.  PARTIES' CLAIMS AND DEFENSES.........................................................4

8.  REMAINING TRIABLE ISSUES...............................................................10

9.  DISCOVERY .............................................................................................11

10. DISCLOSURES AND EXHIBIT LIST........................................................11

11. WITNESS LISTS .......................................................................................12

12. MOTIONS IN LIMINE..............................................................................12

13. OTHER PRETRIAL MOTIONS .................................................................13

14. BIFURCATION .........................................................................................13

15. ADMISSIONS............................................................................................13

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## 1. THE PARTIES AND PLEADINGS

The Plaintiff is Renato Urena.

The Defendants are the City of San Bernardino, Andres Estrella, and Jonathan Davalos.

Each of these parties has been served and has appeared. The pleadings which raise the issues are: Plaintiff's Complaint (ECF No. 1) and Defendants' Answer to Plaintiff's Complaint (ECF No. 11).

## 2. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), as those claims arise out of the same occurrence as Plaintiff's claim for excessive force under 42 U.S.C. § 1983 and the Fourth Amendment. Venue is proper in this Court under 28 U.S.C. § 1441(a) and 1446.

## 3. TRIAL DURATION

The trial is estimated to take 6-7 court days.

## 4. JURY TRIAL

The trial is to be a jury trial.

Plaintiff and Defendants are filing one set of agreed-upon jury instructions and one set of disputed jury instructions concurrently herewith. The Parties have filed their proposed verdict forms.

5.    **ADMITTED FACTS**

The following facts are admitted and require no proof:

1.  This incident occurred on February 10, 2023.

2.  Renato Urena was struck by shots during this incident.

3.  Officers Andres Estrella and Jonathan Davalos are and were at the time of the incident employees of the City of San Bernardino, specifically employed as police officers for the City of San Bernardino Police Department.

4.  At the time of this incident, Officers Andres Estrella and Jonathan Davalos were acting in the course and scope of their employment with the City of San Bernardino.

5.  At the time of this incident, Officers Andres Estrella and Jonathan Davalos were acting under color of law.

6.    **STIPULATED FACTS**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts."

7.    **PARTIES' CLAIMS AND DEFENSES**

**Plaintiff's Claims:**

a.  **Plaintiff plans to pursue the following claims against Defendants:**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
  Plaintiff contends that Jonathan Davalos and Andres Estrella used excessive force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. The shooting also violated basic police training with respect to shooting at vehicles and their drivers. Plaintiff Renato Urena brings this claim against Jonathan Davalos and Andres Estrella. Plaintiff seeks compensatory damages for his injuries, including for his disability,

impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 2: Battery by a Peace Officer (Deadly Force)**

  Plaintiff contends that Jonathan Davalos and Andres Estrella, while acting in the course and scope of their employment as City of San Bernardino police officers, used unreasonable deadly force when they shot Plaintiff at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person.  Plaintiff Renato Urena brings this claim against Jonathan Davalos, Andres Estrella and the City of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim.  The City of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 3: Negligent Use of Deadly Force by a Peace Officer**

  Plaintiff contends that Jonathan Davalos and Andres Estrella, while acting in the course and scope of their employment as City of San Bernardino police officers, were negligent in using deadly force and in their pre-shooting tactics. Plaintiff Renato Urena brings this claim against Jonathan Davalos, Andres Estrella and the City of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs

of future medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The City of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 4: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

  Plaintiff contends that Andres Estrella and Jonathan Davaols deprived him of his constitutional rights when he used excessive deadly force against him.  Plaintiff Renato Urena brings this claim against Jonathan Davalos, Andres Estrella and the City of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees, including a multiplier pursuant to Cal. Civ. Code §52 et seq., under this claim. The City of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

b.  **Elements Required to Establish Plaintiff's Claims**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

  1.  Jonathan Davalos and/or Andres Estrella acted under color of law (stipulated);

  2.  Jonathan Davalos and/or Andres Estrella used excessive force against Plaintiff Renato Urena;

  3.  The excessive force was a cause of injury, damage, or harm to Plaintiff Renato Urena.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.27 (2017 Ed., March 2026 update); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

- **Claim 2: Battery by a Peace Officer (Deadly Force)**

  1.  Jonathan Davalos and/or Andres Estrella used deadly force against

6

Plaintiff Renato Urena;

2. The use of deadly force by Jonathan Davalos and/or Andres Estrella was not necessary to defend human life;

3. Renato Urena was injured;

4. The use of deadly force by Jonathan Davalos and/or Andres Estrella was a cause of injury, harm or damage to Plaintiff Renato Urena.

