LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RENATO URENA,<br><br>                        Plaintiff,<br><br>           vs.<br><br>CITY OF SAN BERNARDINO; JONATHAN DAVALOS; ANDRES ESTRELLA,<br><br>                        Defendants. | Case No. 5:24-cv-00341-JGB-SHK<br><br>*Assigned to*:<br>Hon. District Judge Jesus G. Bernal<br>Hon. Mag. Judge Shashi H. Kewalramani<br><br>**JOINT AGREED PROPOSED JURY INSTRUCTIONS**<br><br>FPTC:        6/8/2026<br>Time:        11:00 a.m.<br>Crtrm:       1<br><br>Trial:        6/23/2026 |

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order, the Parties hereby submit their Joint Agreed Proposed Jury Instructions. The Parties reserve the right to amend these Joint Agreed Proposed Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully submitted,

DATED: May 26, 2026                    CARPENTER, ROTHANS & DUMONT LLP


                                       By:    _____/s/ Scott Carpenter_____
                                              Scott Carpenter
                                              Attorneys for Defendants



Dated: May 26, 2026                    LAW OFFICES OF DALE K. GALIPO


                                       By_____ /s/ Dale K. Galipo_____
                                              Dale K. Galipo
                                              Renee V. Masongsong
                                              Attorneys for Plaintiff



Pursuant to Local Rule 5-4.3.4 (a)(2)(i), I, Dale K. Galipo, do hereby attest that all of the signatories listed on this document, and on whose behalf the filing is submitted, concur in the filing's content and authorize the filing of this document.

                            _____ *s/ Dale K. Galipo* _____

**ii**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Duty of Jury | Ninth Circuit Model Jury Instruction 1.3 | 1 |
| 2. | Outline of Trial | Ninth Circuit Model Jury Instruction – 1.21 | 2 |
| 3. | Two or More Parties—Different Legal Rights | Ninth Circuit Model Jury Instruction – 1.8 | 3 |
| 4. | Burden of Proof – Preponderance of the Evidence | Ninth Circuit Model Jury Instruction – 1.6 | 4 |
| 5. | What is Evidence | Ninth Circuit Model Jury Instruction – 1.9 | 5 |
| 6. | What is Not Evidence | Ninth Circuit Model Jury Instruction – 1.10 | 6 |
| 7. | Direct and Circumstantial Evidence | Ninth Circuit Model Jury Instruction – 1.12 | 7 |
| 8. | Expert Opinion | Ninth Circuit Model Jury Instruction – 2.14 | 8 |
| 9. | Ruling on Objections | Ninth Circuit Model Jury Instruction – 1.13 | 9 |
| 10. | Bench Conferences and Recesses | Ninth Circuit Model Jury Instruction – 1.20 | 10 |
| 11. | Credibility of Witnesses | Ninth Circuit Model Jury Instruction – 1.14 | 11 |
| 12. | Evidence in Electronic Format | Ninth Circuit Model Jury Instruction – 2.16 | 13 |
| 13. | Conduct of the Jury | Ninth Circuit Model Jury Instruction – 1.15 | 15 |
| 14. | No Transcript Available to Jury | Ninth Circuit Model Jury Instruction – 1.17 | 17 |
| 15. | Questions by Witnesses to Jurors During Trial | Ninth Circuit Model Jury Instruction – 1.19 | 18 |
| 16. | Taking Notes | Ninth Circuit Model Jury Instruction – 1.18 | 19 |
| 17. | Stipulations of Fact | Ninth Circuit Model Jury Instruction – 2.3 | 20 |
| 18. | Section 1983 Claim—Introductory Instruction | Ninth Circuit Model Jury Instruction – 9.1 | 21 |

JOINT AGREED PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 19. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | Ninth Circuit Model Jury Instruction – 9.3 | 22 |
| 20. | Battery By Peace Officer (Deadly Force) – Essential Factual Elements | CACI 1305B | 24 |
| 21. | Negligent Use of Deadly Force by Peace Officer – Essential Factual Elements | CACI 441 | 26 |
| 22. | Comparative Fault | CACI 407 | 28 |
| 23. | Causation | CACI 430 | 29 |
| 24. | Causation—Multiple Causes | CACI 431 | 30 |
| 25. | Alternative Causation | CACI 434 | 31 |
| 26. | Damages | Ninth Circuit Model Jury Instruction – 5.1, 5.2; CACI 3905A | 32 |
| 27. | Communication with Court | Ninth Circuit Model Jury Instruction – 3.3 | 33 |
| 28. | Duty to Deliberate | Ninth Circuit Model Jury Instruction – 3.1 | 34 |
| 29. | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Jury Instruction – 3.2 | 35 |
| 30. | Return of Verdict | Ninth Circuit Model Jury Instruction – 3.5 | 37 |

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.3.

