LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RENATO URENA,

Plaintiff,

vs.

CITY OF SAN BERNARDINO; JONATHAN DAVALOS; ANDRES ESTRELLA,

Defendants.

Case No. 5:24-cv-00341-JGB-SHK

*Assigned to*:
Hon. District Judge Jesus G. Bernal
Hon. Mag. Judge Shashi H. Kewalramani

**DISPUTED PROPOSED JURY INSTRUCTIONS**

FPTC:        6/8/2026
Time:        11:00 a.m.
Crtrm:       1

Trial:        6/23/2026

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order, the Parties hereby submit their Disputed Proposed Jury Instructions. The Parties reserve the right to amend these [Proposed] Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully submitted,

Dated: May 26, 2026                    LAW OFFICES OF DALE K. GALIPO

                                       By_____*Dale K. Galipo*_____
                                          Dale K. Galipo
                                          Renee V. Masongsong
                                          Attorneys for Plaintiff

DATED: May 26, 2026                    CARPENTER, ROTHANS & DUMONT LLP

                                       By:   ___*/s/ Scott Carpenter*_____
                                          Scott Carpenter
                                          Attorneys for Defendants

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), I, Dale K. Galipo, do hereby attest that all of the signatories listed on this document, and on whose behalf the filing is submitted, concur in the filing's content and authorize the filing of this document.

                    *s/ Dale K. Galipo*_____

DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Claims and Defenses (Plaintiff's version) | Ninth Circuit Model Jury Instruction – 1.5 | 1 |
| 2. | Claims and Defenses (Defendants' version) | Ninth Circuit Model Jury Instruction – 1.5 | 2 |
| 3. | Particular Rights – Fourth Amendment – Excessive Force (Plaintiff's Version) | Ninth Circuit Model Jury Instruction – 9.27 | 5 |
| 4. | Particular Rights – Fourth Amendment – Excessive Force (Defendants' Version) | Ninth Circuit Model Jury Instruction – 9.27 | 7 |
| 5. | Affirmative Defense—Self Defense/Defense of Others (Proposed by Defendants) | 2026 Edition of Judicial Council of California Civil Jury Instructions (December 2025) | 11 |
| 6. | Bane Act – Essential Factual Elements (Civ. Code § 52.1) (Plaintiff's Version) | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 15 |
| 7. | Bane Act – Essential Factual Elements (Civ. Code § 52.1) (Defendants' Version) | CACI 3066 | 16 |
| 8. | Vicarious Liability—Legal Relationship Not Disputed (Proposed by Plaintiff) | CACI 3703 | 19 |
| 9. | Punitive Damages—Predicate Question—Federal Claims (Proposed by Plaintiff) | Ninth Circuit Model Jury Instruction – 5.5 | 23 |
| 10. | Punitive Damages—Federal Claims (Proposed by Defendant) | Ninth Circuit Model Jury Instruction – 5.5 | 24 |
| 11. | Damages - Mitigation | Ninth Circuit Model Jury Instruction – 5.3 | 27 |

iii

DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 12. | Defendants' Special Instruction No. 1 | POST Learning Domain 15; Cal. Penal Code §835a | 30 |
| 13. | Defendants' Special Instruction No. 2 | Cal. Penal Code §835a | 34 |
| 14. | Defendants' Special Instruction No. 3 | Cal. Penal Code §§ 834a, 148(a); see also *Hagberg v. California Federal Bank*, 32 Cal.4th 350 (2004); *Miller v. Fano*, 134 Cal. 103 (1901) | 37 |
| 15. | Defendants' Special Instruction No. 4 | *Billington v. Smith*, 292 F.3d 77, 1190 (9th Cir. 2002); *Bell v. City of East Cleveland,* 125 F.3d 855 (6th Cir. 1997); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010) | 40 |
| 16. | Defendants' Special Instruction No. 5 | CACI 1305; Cal. Penal Code § 835a; *Ellien v. City of San Jose*, 968 F.2d 1220 (9th Cir. 1992); *Tucker v. Las Vegas Metropolitan Police Dept.,* 470 Fed.Appx. 627 (9th Cir. 2012) (concurring opinion); *Reed v. Hoy*, 891 F.2d 1421, 1428 (9th Cir. 1989) | 43 |

iv

DISPUTED JURY INSTRUCTIONS

## **<u>PLAINTIFF'S INSTRUCTION NO. 1: CLAIMS AND DEFENSES</u>**

To help you follow the evidence, I will give you a brief summary of the position of the parties:

