**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

Attorneys for Plaintiff, RENATO URENA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; JONATHAN DAVALOS; ANDRES ESTRELLA,<br><br>Defendants. | Case No. 5:24-cv-00341-JGB-SHK<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF RENEE V. MASONGSONG IN SUPPORT**<br><br>[Proposed Order; Memorandum of Points and Authorities; Declaration of Renee V. Masongsong and Exhibits A-G thereto *filed concurrently herewith*] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff hereby applies *ex parte*, pursuant to Local Rule 7-19 and the cases cited in Plaintiff's memorandum of points and authorities, for an order certifying Defendants' interlocutory appeal as frivolous and retaining jurisdiction over this case.

This motion is based on this *ex parte* application, the attached memorandum of points and authorities, the supporting declaration of Renee V. Masongsong filed concurrently herewith and Exhibits thereto, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

An application may be made on an *ex parte* basis where the moving party is exposed to prejudice not attributable to lack of diligence on the part of the moving party. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Plaintiff will suffer prejudice if this case is stayed pending Defendants' unmeritorious interlocutory appeal. This application is properly made on an *ex parte* basis because, on June 3, 2026, Defendants filed a notice of appeal from this Court's order denying summary judgment ("Notice of Appeal"), less than one week before the Court's final pretrial conference set for June 8, 2026.  (Dkt. No. 70). The trial of this matter is set for June 23, 2026, less than three weeks away, and this Court's ruling on Plaintiff's instant *ex parte* application may determine whether this case will proceed to trial as scheduled. Thus, there is not sufficient time for Plaintiff to file this as a regularly noticed motion. (Declaration of Renee V. Masongsong ("Masongsong Decl.) at ¶ 2).

For the reasons set forth in the attached memorandum of points and authorities, Defendants' interlocutory Appeal should be certified as frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) gives this Court the authority to certify Defendants' Appeal as frivolous and proceed with the trial.  *See also California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 772 (9th Cir.

ii                    Case No. 5:24-cv-00341-JGB-SHK

PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2025); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023); *California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process).

Unless this Court certifies Defendants' Appeal as frivolous in accordance with Ninth Circuit and Supreme Court precedent, Defendants' unmeritorious Appeal could result in a significant delay. The heavy weight of such potential prejudice justifies this *ex parte* application. There are multiple avenues of potential prejudice to Plaintiff from such a delay: memories fading; attorneys' fees mounting; and the time value of the delay in terms of Plaintiff's delayed remedies. This case arises from a shooting that took over three years ago, on February 10. 2023. Plaintiff submits that, for the reasons described herein, the proposed order filed concurrently herewith may be entered on an *ex parte* basis.

This *ex parte* application complies with Local Rule 7-19's requirements. Defendants are represented by attorneys Scott J. Carpenter and Steve Rothans of Carpenter, Rothans & Dumont, 500 South Grand Avenue, 19th Floor, Los Angeles, CA 90017; (213) 228-0400; scarpenter@crdlaw.com. On June 3, 2026, after Defendants' counsel filed their Notice of Appeal, Plaintiff's counsel informed Defendants' counsel via both email and telephone that Plaintiff would be filing an ex parte application to deem the Appeal frivolous. Counsel for the parties spoke on the phone for approximately ten minutes to discuss the issues in the case. Defendants' counsel stated that Defendants would oppose Plaintiff's *ex parte* application. Defendants take the position that the filing of their Notice of Appeal automatically stays the case and deprives this court of jurisdiction to take further action. During the phone call, Plaintiff's counsel informed Defendants' counsel that Defendants' opposition would be due not later than 24 hours after the filing of Plaintiff's ex parte application. (Masongsong Decl. at ¶ 3).

Plaintiff also provides the following notice, pursuant to the Court's

PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Procedures and Schedules available at https://apps.cacd.uscourts.gov/Jps/honorable-jesus-g-bernal:

> Ex parte applications are considered on the papers and are not usually set for hearing. Counsel's attention is directed to Local Rule 7-19. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone. Any opposition to an ex parte application should be filed within 24 hours of receipt of the ex parte application.

