**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff, RENATO URENA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN BERNARDINO; JONATHAN DAVALOS; ANDRES ESTRELLA, <br><br> Defendants. | Case No. Case No. 5:24-cv-00341-JGB-SHK <br><br> **DECLARARTION OF RENEE MASONGSONG IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION** <br><br> [Proposed Order; Exhibits; Ex Parte Application; Memorandum of Points and Authorities *filed concurrently herewith*] |

## DECLARATION OF RENEE V. MASONGSONG

I, Renee V. Masongsong, hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiff Renato Urena in this instant action. I make this declaration in support of Plaintiff's Ex Parte Application for an Order Certifying Defendants' Appeal as Frivolous. I have personal knowledge of the matters stated herein and could and would testify competently thereto if called.

2. Plaintiff will suffer prejudice if this case is stayed pending Defendants' unmeritorious appeal. This application is properly made on an *ex parte* basis because, on June 3, 2026, Defendants filed a notice of appeal from this Court's order denying summary judgment ("Notice of Appeal"), less than one week before the Court's final pretrial conference set for June 8, 2026. (Dkt. No. 69). The trial of this matter is set for June 23, 2026, less than three weeks away, and this Court's ruling on Plaintiff's instant *ex parte* application may determine whether this case will proceed to trial as scheduled. Thus, there is not sufficient time for Plaintiff to file this as a regularly noticed motion.

3. Prior to bringing this Motion, I met and conferred with Defendants' counsel regarding the issues presented herein as required by Local Rule 7-19. Defendants are represented by attorney Scott J. Carpenter of Carpenter, Rothans & Dumont, 500 South Grand Avenue, 19th Floor, Los Angeles, CA 90017; (213) 228-0400; scarpenter@crdlaw.com. On June 3, 2026, after Defendants' counsel filed their Notice of Appeal, I informed Defendants' counsel via both email and telephone that Plaintiff would be filing an ex parte application to deem the Appeal frivolous. Mr. Carpenter and I spoke on the phone for approximately ten minutes to discuss the issues in the case. Mr. Carpenter stated that Defendants would oppose Plaintiff's ex parte application. Defendants take the position that the filing of their

ii    Case No. 5:24-cv-00341-JBG-SHK

DECLARATION OF RENEE MASONGSONG IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

Notice of Appeal automatically stays the case and deprives this court of jurisdiction to take further action. During the phone call, I informed Mr. Carpenter that Plaintiff intended to file his *ex parte* application on Thursday, June 4, 2026, and Defendants' opposition would be due not later than 24 hours after the filing of Plaintiff's ex parte application.

4.  Attached hereto as "**Exhibit A**" is a true and correct copy of this Court's May 28, 2026, Order Denying Defendants' Motion for Summary Judgment (Dkt. No. 70).

5.  Attached hereto as "**Exhibit B**" is a true and correct copy of Central District Judge Cormac J. Carney's order granting the plaintiff's request to certify the defendant's appeal as frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC(KESx).

6.  Attached hereto as "**Exhibit C**" is a true and correct copy of Central District Judge Kenly Kato's order granting the plaintiff's ex parte application to certify the defendant's appeal as frivolous in the case *Barber v. County of San Bernardino*, Case No. 5:22-cv-00625-KK-DTB.

7.  Attached hereto as "**Exhibit "D"**" is a true and correct copy of this Court's (Central District Judge Jesus G. Bernal) order Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx).

8.  Attached hereto as "**Exhibit E**" is a true and correct copy of Central District Judge Michelle Williams' order granting the plaintiff's ex parte application to certify the defendant's appeal as frivolous in the case *Smith v. City of Los Angeles*, Case No. 2:24-cv-03265-MWC-SSC.

9.  Attached hereto as "**Exhibit F**" is a true and correct copy of the Ninth Circuit's order in the case *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx).

Case No. 5:24-cv-00341-JBG-SHK

DECLARATION OF RENEE MASONGSONG IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

10. Attached hereto as "**Exhibit G**" is a true and correct copy of the Ninth Circuit's order in the case *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 dismissing the defendants' appeals for lack of jurisdiction.

11. The excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court.  In both *Sandoval* and *Herd*, as in the instant case, the court denied the defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals.  In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage.  The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven month delay in that trial.

12. In *Herd*, the district court denied the individual officer defendants' requests for qualified immunity on summary judgment.  The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction.  In their motion to dismiss, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. The Ninth Circuit agreed, granted the plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing *en banc* on the issue on

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

Case No. 5:24-cv-00341-JBG-SHK

November 3, 2020. The district court case was stayed pending the Herd defendants' appeal, which resulted in approximately an 18-month delay in the case.

I declare under penalty of perjury that the foregoing is true and correct, and that this was executed on Juen 4, 2026, at Woodland Hills, California.

/s/ Renee V. Masongsong

Renee V. Masongsong

DECLARATION OF RENEE MASONGSONG IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS