# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                     Date: February 3, 2026

Title:    Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

|  |  |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Plaintiffs' ex parte application for order certifying appeal as frivolous and retaining jurisdiction (Dkt. [67]).**

Before the Court is an ex parte application for an order certifying defendants' appeal as frivolous and retaining jurisdiction filed by Plaintiffs Alexandra Rasey-Smith, Gordon Gene Maccani, and Janet Maccani (collectively, "Plaintiffs"). Dkt. # 67 ("*App.*"). Defendants City of Los Angeles and Officer Caleb Garcia Alamilla (collectively, "Defendants") opposed. Dkt. # 69 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** the Application.

I.    Background

This civil rights and state tort lawsuit arises out of the shooting of Jason Maccani ("Decedent") by City of Los Angeles Officer Caleb Garcia Alamilla ("Officer Garcia") on February 3, 2024. *See* Dkt. # 39 (FAC). Plaintiff asserts claims under 42 U.S.C. § 1983 and California state law. *Id.*

On November 7, 2025, Defendants filed a motion for summary judgment ("MSJ") on all of Plaintiff's claims, which was fully briefed. Dkts. # 51, 58, 61. On January 15, 2026, the Court denied Defendants' MSJ. Dkt. # 65 ("*MSJ Order*"). In relevant part, the Court rejected Defendants' arguments that Officer Garcia is entitled to qualified immunity on Plaintiff's section 1983 claims for excessive force, denial of medical care, and substantive due process for loss of familial relationships. *Id.* 16–18. The Court found that Defendant's entitlement to qualified immunity turns on genuinely disputed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: February 3, 2026

Title:    Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

issues of fact because, "assuming the facts in the light most favorable to Plaintiffs, Plaintiffs have raised triable issues of fact as to whether Defendants violated Decedent's Fourth and/or Fourteenth Amendment rights by using lethal force to restrain him; waiting 70 seconds to seek medical assistance; and depriving Plaintiffs of familial relationships with Decedent." *Id.* 17.

On January 26, 2026, Defendants filed a Notice of Appeal to the Ninth Circuit Court of Appeals of this Court's Order denying summary judgment and denying qualified immunity ("Appeal"). Dkt. # 66 (Notice of Appeal). On January 28, 2026, Plaintiff filed the instant ex parte application requesting that this Court certify Defendants' Appeal as frivolous, retain jurisdiction, and allow the case to proceed to trial as scheduled. *App.* On January 29, 2026, Defendants opposed the Application.

II.    Discussion

A.    Whether Ex Parte Relief Is Warranted

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). In order to justify ex parte relief, the moving party must establish: (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power*, 883 F. Supp. at 492. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.*

As an initial matter, the Court finds Plaintiffs have met the standard for consideration of their ex parte application. The final pretrial conference in this matter is scheduled for March 20, 2026, and trial is currently set for April 6, 2026. Dkt. # 30. With the first round of trial filings due in less than three weeks, the Court would not be able to hear a regularly-noticed motion before the deadline; this would create uncertainty for both parties and lead to further delays. The Court also finds Plaintiffs are not at fault for creating this crisis. Accordingly, the Court will address the merits of the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: February 3, 2026

Title:        Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

      B.        <u>Whether Defendants' Appeal Is Frivolous</u>

          i.        *Legal Standard*

A party may appeal an "order[] denying qualified immunity under the collateral order exception to finality." *Scott v. Smith*, 109 F.4th 1215, 1222 (9th Cir. 2024). When a district court's denial of a claim of qualified immunity turns on an issue of law, the defendant may file an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Ordinarily, the filing of such an appeal "divests the district court of jurisdiction to proceed with trial" on the issue of qualified immunity. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

However, as with any other interlocutory appeal, a district court "may certify that [] appeal as frivolous." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023). In the Ninth Circuit, an appeal is frivolous if the "arguments of error are wholly without merit." *In re Marino*, 949 F.3d 483, 489 (9th Cir. 2020) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (per curiam)); *Marks v. Clarke*, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996) (a qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction.") (citation omitted)). "A defendant may appeal a district court's denial of qualified immunity on the basis that his conduct did not violate clearly established law, so long as the defendant assumes the plaintiff's version of the facts." *Craig v. Orange*, No.: SACV 17-00491-CJC (KESx), 2019 WL 12377861, at *2 (C.D. Cal. Apr. 1, 2019) (citing *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945–946 (9th Cir. 2017)). "District courts have certified appeals of qualified immunity as frivolous where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version of the facts, or (2) where defendants' legal arguments run afoul of clearly established law." *Henderson v. City of Torrance*, No. CV 18-3918-MWF (Ex), 2021 WL 3185479, at *3 (C.D. Cal. Apr. 5, 2021).

          ii.        *Analysis*

Defendants contend their appeal rests on two purely legal questions: "(1) whether, at the time of the incident, clearly established law put a reasonable officer on notice that the use of deadly force under the circumstances shown in the surveillance and body worn camera footage was unlawful; and (2) whether clearly established law put a reasonable officer on notice that a 70-second delay in providing or summoning medical aid after the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                              Date: February 3, 2026

Title:        Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

use of deadly force was unconstitutional." *Opp.* 8. Because the operative facts, *i.e.*, the shooting and subsequent events, were recorded on body-worn camera and surveillance video, Defendants argue there are no disputed material facts relevant to qualified immunity. *Id.* 6. Instead, "Plaintiffs' disagreement concerns not the facts shown on the videos, but the conclusions to be drawn from them." *Id.*

Defendants' appeal is without merit, because "under the plaintiff's version of the facts, and in light of the clearly established law, a reasonable officer could not have believed his conduct was lawful." *See Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).