*See* CACI 1305B (2025 Ed.).

- **Claim 3: Negligent Use of Deadly Force by a Peace Officer**

  1. Jonathan Davalos and/or Andres Estrella used deadly force against Plaintiff Renato Urena;

  2. The use of deadly force by Jonathan Davalos and/or Andres Estrella was negligent;

  3. Renato Urena was injured;

  4. The use of deadly force by Jonathan Davalos and/or Andres Estrella was a cause of injury, harm or damage to Plaintiff Renato Urena.

CACI 441 (2025 Ed.); *Hayes v. City of San Diego*, 57 Cal. 4th 622, 629 (2013).

- **Claim 4: Violation of Bane Act (Cal. Civ. Code § 52.1)**

  1. Jonathan Davalos and/or Andres Estrella used excessive force against Plaintiff Renato Urena;

  2. Jonathan Davalos and/or Andres Estrella intended to violate Plaintiff Renato Urena's rights by demonstrating a reckless disregard for Plaintiff Renato Urena's constitutional right to be free from excessive force;

  3. The use of excessive force was a cause of injury, damage, or harm to Plaintiff Renato Urena.

*See Reese v. City of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and City of San Francisco*, 17 Cal. App. 5th 766, 801-802

7

(2017)).

## c. Brief Description of the Key Evidence in Support of Each of the Claims

*The following evidence is applicable to each of Plaintiff's claims:*

1. Testimony by the following individuals:

    a. Renato Urena (Plaintiff)

    b. Andres Estrella (Defendant)

    c. Jonathan Davalos (Defendant)

    d. Richard Bryce (Plaintiff's police practices expert)

    e. Dr. Bennet Omalu, MD (Plaintiff's medical expert)

    f. Dr. Roberto Contreras (Plaintiff's LCP expert)

    g. Justin Rosander (Plaintiff's video expert)

    h. Firefighter/Paramedics Anthony Cordova, Andrew Bonhus, and/or Nate Buckner

    i. Plaintiff Renato Urena's treating physicians

2. BWC videos

3. Still shots from the BWC videos

4. Frame by frame of BWC videos

5. Multi-cam video enhanced by Plaintiff's video expert

6. Initial interview of Jonathan Davalos, with transcript

7. Initial interview of Andres Estrella, with transcript

8. Scene Photographs

9. Photographs of the officers

10. Photographs of Plaintiff Renato Urena's injuries caused by the shooting

11. Relevant Medical records regarding Mr. Urena's injuries from the shooting

12. Fire department records

13. Relevant portions of POST LD 20

**Defendants' Contentions RE: Plaintiff's Claims:**

Defendants contend that Officers Davalos and Estrella use of force on February 10, 2023 was in self-defense and objectively reasonable under the totality of circumstances, and also that plaintiff's criminal and unlawful conduct caused his injuries.

In brief, the key evidence in support of defendants' contentions includes: testimony by Officers Davalos and Estrella as to their observations and perceptions during the events precipitating the shooting, including that plaintiff fled from a lawful traffic stop, retrieved a firearm, went into a position of concealment and then had made a harrowing gesture that as if targeting the officers just before the shooting; testimony of the SBPD investigators concerning their collection and analysis of the evidence pertaining to the shooting (i.e., physical evidence located at the scene of the shooting and witness statements pertaining to the shooting), officers' body worn camera footage and screen stills of the video footage, SBPD dispatch records and recordings, photographs of the scene of the shooting and the handgun Renato Urena had possessed at the time of the shooting, DNA testing of the handgun found at the scene, medical records pertaining to Renato Urena, criminal and jail records pertaining to Renato Urena, and expert witness reports and testimony.

Defendants plan to pursue the following affirmative defenses:

**Defendants' Affirmative Defenses:**

First Affirmative Defense:  Qualified Immunity

1.    Whether Defendants' alleged conduct violated a constitutional right.

2.    If a constitutional right was violated, whether the constitutional right was "clearly established."

Second Affirmative Defense:  Qualified Immunities (state)

1.    Cal. Gov. Code, § 815.2(b):  If the employee is immune from liability, Defendant City of San Bernardino also is immune from liability;

2.    Cal. Gov. Code, § 820.2: An employee of Defendant City of San

9

Bernardino was exercising the discretion vested in him/her.