**1**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## <u>JURY INSTRUCTION NO. 2: OUTLINE OF TRIAL</u>

Trials proceed in the following way:

First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.21.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 3: TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.8.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 4: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.6.

**4**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **JURY INSTRUCTION NO. 5: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.9.

**5**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **JURY INSTRUCTION NO. 6: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.10.

**6**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.12.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## <u>JURY INSTRUCTION NO. 8: EXPERT OPINION</u>

You are about to hear testimony from expert witnesses, including Robert Fonzi, Gary Vilke, Brady Held, Andrea Nebel, Justin Rossander, Richard Bryce, and Bennet Omalu, who will testify to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Source:</u> Ninth Circuit Manual of Model Jury Instructions (2025), No. 2.14

**8**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **JURY INSTRUCTION NO. 9: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.13.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **JURY INSTRUCTION NO. 10: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.20.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 11: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**11**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.14.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## <u>JURY INSTRUCTION NO. 12: EVIDENCE IN ELECTRONIC FORMAT</u>

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such

**13**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil (2025), No. 2.16.

**14**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 13: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn

**15**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.15.

**16**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 14: NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.17.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## <u>JURY INSTRUCTION NO. 15: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL</u>

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

<u>Source:</u> Ninth Circuit Model Jury Instructions (2025), No. 1.19

**18**

## **JURY INSTRUCTION NO. 16: TAKING NOTES (JUROR NOTES)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.18.

**19**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **<u>INSTRUCTION NO. 17: STIPULATIONS OF FACT</u>**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1.  This incident occurred on February 10, 2023

2.  Renato Urena was struck by shots during this incident.

3.  Andres Estrella and Jonathan Davalos are and were at the time of the incident employees of the City of San Bernardino, specifically employed as police officers for the City of San Bernardino Police Department.

4.  At the time of this incident, Andres Estrella and Jonathan Davalos were acting in the course and scope of their employment with the City of San Bernardino.

5.  At the time of this incident, Andres Estrella and Jonathan Davalos were acting under color of law.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions (2025) No. 2.3.

**20**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 18: SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff brings his claim for Excessive Force under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 9.1.

**21**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 19: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim under the Fourth Amendment, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Andres Estrella and/or Jonathan Davalos acted under color of state law; and

Second, the acts of Andres Estrella and/or Jonathan Davalos deprived Renato Urena of particular rights under the United States Constitution as explained in later instructions; and

Third, the conduct of Andres Estrella and/or Jonathan Davalos was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Andres Estrella and Jonathan Davalos acted under color of state law.

The conduct of Andres Estrella and Jonathan Davalos is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The Parties have stipulated that Andres Estrella and Jonathan Davalos were acting under color of state law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under the Fourth Amendment instruction, your verdict should be for Plaintiff on the Fourth Amendment claim. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants on the Fourth Amendment claim.

**22**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 9.3.

**23**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 20: BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that Jonathan Davalos and/or Andres Estrella unnecessarily used deadly force on him. To establish this claim, Plaintiff must prove all of the following:

1.      That Jonathan Davalos and/or Andres Estrella intentionally shot Renato Urena;

2.      That Jonathan Davalos and/or Andres Estrella's use of deadly force was not necessary to defend human life;

3.      That Renato Urena was harmed; and

4.      That Jonathan Davalos and/or Andres Estrella's use of deadly force was a substantial factor in causing Renato Urena's harm.