This case arises from the shooting of Renato Urena by San Bernardino Police Department Officers Andres Estrella and Jonathan Davalos on February 10, 2023. The Plaintiff in this case is Renato Urena. The Defendants are the City of San Bernardino, Andres Estrella, and Jonathan Davalos.  Plaintiff contends that Andres Estrella and Jonathan Davalos used excessive and unreasonable deadly force, were negligent in their conduct with him, and acted with reckless disregard for his constitutional right to be free from excessive force. Plaintiff seeks damages to the extent permitted by law.

The defendants deny these claims and contend that the uses of force by Andres Estrella and Jonathan Davalos were reasonable under the circumstances.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions, Civil (2025), No. 1.5.

**1**

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' INSTRUCTION NO. 2: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Renato Urena, asserts that Officers Davalos and Estrella of the City of San Bernardino Police Department used excessive force and acted negligently, causing Renato Urena's injuries.  The plaintiff has the burden of proving these claims.

The defendants Officers Davalos and Estrella and the City of San Bernardino deny those claims and contend that the uses of force by Officers Davalos and Estrella were reasonable under the totality of the circumstances.  The defendants contend that Officers Davalos and Estrella acted in self-defense.  The defendants also contend that plaintiff's own negligence contributed to his injuries.

Plaintiff denies that the officers acted in self-defense.

*Ninth Circuit Manual of Model Civil Jury Instructions* (2025 ed., 12/25 update)

**2**

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S ARGUMENT RE: INSTRUCTIONS NO. 1 AND 2 (CLAIMS AND DEFENSES)

Plaintiff's version of this instruction is concise and provides the jury with the pertinent information. Plaintiff contends that Defendants' version of "Claims and Defenses" is argumentative and distorts the facts by arguing to the jury that the officers acted in self-defense.  On Plaintiff's facts, which are supported by the video evidence, Plaintiff never turned toward the officers with a gun in his hand and never pointed a gun at the officers.  In fact, both officers admitted at their depositions that they were looking at Mr. Urena's hands when they were firing their shots, and they did not see a gun in Urena's hand after Urena went to the ground. Estrella specifically testified he did not have any visual obstructions when firing his shots, he never saw a gun pointed at him after Urena went to the ground, and when he paused to reassess during the shooting sequence, he was aware that Urena was on the ground. Even on Defendants' facts, Defendants' own expert contends that Mr. Urena discarded the gun at the time of the first or second shot.  Therefore, Defendants' argument that the officers acted in self-defense is untenable, and it would be improper to suggest to the jury that the officers acted in self-defense.

**3**

DISPUTED PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' ARGUMENT RE: INSTRUCTIONS NO. 1 AND 2, CLAIMS AND DEFENSES

Defendants maintain that their version of this instruction is more accurate and in line with objective evidence. The indisputable facts, including the body-worn camera evidence, shows that Plaintiff evaded a lawful traffic stop and fled on foot from officers while retrieving a handgun. Plaintiff continually refused to comply with the officers' commands and was even warned that he would be shot. Plaintiff turned towards the officers with the gun in his hand as if targeting them. Plaintiff then dove down into a position of concealment inside the overgrown vegetation of an abandoned lot, which partially obscured the officers' view of the suspect. Plaintiff then raised his arm with the gun in his hand in the officers' direction, thereby posing an imminent threat of death or serious bodily harm to the officers. In response, the officers shot plaintiff in self-defense.

**4**

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S INSTRUCTION NO. 3: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself or others, and/or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendants Jonathan Davalos and/or Andres Estrella used excessive force when they shot Renato Urena.