Respectfully submitted,


DATED:  June 4, 2026           LAW OFFICES OF DALE K. GALIPO


                               By:_____/s/ Renee V. Masongsong_____
                                   Dale K. Galipo
                                   Renee V. Masongsong
                                   Attorneys for Plaintiff

PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND PROCEDURAL HISTORY

This 42 U.S.C. § 1983 civil rights and state tort lawsuit arises out of the shooting of Renato Urena by City of San Bernardino police officers Jonathan Davalos and Andres Estrella ("the Officer Defendants") on February 10, 2023. On March 9, 2026, the Parties filed a stipulation to dismiss Plaintiff's § 1983 claims for unlawful detention and arrest, denial of medical care, municipal liability, and Plaintiff's state law claim for false arrest/ false imprisonment. (Dkt. 23). Also on March 9, 2026, Defendants moved for summary judgment ("MSJ") on all of Plaintiff's remaining claims (excessive force under § 1983 and the Fourth Amendment, and battery, negligence, and violation of the Bane Act under state law). (Dkt. 24). Plaintiff timely opposed the Motion. (Dkt. 28). On May 28, 2026, this Court denied Defendants' MSJ in its entirety, stating:

> The Ninth Circuit is clear that "[w]here factual disputes exist as to the objective reasonableness of an officer's conduct, the case cannot be resolved at summary judgment on qualified immunity grounds." *Rosenbaum v. City of San Jose*, 107 F.4th 919, 924 (9th Cir. 2024). Because there are pending factual disputes as to the reasonableness of the Officer Defendants' conduct, qualified immunity may not be granted at this stage.

(Dkt. 69 and "**Ex. A**" to Masongsong Decl. ("MSJ Order")). On June 3, 2026, Defendants filed a Notice of Appeal to the Ninth Circuit of this Court's MSJ Order ("Appeal"). (Dkt. 70).

Based on the disputed issues of fact bearing on the reasonableness of the Officer Defendants' conduct identified in this Court's MSJ Order, Plaintiff requests that this Court certify Defendants' Appeal as frivolous, retain jurisdiction, and allow the case to proceed to trial as scheduled on June 23, 2026. This Court should deny any request by defendants to stay this case or vacate the trial date. As explained below and in Judge Cormac J. Carney's Order Granting Plaintiffs' Motion to Certify Appeal as Frivolous in *Craig v. County of Orange*, an order denying qualified

immunity on the basis of disputed issues of material fact is not a final, immediately appealable order, and a defendant may only appeal a court's denial of qualified immunity if the defendant assumes the plaintiff's version of the facts. *See* "**Ex. B**" to Masongsong Decl. (2019 *Craig* Order); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *see also* "**Ex. C**" to Masongsong Decl. (2026 Order by Judge Kenly Kato granting plaintiff's *ex parte* application for an order certifying appeal as frivolous and retaining jurisdiction in *Barber v. County of San Bernardino*); "**Ex. D**" to Masongsong Decl. (2022 Order by Judge Jesus Bernal granting the plaintiffs' *ex parte* application for order certifying the defendants' appeal as frivolous and retaining jurisdiction in *V.R. v. County of San Bernardino*); "**Ex. E**" to Masongsong Decl. (2026 Order by Judge Michelle Williams granting the plaintiffs' *ex parte* application for order certifying the defendants' appeal as frivolous and retaining jurisdiction in *Smith v. City of Los Angeles*); "**Ex. G**" to Masongsong Decl. (2020 Ninth Circuit Order in *Herd v. County of San Bernardino* dismissing the defendants' interlocutory appeal on the basis that an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order).

Here, Defendants do not assume Plaintiff Urena's version of the facts. Rather, in their MSJ, Defendants argued that: Urena puled a gun from his waistband when he was running through the lot; Urena turned toward the Officer Defendants with the gun as he reached the field; Urena went to the ground to achieve a concealed shooting position from which to ambush the Officer Defendants; when Urena was on the ground, he was facing the Officer Defendants with his arms outstretched in their direction; Urena pointed the gun at the Officer Defendants and otherwise made "furtive movements." (Dkt. 24, 24-1, 30). By contrast, Plaintiff argued that: the Officer Defendants made a poor tactical decision when they pursued Urena on foot without cover when they believed he may be armed; Urena did not pull the gun out when he was running through the lot; Urena went to the ground because he was

2

PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

shot, and a reasonable officer would interpret Urena going to the ground as an act of surrender; after Urena went down, his hands were on the ground; Urena never pointed the gun at the Officer Defendants and did not turn toward the Officer Defendants with a gun in his hand at any time; a reasonable officer in the Officer Defendants' position would have seen Urena toss the gun; it would not be appropriate for the Officer Defendants to shoot Urena for tossing the gun; the Officer Defendants did not see the gun after Urena went to the ground. This Court held that these facts are in dispute and are questions for the jury. ("**Ex. A**," MSJ Order at pp. 4-6). As recently articulated by Judge Williams, "[u]ntil these genuine disputes of material fact are resolved, the Court cannot determine what constitutional violation occurred, and, consequently, whether that constitutional violation, if any, was clearly established at the relevant time such that [the Officer Defendants] could reasonably believe [their] conduct was lawful." ("**Ex. E**," *Smith* Order at p. 5). Therefore, to the extent that Defendants continue to refute Plaintiff's version of the facts, Defendants' Appeal does not raise a "purely legal" issue, and this Court should certify Defendants' Appeal as frivolous.