As to excessive force, the Court found genuine disputes of material fact exist concerning at least three of the four *Graham* factors: the immediacy of the threat posed by Decedent, the severity of his crime, and whether Decedent was actively resisting arrest. *See MSJ O.* 10–12. Disputed facts include whether Decedent appeared to be holding a knife, made slashing motions with the item in his hand, was charging at the officers, and was already subdued at the time Officer Garcia shot him—in other words, whether Officer Garcia had reasonable grounds to believe Decedent posed a threat. *Id.* These are key factual disputes that, contrary to Defendants' assertions, were not conclusively resolved by camera and surveillance footage. *See A.G. v. City of Fresno*, 804 F. App'x 701, 702 (9th Cir. 2020) (stating district courts may view the facts in light of the video evidence "to the extent Plaintiffs' version of the incident is blatantly contradicted by the video" but also acknowledging that video footage "does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage" (internal quotation marks omitted)). Assuming Plaintiffs' interpretation of the facts, Decedent did not pose any threat to the safety of the officers, was not attempting to flee, and was being arrested for trespassing. Officer Garcia's use of lethal force under these circumstances would be objectively unreasonable, and any argument to the contrary runs afoul of clearly established law. *See, e.g.*, *Sants v. Seipert*, No. 2:15-cv-00355-KJM-CKD, 2021 WL 465292 (E.D. Cal. Feb. 9, 2021) (holding defendant officer not entitled to qualified immunity because, "when [Officer Seipert] encountered Mr. Sants in 2013, it was clearly established that officers may not strike nonviolent, unarmed people who pose little or no threat of harm, who do not attempt to flee, and who are suspected of only minor crimes." (citing *Winterrowd v. Nelson*, 480 F.3d 1181, 1182–83, 1184–86 (9th Cir. 2007), and *Davis v. City of Las Vegas*, 478 F.3d 1048, 1052, 1055–56 (9th Cir. 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: February 3, 2026

Title:    Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

As to denial of medical care, the reasonableness of the delay is also a disputed issue of material fact. *See Williams v. Kohl's Dep't Stores, Inc.*, No. EDCV 19-397 JGB (SHKx), 2020 WL 3882953, at *24 (C.D. Cal. June 16, 2020) ("Courts in the Ninth Circuit have often held that the reasonableness inquiry under the Fourth Amendment is ordinarily a question of fact for the jury.") (quotation omitted)). While Plaintiffs do not dispute that the officers summoned medical care about 70 seconds after Officer Garcia shot Decedent, the video footage shows the responding officers spent that time holding Decedent down, handcuffing him, and attempting to keep him awake. *See MSJ O.* 13. Plaintiffs also dispute Defendants' characterization that Decedent was "quickly" rolled into a recovery position. Dkt. # 58-23 (Pl. SSUF and Responses) ¶ 52. Given the severity of force used, a reasonable trier of fact could determine the officers unreasonably delayed seeking medical care for Decedent. *See Williams*, 2020 WL 3882953, at *25–26 (denying summary judgment on denial of medical care claim and finding no entitlement to qualified immunity because, "[v]iewing the facts in the light most favorable to Williams Plaintiffs, a reasonable trier of fact could find that Deputy Tibbetts unreasonably delayed medical treatment to a detainee whose condition had observably deteriorated."). And while Defendants characterize the right at issue as whether Decedent had a constitutional right to receive medical care in under 70 seconds, "the right at issue is whether a detainee is entitled to <u>prompt</u> medical care or <u>prompt</u> transportation to the hospital once he or she exhibits deteriorating health. On that issue, both the Supreme Court and the Ninth Circuit have spoken and answered in the affirmative." *Id.* at *26 (emphasis original) (citing *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 245 (1983) ("Whatever the standard may be [for adequate provision of medical care], [the City] fulfilled its constitutional obligation by seeing that [the injured plaintiff] was taken promptly to a hospital that provided the treatment necessary for his injury.")). In light of well-established authority, evidence that the officers unduly waited to summon medical care is sufficient reason to deny qualified immunity, and Defendants' appeal lacks merit.

Until the genuine disputes of material facts are resolved, the Court cannot determine what constitutional violation occurred, and, consequently, whether that constitutional violation, if any, was clearly established at the relevant time such that Officer Garcia could reasonably believe his conduct was lawful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-03265-MWC-SSC                    Date: February 3, 2026

Title:     Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

III.    Conclusion

    For the foregoing reasons, Plaintiffs' ex parte application to certify the appeal as frivolous is **GRANTED**.  The pretrial conference will proceed on March 20, 2026, at 3:00 p.m.  Trial will begin on April 6, 2026, at 8:30 a.m.

    The Clerk of Court is **DIRECTED** to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

    **IT IS SO ORDERED.**

:

**Initials of Preparer**   TJ