3. Cal. Gov. Code, § 820.8: An employee of Defendant City of San Bernardino cannot be held liable for an injury caused by the act or omission of another person.

4. Cal. Gov. Code § 821.6: A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Third Affirmative Defense:  Self-Defense/Defense of Others.

1. That Officers Jonathan Davalos and/or Andres Estrella reasonably believed that Renato Urena was going to harm them or others.

2. That Officers Jonathan Davalos and/or Andres Estrella used only the amount of force that was reasonably necessary to protect themselves or others.

Fourth Affirmative Defense:  Contributory Negligence by Plaintiff.

1. That Renato Urena was negligent.

2. That Renato Urena's negligence was a substantial factor in causing his harm.

Fifth Defense:  Failure to Mitigate Damages.

1. That the Renato Urena failed to use reasonable efforts to mitigate damages.

2. The amount by which damages would have been mitigated with reasonable efforts.

**8.   REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Jonathan Davalos and/or Andres Estrella used excessive force against Plaintiff Renato Urena under 42 U.S.C. 1983 and the Fourth Amendment.

2. Whether Jonathan Davalos and/or Andres Estrella used unreasonable deadly force under state law, constituting a battery.

3. Whether Jonathan Davalos and/or Andres Estrella were negligent with respect to their conduct toward Plaintiff Renato Urena during the incident, including the negligent use of deadly force and pre-shooting negligence.

4. Whether Jonathan Davalos and/or Andres Estrella violated the Bane Act.

5. Whether Plaintiff was comparatively negligent with respect to his conduct during the incident.

6. The nature and extent of Plaintiff's damages.

7. Whether Plaintiff is entitled to punitive damages.

**9. DISCOVERY**

Discovery is complete, with the exception that Defendants have not yet produced the report by their doctor who conducted the IME of Mr. Urena, if any. The Parties are also working together to schedule the deposition of Defendants' retained LCP expert.

**10. DISCLOSURES AND EXHIBIT LIST**

All disclosures required under FED. R. CIV. P. 26(a)(3) have been made, with the exception that Defendants have not yet produced the report by their doctor who conducted the IME of Mr. Urena, if any.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

//

11

## 11.   WITNESS LISTS

The witness lists of the parties have been filed under separate cover as required by L.R. 16-5.

Only the witnesses identified on these lists will be permitted to testify (other than solely for impeachment).

## 12.   MOTIONS IN LIMINE

The following motions *in limine* have been filed with the Court:

1. Plaintiff's Motion *in Limine* No. 1 to Exclude Renato Urena's Criminal Record.

2. Plaintiff's Motion *in Limine* No. 2 to Exclude the District Attorney's Conclusions and the City's "In-Policy" Findings.

3. Plaintiff's Motion *in Limine* No. 3 to Exclude Renato Urena's Drug and/or Alcohol Use.

4. Defendants' Motion *in Limine* No. 1 to Preclude Plaintiff From Offering Any Expert Opinion or Testimony.

5. Defendants' Motion *in Limine* No. 2 to Exclude Inflammatory and Gory Photographs of Plaintiff.

6. Defendant's Motion *in Limine* No. 3 to Exclude certain opinions by Plaintiff's Expert Richard Bryce.

7. Defendant's Motion *in Limine* No. 4 to Exclude certain opinions by Plaintiff's Expert Dr. Bennet Omalu.

8. Defendants' Motion *in Limine* No. 5 to Exclude Other Incidents of Alleged Police Misconduct.

No other motions *in limine* are pending or contemplated.

//

12

## 13.   OTHER PRETRIAL MOTIONS

The parties have met and conferred on all potential motions other than motions *in limine*.  No other motions are contemplated.  Defendants' Motion for Summary Judgment is still pending.

## 14.   BIFURCATION

Bifurcation of the following issues for trial is ordered: The Parties have agreed to bifurcate the amount of punitive damages, if any, into a separate phase of trial. Plaintiff is considering dismissing his claim for punitive damages, such that the case would be tried in one phase, and Plaintiff will inform counsel and this Court of his decision as soon as possible.

## 15.   ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:

_____                    _____

JESUS G. BERNAL

United States District Judge

13