Jonathan Davalos and/or Andres Estrella's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jonathan Davalos and/or Andres Estrella at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Jonathan Davalos and/or Andres Estrella or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm. A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

**24**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

"Totality of the circumstances" means all facts known to the peace officers at the time, including the conduct of Jonathan Davalos, Andres Estrella and Renato Urena leading up to the use of deadly force. In determining whether Jonathan Davalos and/or Andres Estrella's use of deadly force was necessary in defense of human life, you must consider Jonathan Davalos and/or Andres Estrella's tactical conduct and decisions before using deadly force on Renato Urena and whether Jonathan Davalos and/or Andres Estrella used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other deescalation tactics.

Source: CACI 1305B, Battery by Peace Officer (Deadly Force) – Essential Factual Elements.

**25**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 21: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that Jonathan Davalos and/or Andres Estrella were negligent in using deadly force to arrest.

To establish this claim, Plaintiff must prove all of the following:

1.     That Jonathan Davalos and/or Andres Estrella were peace officers;

2.     That Jonathan Davalos and/or Andres Estrella used deadly force on Renato Urena;

3.     That Jonathan Davalos and/or Andres Estrella's use of deadly force was not necessary to defend human life;

4.     That Renato Urena was harmed; and

5.     That Jonathan Davalos and/or Andres Estrella's use of deadly force was a substantial factor in causing Renato Urena's harm.

Jonathan Davalos and/or Andres Estrella's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jonathan Davalos and/or Andres Estrella at the time, that deadly force was necessary either: to defend against an imminent threat of death or serious bodily injury to Jonathan Davalos and/or Andres Estrella or another person.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter

**26**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Jonathan Davalos and/or Andres Estrella and Renato Urena leading up to the use of deadly force. In determining whether Jonathan Davalos and/or Andres Estrella's use of deadly force was necessary in defense of human life, you must consider Jonathan Davalos and/or Andres Estrella's tactical conduct and decisions before using deadly force on Renato Urena and whether Jonathan Davalos and/or Andres Estrella used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest or prevent escape.

Source: CACI 441.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **INSTRUCTION NO. 22: COMPARATIVE FAULT OF PLAINTIFF**

Defendants claim that Mr. Urena's own negligence contributed to his harm, injury, or damage. To succeed on this claim, Defendants must prove both of the following by a preponderance of the evidence:

1. That Mr. Urena was negligent; and

2. That Mr. Urena's negligence was a substantial factor in causing his injuries.

If Defendants prove the above, Mr. Urena's damages are reduced by your determination of the percentage of Mr. Urena's responsibility. I will calculate the actual reduction.

Source: CACI 407.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **INSTRUCTION NO. 23: CAUSATION**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source: CACI 430.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **INSTRUCTION 24: CAUSATION—MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm. If you find that Jonathan Davalos and/or Andres Estrella's conduct was a substantial factor in causing Renato Urena's harm, then Jonathan Davalos and/or Andres Estrella cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Renato Urena's harm.

<u>Source</u>: CACI 431.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION 25: ALTERNATIVE CAUSATION

You may decide that more than one of the defendants used unreasonable force, but that the conduct of only one of them could have actually caused Renato Urena's harm. If you cannot decide which defendant caused Renato Urena's harm, you must decide that each defendant is responsible for the harm.

However, if a defendant proves that he did not cause Renato Urena's harm, then you must conclude that defendant is not responsible.

Source: CACI 434.

**31**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## **INSTRUCTION NO. 26: DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff, you must determine his damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by the defendants. You should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life, disability, and disfigurement experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, emotional pain and suffering and humiliation, grief, and anxiety experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of necessary medical care, treatment, and services received to the present time;

5. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

6. The reasonable value of wages and earning capacity lost up to the present time;

7. The reasonable value of wages and earning capacity that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Ninth Circuit Manual of Model Civil Jury Instructions 5.1, 5.2 (2025 ed., 12/25 update); CACI 3905A.

**32**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 27: COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Jury Instructions (2025), No. 3.3.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## <u>INSTRUCTION NO. 28: DUTY TO DELIBERATE</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions, Civil (2025) No. 3.1.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 29: CONSIDERATION OF EVIDENCE— CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it , although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

**35**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Model Jury Instructions (2025), No. 3.2.

**36**

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## <u>JURY INSTRUCTION NO. 30: RETURN OF VERDICT</u>

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions (2025), No. 3.5.

JOINT AGREED PROPOSED JURY INSTRUCTIONS