Under the Fourth Amendment, a peace officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Jonathan Davalos and/or Andres Estrella used excessive force in this case, consider all of the circumstances known to Jonathan Davalos and/or Andres Estrella, including:

(1)    the nature of the crime or other circumstances known to Jonathan Davalos and/or Andres Estrella at the time of the shooting;

(2)    whether Mr. Urena posed an immediate threat of death or serious bodily injury to Jonathan Davalos and/or Andres Estrella or to others;

(3)    whether Mr. Urena was actively resisting arrest or attempting to evade arrest by flight;

(4)    the amount of time Jonathan Davalos and/or Andres Estrella had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

**5**

DISPUTED  PROPOSED JURY INSTRUCTIONS

(5)   the relationship between the need for the use of force and the amount of force used;

(6)   the extent of Mr. Urena's injury;

(7)   any effort made by Jonathan Davalos and/or Andres Estrella to temper or to limit the amount of force;

(8)   the severity of the security problem at issue;

(9)   the availability of alternative methods;

(10)  the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(11)  whether it was practical for Jonathan Davalos and/or Andres Estrella to give a warning of the imminent use of force, and whether such warning was given;

(12)  whether a reasonable officer would have or should have accurately perceived a mistaken fact.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil (2025), No. 9.27.

**6**

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' INSTRUCTION NO. 4: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself and others.  Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)   the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)   whether Renato Urena posed an immediate threat to the safety of the officer or to others;

(3)   whether Renato Urena was actively resisting arrest or attempting to evade arrest by flight;

(4)   the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)   the relationship between the need for the use of force and the amount of force used;

(6)   the extent of Renato Urena's injury;

**7**

DISPUTED  PROPOSED JURY INSTRUCTIONS

(7)    any effort made by the officers to temper or to limit the amount of force;

(8)    the severity of the security problem at issue;

(9)    the availability of alternative methods to subdue Renato Urena;

(10)    the number of lives at risk (police officer, citizens) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;]

(11)    whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

(12)    whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(13)    whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

*Ninth Circuit Manual of Model Civil Jury Instructions* (2025 ed., 12/25 update)

**8**

DISPUTED PROPOSED JURY INSTRUCTIONS

**<u>PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 3, 4 (PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE)</u>**

The dispute between the Parties on this instruction is primarily Plaintiff's appropriate modification to element No. 2. Where the use of deadly force is considered, the appropriate standard is whether the decedent posed an *immediate threat of death or serious bodily injury* to any person at the time of the shooting. *See, e.g., Graham v. Connor*, 490 U.S 386, 396 (1989). Plaintiff has made this key modification to the model instruction in Plaintiff's proposed version of this instruction. Defendants' version proposes the language "threat to safety," which does not apply to this case, where deadly force was used.

The language in the jury instructions on Plaintiff's claims for Battery and Negligence also support this modification of "threat to safety" to "immediate threat of death or serious bodily injury." CACI 1305B (Battery by Peace Officer, Deadly Force) and CACI 441 (Negligent Use of Deadly Force by Peace Officer) both use the language "*imminent threat of death or serious bodily harm/injury*" in discussing whether the use of deadly force was necessary to defend human life, and "[f]ederal civil rights claims of excessive force are the federal counterpart to state battery and wrongful death claims; in both, the plaintiff must prove the unreasonableness of the officer's conduct." *See Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1121, fn. 6 (2004).

Additionally, Defendants' version of the Excessive Force instruction includes the factor "whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm." Plaintiff contends that this factor should not be included in this case, where there is no evidence that Mr. Urena injured anyone or threatened to injure anyone.

**9**

---

DISPUTED  PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 3, 4 (PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE)**

Defendants' version of this instruction properly follows the Model Jury Instructions, whereas plaintiff's version is argumentative and prejudicial. As to the excessive force factors, defendants have included "whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm." As defendants have demonstrated, the indisputable facts, including the body-worn camera evidence, shows that Plaintiff turned towards the officers with the gun in his hand as if targeting them just before he dove down into a position of concealment inside the overgrown vegetation of an abandoned lot, which constituted a direct threat to the officers' lives and safety and which established probable cause.

**10**

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' INSTRUCTION NO. 5: AFFIRMATIVE DEFENSE—SELF-DEFENSE/DEFENSE OF OTHERS**

Officers Davalos and Estrella claim that they are not responsible for Renato Urena's harm because they were acting in self-defense. To succeed, Officers Davalos and Estrella must prove both of the following:

1. That Officers Davalos and Estrella reasonably believed that Renato Urena was going to harm them; and

2. That Officers Davalos and Estrella used only the amount of force that was reasonably necessary to protect themselves.

*2026 Edition of Judicial Council of California Civil Jury Instructions (December 2025)*

**11**

DISPUTED PROPOSED JURY INSTRUCTIONS

### DEFENDANTS' STATEMENT IN SUPPORT OF DEFENDANTS' INSTRUCTION NO. 5, "AFFIRMATIVE DEFENSE—SELF-DEFENSE/DEFENSE OF OTHERS"