## II.    **LEGAL STANDARD**

"[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue. . . .' However, instant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989).

District courts have the right to certify an interlocutory appeal as frivolous. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023); *see also California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 772 (9th Cir. 2025) (discussing *Coinbase*); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). "Should the district court find that the defendants' claim of qualified immunity is frivolous . . . the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman*, 960 F.2d at 105; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790–92 (9th Cir. 2018). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003); *see also Express Scripts, Inc.*, 139 F.4th at 772 (noting frivolous appeals generally); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (considering whether a qualified immunity argument was frivolous under this standard). A qualified immunity claim may be frivolous if the claim is "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at 1339); *Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

## III.    <u>DISCUSSION</u>

### A. An Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not Immediately Appealable

Whether an appellate court hears an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial. *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009). An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Rosenbaum*, 107 F.4th at 924; *Johnson*, 515 U.S. at 313–20. "Where the district court denies immunity on the basis that material facts

4

are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

By way of example, in *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), Judge Carney granted the *Craig* plaintiffs' motion to certify the defendants' appeal as frivolous, following *Rodriguez* and *Chuman*. ("**Ex. B**," *Craig* Order). In that § 1983 excessive force case, the individual officer defendant filed an appeal challenging the *Craig* court's denial of summary judgment on the basis of qualified immunity. The *Craig* defendants contended that their appeal rested on two bases: (1) that the individual officer's use of force was lawful; and (2) that his use of force did not violate clearly established law. With respect to the *Craig* defendants' first ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers. . . Defendant cannot appeal the Court's determination that there were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

(*Id*. at p. 4)).

Plaintiff Urena anticipates that Defendants will argue that their Appeal will assert that the Officer Defendants' use of force did not violate clearly established law and will argue that this raises a purely legal issue. However, unless Defendants accept Plaintiff's facts as true—that Urena never pointed the gun at the officers and never turned toward them with the gun, Urena went to the ground because he was struck by shots, the Officer Defendants never saw a gun after Urena went to the

ground, a reasonable officer would have seen Urena toss the gun, and Urena's hands were on the ground after he went down—then the Ninth Circuit cannot determine whether the "constitutional violation, if any, was clearly established at the relevant time such that [the Officer Defendants] could reasonably believe [their] conduct was lawful." ("**Ex. E,**" *Smith* Order at p. 5). Therefore, Defendants' Appeal is not available because this Court appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188.

> In addressing the disputed issues of fact, this Court held as follows:
> It is disputed whether the Officer Defendants made a poor tactical decision when they pursued Plaintiff on foot without cover when they believed he may be armed. (Def. Resp. ¶ 52.) It is also disputed that officers are trained that, when engaged in a foot pursuit of a person with a gun, they should try to take cover, create distance, set up containment or a perimeter, and call for backup. (Id. ¶¶ 53-54.)
>
> It is disputed whether Plaintiff grabbed a firearm from his waistband area at this time. The Officer Defendants assert that they saw him pull a firearm from his waistband, while Plaintiff testified at his deposition that he did not pull the gun out while he was running through the lot. (See id. ¶ 18; Deposition of Renato Urena ("Plaintiff Depo."), Dkt. No. 28-5 at 54.) The resolution of this fact issue is reserved for a jury.

("**Ex. A,**" MSJ Order at p. 4).

> It is disputed whether Plaintiff was trying to target the officers, which is a question for the jury. (See id. ¶ 24.)
>
> It is disputed why Plaintiff went down to the ground. The Officer Defendants assert that they feared it was an attempt by Plaintiff to achieve a concealed shooting position from which to ambush the officers, but Plaintiff testified that he fell to the ground because he had been shot. (Id. ¶ 25; Plaintiff Depo. at 58.) Plaintiff also points to Estrella's deposition testimony where he describes shooting Plaintiff before he went to the ground. (Deposition of Andres Estrella ("Estrella Depo."), Dkt. No. 24-11 at 36.) Plaintiff asserts that it was inappropriate for the Officer Defendnats [sic] to believe that Plaintiff

went to the ground to gain a position of advantage. (Pl. SUF ¶ 60.) This is a question for the jury.