The instruction is a correct statement of the law, is necessary to avoid prejudice to defendants, and bears directly on defendants' affirmative defense of self-defense, as well as on the reasonableness of the actions of defendant officers. The indisputable facts, including the body-worn camera evidence, shows that Plaintiff evaded a lawful traffic stop and fled on foot from officers while retrieving a handgun. Plaintiff continually refused to comply with the officers' commands and was even warned that he would be shot. Plaintiff turned towards the officers with the gun in his hand as if targeting them. Plaintiff then dove down into a position of concealment inside the overgrown vegetation of an abandoned lot, which partially obscured the officers' view of the suspect. Plaintiff then raised his arm with the gun in his hand in the officers' direction, thereby posing an imminent threat of death or serious bodily harm to the officers. In response, the officers shot plaintiff in self-defense.

**12**

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S OBJECTION TO DEFENDANTS' INSTRUCTION NO. 5, "AFFIRMATIVE DEFENSE—SELF-DEFENSE/DEFENSE OF OTHERS"

Plaintiff objects to this instruction as argumentative and inapposite to the facts of this case. On Plaintiff's facts, which are supported by the video evidence, Plaintiff never turned toward the officers with a gun in his hand and never pointed a gun at the officers.  In fact, both officers admitted at their depositions that they were looking at Mr. Urena's hands when they were firing their shots, and they did not see a gun in Urena's hand after Urena went to the ground. Estrella specifically testified he did not have any visual obstructions when firing his shots, he never saw a gun pointed at him after Urena went to the ground, and when he paused to reassess during the shooting sequence, he was aware that Urena was on the ground. Even on Defendants' facts, Defendants' own expert contends that Mr. Urena discarded the gun at the time of the first or second shot.  Therefore, Defendants' argument that the officers acted in self-defense is untenable, and it would be improper to suggest to the jury that the officers acted in self-defense.

Additionally, Defendants' instruction, which appears to be CACI 1304, applies to general assault and battery cases, as opposed to cases involving police uses of force. Self-defense is not a defense for excessive force. Where the officer uses excessive force beyond what is reasonable in the situation, the defense of self-defense fails.

If this Court decides to give this instruction, then, at minimum, the following modifications should be made:

First, where the instruction states that Defendants "must prove both of the following," it should be made clear that Defendants must prove their affirmative defense of self-defense by a "preponderance of the evidence."

Second, the first element, that the officers "reasonably believed that Renato Urena was going to *harm* them," should be modified to state that the officers "reasonably believed that Renato Urena *posed an immediate threat of death or serious bodily injury*" to reflect the facts of this case, where the officers used deadly force.

**13**

DISPUTED  PROPOSED JURY INSTRUCTIONS

This is consistent with CACI 1305B (Battery by Peace Officer, Deadly Force) and CACI 441 (Negligent Use of Deadly Force by Peace Officer), which both use the language "*imminent threat of death or serious bodily harm/injury*" in discussing whether the use of deadly force was necessary to defend human life.  This modification is also consistent with federal case law—where the use of deadly force is considered, the appropriate standard is whether the decedent posed an *immediate threat of death or serious bodily injury* to any person at the time of the shooting.  *See, e.g.*, *Graham v. Connor*, 490 U.S 386, 396 (1989).

**14**

DISPUTED  PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S INSTRUCTION NO. 6: BANE ACT

Plaintiff claims that Jonathan Davalos and Andres Estrella intentionally interfered with Renato Urena's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiff must prove that:

1. Jonathan Davalos and/or Andres Estrella used excessive force against Renato Urena;

2. Jonathan Davalos and/or Andres Estrella intended to violate Renato Urena's constitutional rights by demonstrating a reckless disregard for Renato Urena's constitutional right to be free from excessive force; and

3. The excessive force resulted in harm, injury, or damage to Renato Urena.

Source: *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)); CACI 3066 (modified).

**15**

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' INSTRUCTION NO. 7: BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

Plaintiff claims that Officers Davalos and Estrella intentionally interfered with his civil rights by threats, intimidation, or coercion. To establish this claim, plaintiff must prove all of the following:

1. That by threats, intimidation or coercion, Officers Davalos and/or Estrella caused Renato Uren to reasonably believe that if he exercised his rights to be free from unreasonable seizure and excessive force, Officers Davalos and/or Estrella would commit violence against him;

2. That Officers Davalos and/or Estrella specifically intended to deprive excessive force, which can be demonstrated by Officers Davalos and/or Estrella acting with a reckless disregard for plaintiff's constitutional right to be free from excessive force;

3. That Renato Urena was harmed; and

4. That the conduct of Officers Davalos and/or Estrella was a substantial factor in causing Renato Urena's harm.

*2026 Edition of Judicial Council of California Civil Jury Instructions (December 2025)*

**16**

DISPUTED PROPOSED JURY INSTRUCTIONS

**<u>PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 6, 7 (BANE ACT)</u>**

Plaintiff's Bane Act claim is accurately tailored to the context of this case.  In this case, the first element pertains to the officers' use of excessive deadly force.  The language contained in the first element of Defendants' version of this instruction, including "threats, intimidation, or coercion" and "violence" is confusing. *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766 (2017), confirmed that the Bane Act does not require a separate "threat, intimidation, or coercion" beyond the constitutional violation (here, the shooting) itself.  Therefore, Plaintiff's straightforward language in element No. 1—that Jonathan Davalos and/or Andres Estrella used excessive force against Renato Urena—makes more sense in this case.

Plaintiff's Bane Act instruction also incorporates *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), which holds that "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Plaintiff submits that his version of the Bane Act instruction thus accurately reflects the current state of the law.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 6, 7 (BANE ACT)**

Defendants' version of this instruction is a correct statement of the law and it properly follows the model jury instructions, whereas plaintiff's version unnecessarily modifies the instruction and tailors an instruction that is argumentative and prejudicial to defendants.

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S INSTRUCTION NO. 8: VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED

This instruction applies only to Plaintiff's claims arising under California state law.

In this case, Jonathan Davalos and Andres Estrella are employees of the City of San Bernardino.

If you find that Jonathan Davalos and Andres Estrella were acting within the scope of their employment when the incident occurred, the City of San Bernardino is responsible for any harm caused by Jonathan Davalos and/or Andres Estrella's wrongful conduct.

The parties have stipulated that Jonathan Davalos and Andres Estrella were acting within the scope of their employment with the City of San Bernardino during this incident.

Source: CACI 3703.

**19**

DISPUTED PROPOSED JURY INSTRUCTIONS

# PLAINTIFF'S ARGUMENT IN SUPPORT OF PLAINTIFF'S INSTRUCTION NO. 8 (VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED)

This is a model instruction that is appropriate for this case. This instruction is not confusing, and it is highly relevant. There is no dispute that the City of San Bernardino is vicariously liable for the conduct of Defendant Officers Davalos and Estrella on Plaintiff's claims arising under California law, and no dispute that Officers Davalos and Estrella were acting in the course and scope of their employment with the City of San Bernardino at the time of the shooting. The jury instructions and stipulations of fact that reference "course and scope" are not sufficient to inform the jury that the City of San Bernardino is vicariously liable and responisble for the officers' actions. The jury will not understand that the City of San Bernardino is liable for any judgment against the officers unless this instruction is given, because the jury would not otherwise understand the consequence of the officers acting with the course and scope of their employment.

Excluding this instruction would be prejudicial to Plaintiff. Without this instruction, the jury might incorrectly think that Officers Davalos and Estrella areresponsible for paying any judgment against them and may be hesitant to render a verdict against Officers Davalos and Estrella and in Plaintiff's favor for that reason.

CACI 3703 would also eliminate the confusion the jury may have as to why the City of San Bernardino is a named defendant in this case. Including CACI 3703 would clarify any question the jury may have as to why the City of San Bernardino is not addressed in the substantive jury instructions.

Additionally, courts in police misconduct cases such as the instant case routinely give CACI 3703 (Vicarious Liability) where the plaintiff maintains state law claims against an officer acting within the course and scope of their employment with the municipality, including during Central District trials in 2026. *See* exhibits to the

**20**

DISPUTED PROPOSED JURY INSTRUCTIONS

Declaration of Renee V. Masongong In Support of Plaintiff's Proposed Disputed Instruction "Vicarious Liability," filed concurrently herewith, which are relevant portions of the jury instructions read in the following cases: *Steffon Barber v. County of San Bernardino, et al.*, Case No. 5:22-cv-00625-KK-DTBx (2026 trial) ("Exhibit A"); *Paola French, et al. v. City of Los Angeles, et al.*, Case No. 5:20-cv-00416-JGB-SPx ("Exhibit B"); *Francisco Hurtado v. State of California, et al.*, Case No. 2:19-cv-02343-DAD-ACx ("Exhibit C"); *Mickel Erick Lewis, Jr., et al. v. County of Kern, et al.*, Case No. 1:21-cv-00378-KES-CDBx (2025 trial) ("Exhibit D"); *Tammy Murillo v. City of Los Angeles, et al.*, Case No. 2:21-cv-08738-FMO-AGRx (2023 trial) ("Exhibit E"); *Jermaine Petit v. City of Los Angeles, et al.*, Case No. 2:23-cv-00789-ODW-PVCx (2026 trial) ("Exhibit F"); *V.R., et al. v. County of San Bernardino, et al.*, Case No. 5:19-cv-01023-JGB-SPx ("Exhibit G"); *Devonte Stephenson v. State of California, et al.*, Case No. 5:21-cv-00526-JACK-DTBx ("Exhibit H"); *Jennie Quan v. County of Los Angeles, et al.*, Case No. 2:24-cv-04805-MCS-KSx (2026 trial) ("Exhibit I"); *Harris v. City of Tulare, et al.*, Tulare County Superior Court Case No. VCU299232 ("Exhibit "J"); *Jennifer Landeros v. Samuel Schafer, et al.*, Case No. ED-2:17-cv-02598-WBS-CKDx ("Exhibit K"); *Garcia v. City of Tustin*, Case No. 8:22-cv-00131 SPG (2026 trial) ("Exhibit L").

**21**

DISPUTED PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' ARGUMENT RE: PLAINTIFF'S INSTRUCTION NO. 8 (VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED)**

This instruction is unfairly prejudicial, confusing, irrelevant, and unnecessary. Defendants are stipulating that the officer defendants were acting within the course and scope of their employment with the City of San Bernardino and that they were acting under color of law.

**22**

## PLAINTIFF'S INSTRUCTION NO. 9: PUNITIVE DAMAGES – PREDICATE QUESTION – FEDERAL CLAIMS

If you find for the Plaintiff, you may, but are not required to, award punitive damages against Jonathan Davalos and/or Andres Estrella. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the defendant's conduct that harmed Renato Urena was malicious, oppressive or in reckless disregard of Renato Urena's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Renato Urena. Conduct is in reckless disregard of Renato Urena's rights if, under the circumstances, it reflects complete indifference to Renato Urena's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate Renato Urena's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of Renato Urena with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Renato Urena.

Punitive damages may not be awarded against the City of San Bernardino.

Source: Manual of Model Civil Jury Instructions, No. 5.5.

**23**

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' INSTRUCTION NO. 10: PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the conduct of Officers Davalos and/or Estrella that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may not be awarded against defendant City of San Bernardino.

*Ninth Circuit Manual of Model Civil Jury Instructions* 5.5 (2025 ed., 12/25 update)

**24**

DISPUTED  PROPOSED JURY INSTRUCTIONS

**PLAINTIFF'S ARGUMENT RE: PUNITIVE DAMAGES INSTRUCTIONS**

Plaintiff is considering dismissing his punitive damages claim. If Plaintiff does maintain his claim for punitive damages, then he submits that his proposed instruction, above, is sufficient and succinct. If Plaintiff does pursue his punitive damages claim, then he submits that only the predicate question (whether he is entitled to any punitive damages) should be tried in the first phase of trial (with liability and damages), and Plaintiff's proposed instruction, above, covers the predicate question.

**25**

DISPUTED PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' ARGUMENT RE: PUNITIVE DAMAGES INSTRUCTIONS

Defendants maintain that their instruction is the correct instruction and that plaintiff's instruction is unfairly prejudicial and confusing.

DISPUTED PROPOSED JURY INSTRUCTIONS

### **DEFENDANTS' INSTRUCTION NO. 11: DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendants have the burden of proving by a preponderance of the evidence:

First, that the plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

*Ninth Circuit Manual of Model Civil Jury Instructions 5.3* (2025 ed., 12/25 update)

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 11 (DAMAGES—MITIGATION)

Plaintiff does not believe this instruction applies to this case.  There is no evidence that Plaintiff could have done anything to mitigate his damages, including no expert testimony or opinions on this issue.  Plaintiff has been incarcerated for the majority of the time that has passed since the shooting incident. There is no evidence that Plaintiff could have mitigated his damages when he was incarcerated. Plaintiff has filed a motion in limine to exclude his criminal record. Providing this instruction to the jury may violate Plaintiff's desired ruling on that motion in limine. The Parties' proposed instruction regarding Comparative Fault (CACI 407) is sufficient to address any argument by Defendants that Plaintiff could have avoided being shot.

**28**

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENT RE: DAMAGES – MITIGATION INSTRUCTIONS**

Defendants believe this instruction is necessary and proper.  Plaintiff is claiming, among other things, pain and suffering as a result of the incident.  Plaintiff has been incarcerated at various points since the incident including related to a subsequent arrent unrelated to the subject incident, which has impacted his ability to get medical treatment and mitigate his damages.  Plaintiff also testified at deposition that, even while incarcerated, he has not sought medical treatment, including mental health treatment.

**29**

## **DISPUTED INSTRUCTION NO. 12—DEFENDANTS' SPECIAL INSTRUCTION NO. 1**

A peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary to defend against an imminent threat of death or serious bodily injury to the officer or to another person.


POST Learning Domain 15 (Use of Force/Physical Restraint During a Detention) at 4-3; Cal. Penal Code §835a(c)(1)(A).

**30**

DISPUTED  PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' ARGUMENTS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 1

The instruction is a correct statement of the law and bears directly on the issue of the reasonableness of the actions of defendant officers.

**31**

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S OBJECTIONS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 1

Plaintiff does not believe it is necessary to give any special instructions in this case. However, Plaintiff agrees that Defendants' Special Instruction No. 1, which reads, "A peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary to defend against an *imminent threat of death or serious bodily injury* to the officer or to another person" is a correct statement of the law.

Defendants' proposal of this special instruction cuts against their argument that factor No. 2 of the Fourth Amendment Excessive Force Instruction (Ninth Cir. 9.27) should read "whether Mr. Urena posed an immediate threat to the safety of the officers or others" as opposed to "whether Mr. Urena posed an immediate threat of *death or serious bodily injury* to the officers or others." (*See* the Parties' competing versions of Ninth Cir. 9.27, Instructions Nos. 3 and 4 of this set, above). As argued above, Plaintiff contends that this Court should modify factor No. 2 of Ninth Circuit Instruction 9.27 to apply to the facts of this case.

This is covered by CACI 1305B and CACI 441, which state, respectively:

> Jonathan Davalos and/or Andres Estrella's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jonathan Davalos and/or Andres Estrella at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Jonathan Davalos and/or Andres Estrella or to another person.
>
> "Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.
>
> A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the

**32**

DISPUTED PROPOSED JURY INSTRUCTIONS

likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

(CACI1305B) *and*

Jonathan Davalos and/or Andres Estrella's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jonathan Davalos and/or Andres Estrella at the time, that deadly force was necessary either: to defend against an imminent threat of death or serious bodily injury to Jonathan Davalos and/or Andres Estrella or another person.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

(CACI 441). Accordingly, Defendants' Special Instruction No. 1 is cumulative and duplicative.

**33**

## DISPUTED INSTRUCTION NO. 13—DEFENDANTS' SPECIAL INSTRUCTION NO. 2

A peace officer who makes or attempts to make an arrest need not retreat or desist from their efforts by reason of the resistance or threatened resistance of the person being arrested.

Cal. Penal Code §835a(d).

**34**

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENTS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 2**

The instruction is a correct statement of the law and bears directly on the issue of the reasonableness of the actions of defendant officers.

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S OBJECTIONS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 2

Defendants' Special Instruction No. 2 is not a model instruction, and it is cumulative and duplicative of the relevant instructions in this case. The appropriate instructions on this issue are CACI 1305B, and CACI 441, which the Parties have agreed should be given and which state, respectively: "A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist" and

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest or prevent escape."

Repeating this to the jury in a separate, special instruction is unnecessary and prejudicial to Plaintiff.  Further, this instruction is argumentative and misleading in that it may suggest to the jury that Mr. Urena was physically resisting arrest or "threatened" resistance physically, which is not supported by the video evidence.

**36**

DISPUTED  PROPOSED JURY INSTRUCTIONS

## DISPUTED INSTRUCTION NO. 14—DEFENDANTS' SPECIAL INSTRUCTION NO. 3

If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being detained or arrested by a peace officer, it is the duty of such person to submit to such a detention or arrest.

Cal. Penal Code §§ 834a, 148(a); see *also Hagberg v. California Federal Bank*, 32 Cal.4th 350 (2004); *Miller v. Fano*, 134 Cal. 103 (1901).

**37**

## DEFENDANTS' ARGUMENTS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 3

The instruction is a correct statement of the law and bears directly on the issue of the reasonableness of the actions of defendant officers, as well as the plaintiff's comparative fault.

DISPUTED PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S OBJECTIONS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 3

This is a special instruction not based on any model instruction. This instruction is unnecessary, cumulative, and duplicative. It is also argumentative and prejudicial to Plaintiff. Plaintiff does not maintain a claim for unreasonable detention and arrest. This instruction prejudicially suggests to the jury that it was Mr. Urena's own fault that he was struck by lethal shots simply because he did not stop and submit to detention or arrest. Failure to submit to detention or arrest does not justify the use of deadly force. The jury will be given the appropriate substantive instructions, including Ninth Circuit No. 9.27, which include factors to consider in determining whether the use of deadly force was excessive and unreasonable. Therefore, this instruction is misleading and should not be read to the jury.

DISPUTED PROPOSED JURY INSTRUCTIONS

## <u>DISPUTED INSTRUCTION NO. 15—DEFENDANTS' SPECIAL INSTRUCTION NO. 4</u>

You should decide the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  In other words, to determine the reasonableness of The officers' conduct, you must view the facts from The officers' perspective at the time he decided to fire.

*Billington v. Smith*, 292 F.3d 77, 1190 (9th Cir. 2002); *Bell v. City of East Cleveland,* 125 F.3d 855 (6th Cir. 1997); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010).

**40**

## **DEFENDANTS' ARGUMENTS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 4**

The instruction is a correct statement of the law and bears directly on the issue of the reasonableness of the actions of defendant officers.

**41**

**PLAINTIFF'S OBJECTIONS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 4**

Defendants' Special Instruction No. 4 is not a model instruction, and it is cumulative and duplicative.  Specifically, this instruction is redundant of Ninth Circuit Instruction No. 9.27 (Excessive Force), which already states: "You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry. In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene. . ."  It is not necessary to also give Defendants' Special Instruction No. 4.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## DISPUTED INSTRUCTION NO. 16—DEFENDANTS' SPECIAL INSTRUCTION NO. 5

Police officers have a duty to the public to pursue investigations of criminal activity.  A police officer who makes or attempts to make an arrest is threatened with physical assault is not required to retreat or cease from his or her efforts to detain or arrest the person because of the resistance or threatened resistance of the person being arrested.

CACI 1305; Cal. Penal Code § 835a; *Ellien v. City of San Jose*, 968 F.2d 1220 (9th Cir. 1992); *Tucker v. Las Vegas Metropolitan Police Dept.,* 470 Fed.Appx. 627 (9th Cir. 2012) (concurring opinion); *Reed v. Hoy*, 891 F.2d 1421, 1428 (9th Cir. 1989), abrogated on other grounds.

**43**

DISPUTED  PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' ARGUMENTS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 5

The instruction is a correct statement of the law and bears directly on the issue of the reasonableness of the actions of defendant officers.

**44**

## <u>PLAINTIFF'S OBJECTIONS RE: DEFENDANTS' SPECIAL INSTRUCTION NO. 5</u>

Defendants' Special Instruction No. 5 is not a model instruction, and it is cumulative and duplicative.  The appropriate instructions on this issue are CACI 1305B, and CACI 441, which the Parties have agreed should be given and which state, respectively: "A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist" and "A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest or prevent escape."

Repeating this to the jury in a separate, special instruction is unnecessary and prejudicial to Plaintiff.  Further, this instruction is argumentative, contrary to the facts of the case, and misleading.  Defendants' proposed special instruction essentially tells the jury that Mr. Urena was physically assaulting or the officers or threatening to physically assault them, which is not supported by the video evidence.

DISPUTED  PROPOSED JURY INSTRUCTIONS