It is disputed where Plaintiff's hands were while he was on the ground. The Officer Defendants assert that Plaintiff was facing the officers on the ground with his arms outstretched in their direction, but Plaintiff testified that his hands were on the ground. (Id. ¶ 27; Plaintiff's Depo. at 62.)

It is disputed whether Plaintiff pointed the gun at the Officer Defendants and whether he turned toward the Officer Defendants with a gun in his hand at any time. (Pl. SUF ¶ 59; Def. Resp. ¶ 59.) This is a question for the jury.

It is disputed whether, pursuant to police training on situational awareness, a reasonable officer in the Officer Defendants' position would have seen Plaintiff toss the gun. (Pl. SUF ¶ 67; Def. Resp. ¶ 67.)

("**Ex. A**," MSJ Order at p. 5).

Separately, it is disputed whether it would be appropriate for the Officer Defendants to shoot Plaintiff for tossing the gun. (Pl. SUF ¶ 65; Def. Resp. ¶ 65.)

It is disputed how visible Plaintiff's hands were to the Officer Defendants given the foliage. (Pl. SUF ¶ 74; Def. Resp. ¶ 74.) It is also disputed whether the Officer Defendants saw the gun after Plaintiff was on the ground. (Pl. SUF ¶¶ 75, 78; Def. Resp. ¶¶ 75, 78.) These are questions for the jury.

("**Ex. A**," MSJ Order at p. 6).

The foregoing disputes identified in this Court's MSJ Order are "material" because the resolution of these facts is key to assessing the reasonableness of the Officer Defendants' conduct. It is clear that the denial of qualified immunity in this case is based on genuine disputes of material fact. Hence, this Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the

underlying facts)). Accordingly, the Court should certify Defendants' interlocutory Appeal as frivolous on this basis and allow the case to proceed to trial as scheduled. *See Chuman v. Wright*, *supra*.

### B. Plaintiff Will be Prejudiced by a Stay of This Action

This Court should retain jurisdiction and should not stay the instant action. As Judge Kato recently stated in her order granting Plaintiff Barber's *ex parte* application to certify the defendants' appeal as frivolous and denying the defendants' *ex parte* application to stay the case, "because the parties have already filed their motions in limine and other pretrial documents, the only thing left is a relatively straightforward and concise trial to proceed as scheduled. Hence, this factor also weighs against entering a stay." ("**Ex. C**," 2026 *Barber* Order). The same reasoning applies here to Urena's case.

The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

While the Supreme Court has allowed interlocutory appeals of qualified immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39). In recognizing the

value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39.

Over three years have passed since the shooting. Plaintiff Urena is entitled to his day in court without any stay of this action. In light of the frivolous nature of Defendants' Appeal, it would be prejudicial to Plaintiff to vacate the current trial date based on Defendants' Appeal, which has the potential to delay Plaintiff's trial date by two years while the appeal is pending. Further, in addition to consuming the resources of the appellate court, such a lengthy appeal would cut across the public interest in the expeditious and efficient resolution of litigation.

The excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court. ("**Ex. F, G**"). In both *Sandoval* and *Herd*, as in the instant case, the court denied the defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals. In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

Case No. 5:24-cv-00341-JGB-SHK

PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

finding of qualified immunity at the summary judgment stage. The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven month delay in that trial.  (Masongsong Decl. at ¶ 11 and "**Ex. F**").

In *Herd*, the district court denied the individual officer defendants' requests for qualified immunity on summary judgment. The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. The Ninth Circuit granted the plaintiff's motion on the grounds that the the Ninth Circuit lacked jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. ("**Ex. G**," *Herd* Order). The district court case was stayed pending the *Herd* defendants' appeal, which resulted in approximately an 18-month delay in the case. (Masongsong Decl. at ¶ 12 and "**Ex. G**").  Plaintiff's instant motion seeks to avoid such delays.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court certify Defendants' Appeal of this Court's MSJ Order denying qualified immunity as frivolous, retain jurisdiction over this matter, and allow the case to proceed to trial as scheduled.

Respectfully submitted,

DATED:  June 4, 2026

LAW OFFICES OF DALE K. GALIPO

By:_____*/s/ Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong

10                 Case No. 5:24-cv-00341-JGB-SHK
PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT