**STEVEN J. ROTHANS-State Bar No. 106579**
**SCOTT CARPENTER-State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
srothans@crdlaw.com / scarpenter@crdlaw.com

Attorneys for Defendants, City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO URENA, individually,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, JONATHAN DAVALOS, ANDRES ESTRELLA and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 5:24-cv-00341-JGB-ACCV<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

COME NOW Defendants City of San Bernardino, a public entity, and Officers Jonathan Davalos and Andres Estrella, public employees, and hereby submit the following memorandum of points and authorities in Opposition to Plaintiff's *Ex Parte* Application to Certify Defendants' Appeal as Frivolous.

///

///

///

- 1 -

DATED:  June 5, 2026            CARPENTER, ROTHANS & DUMONT LLP

                                                    */s/  Scott J. Carpenter*

                                By:  _____

                                Steven J. Rothans
                                Scott J. Carpenter
                                Attorneys for Defendants City of San
                                Bernardino and Officers Davalos and
                                Estrella

- 2 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY
DEFENDANTS' APPEAL AS FRIVOLOUS

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ...............................................................................................2

III.  LEGAL STANDARD ........................................................................................2

IV.   ARGUMENT .....................................................................................................3

      A.    Defendants' Appeal Properly Raises Legal Issues.................................3

      B.    There Are No Disputes of Material Fact Barring Appeal. ....................6

      C.    Defendants' Appeal Has Merit.............................................................9

      D.    The Extraordinary Relief Sought Is Not Warranted...........................11

V.    CONCLUSION ...............................................................................................12

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Adams v. Garcia, 2018 WL 6137604 (C.D. Cal. Oct. 1, 2018) ................................3

Anderson v. Perez, 2023 WL 12170981 (C.D. Cal. Oct. 25, 2023)........................6

Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989) ................................................3

Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004 (9th Cir. 2015) .......6

Craig v. Cnty. of Orange, 2019 WL 12379088 (C.D. Cal. Mar. 7, 2019) ...............6

Dagdagan v. City of Vallejo, 682 F. Supp. 2d 1100 (E.D. Cal. 2010).....................3

Edmond v. City of Los Angeles, 2022 WL 20273277 (C.D. Cal. Jan. 13, 2022).....6

Elliott v. Leavitt, 99 F.3d 640 (4th Cir.1996)........................................................10

Est. of Anderson v. Marsh, 985 F.3d 726 (9th Cir. 2021)...................................1, 2

Est. of Romer v. Cnty. of San Bernardino,
 2026 WL 922275 (C.D. Cal. Mar. 30, 2026) .....................................................3, 5

Est. of Strickland v. Nevada Cnty., 69 F.4th 614 (9th Cir. 2023)...................2, 9, 10

Holloway v. City of Pasadena,
 2018 WL 11352617 (C.D. Cal. Dec. 21, 2018) ..............................................1, 3, 6

Hopson v. Alexander, 71 F.4th 692 (9th Cir. 2023)..................................................3

In re George, 322 F.3d 5861 (9th Cir. 2003).............................................................2

Isayeva v. Sacramento Sheriff's Dep't, 872 F.3d 938 (9th Cir. 2017)................4, 10

J.A. v. Cnty. Of San Bernardino, 2024 WL 4328895 (C.D. Cal. Jan. 23, 2024)......6

Johnson v. Jones, 515 U.S. 304 (1995) .....................................................................3

Malley v. Briggs, 475 U.S. 335 (1986) ...................................................................10

Martinez v. City of Ontario, 2023 WL 3875064 (C.D. Cal. May 24, 2023).........4, 5

Martinez v. City of Ontario, 2023 WL 4680356 (C.D. Cal. June 9, 2023)...........1, 5

Mitchell v. Forsyth, 472 U.S. 511 (1985).................................................................11

Murillo v. City of Los Angeles, 707 F. Supp. 3d 947 (C.D. Cal. 2023) ...................9

Plumhoff v. Rickard, 572 U.S. 765 (2014).........................................................9, 10

- 1 -

TABLE OF AUTHORITIES

Rasey-Smith v. City of Los Angeles,
  2026 WL 252567 (C.D. Cal. Jan. 15, 2026) ........................................................6

Rios v. Cnty. of Los Angeles, 2025 WL 3190637 (C.D. Cal. Nov. 4, 2025) .......1, 4

Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776 (9th Cir. 2018) ...........................7

Rosenbaum v. City of San Jose, 107 F.4th 919 (9th Cir. 2024) ...............................5

Sabbe v. Washington Cnty. Bd. of Commissioners, 84 F.4th 807 (9th Cir. 2023)...9

Saucier v. Katz, 533 U.S. 194 (2001).....................................................................11

Scott v. Harris, 550 U.S. 372 (2007) ...................................................................5, 7

Smith v. Agdeppa, 81 F.4th 994 (9th Cir. 2023).....................................................7

Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005) ............................................9

V.R. v. San Bernardino Cnty., 2022 WL 656133 (C.D. Cal. Feb. 3, 2022) .............6

Wilkinson v. Torres, 610 F.3d 546 (9th Cir. 2010).............................................7, 11

Williams v. City of Sparks, 112 F.4th 635 (9th Cir. 2024).......................................9

- 2 -

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants' appeal of the Court's denial of qualified immunity raises significant legal questions.  Based on the indisputable video evidence, the Court's findings as to undisputed facts, and even resolving the remaining disputed material facts in plaintiff's favor to the extent they do not contradict the objective evidence, defendants are seeking a determination of "whether [the officers'] alleged conduct violated clearly established law," a question that falls squarely under the collateral order doctrine.  Est. of Anderson v. Marsh, 985 F.3d 726, 731 (9th Cir. 2021).

Defendants acknowledge that this Court declined to apply qualified immunity "[b]ecause there are pending factual disputes as to the reasonableness of the Officer Defendants' conduct."  Dkt. No. 69 ("MSJ Order") at 10.  However, that finding "does not render Defendants' appeal 'wholly without merit.'"  See Martinez v. City of Ontario, 2023 WL 4680356, at *2 (C.D. Cal. June 9, 2023) (Bernal, J.) (denying motion to certify appeal as frivolous despite the Court having "determined Defendants were not entitled to qualified immunity based on the evidence presented on summary judgment") ("Martinez").

No "Ninth Circuit precedent creates a hardline rule that holds an interlocutory appeal regarding qualified immunity is automatically frivolous where summary judgment was denied due to disputed issues of fact."  Rios v. Cnty. of Los Angeles, 2025 WL 3190637, at *3 (C.D. Cal. Nov. 4, 2025).  Rather, "the Ninth Circuit has jurisdiction over" appeals "based on the undisputed facts . . . regarding whether the relevant law was clearly established at the time of the incident."  Holloway v. City of Pasadena, 2018 WL 11352617, at *2 (C.D. Cal. Dec. 21, 2018).

Here, given the video evidence and the ample undisputed facts as set forth by the Court, qualified immunity can and should be addressed *as a matter of law*. The Ninth Circuit has made clear that "[o]fficers shouldn't have to 'wait until a

- 1 -

gun is pointed at [them] before [they are] entitled to take action.'  If the person is armed—or reasonably suspected of being armed—a furtive movement [or] harrowing gesture . . . might create an immediate threat. . . . even when officers are reasonably mistaken about the nature of the threat." Est. of Strickland v. Nevada Cnty., 69 F.4th 614, 620-21 (9th Cir. 2023) (citations omitted).  Defendants respectfully submit that, in light of the undisputed facts and the video evidence, whether Officers Davalos and Estrella violated clearly established law is appropriate for interlocutory appeal.  See Est. of Anderson, 985 F.3d at 730-31 . And, as of February 2023, the law was not clearly established under the requisite level of specificity to deny the officers qualified immunity.

## II.    BACKGROUND

This civil case arises out of the non-fatal officer-involved shooting of Renato Urena by City of San Bernardino Police Department Officers Jonathan Davalos and Andres Estrella on February 10, 2023.  On February 9, 2024, plaintiff filed his Complaint against defendants City of San Bernardino, Jonathan Davalos, Andres Estrella alleging, in principal part, excessive force.  Dkt. No. 1.  On March 9, 2026, defendants moved for summary judgment on plaintiff's claims.  Dkt. No. 24.  On May 28, 2026, the Court issued its order denying defendants' motion for summary judgment.  MSJ Order.  Defendants filed a notice of appeal on June 3, 2026.  Dkt. Nos. 70-71.  Now plaintiff seeks an *ex parte* application to certify defendants' appeal as frivolous.  Dkt. No. 72.

## III.    LEGAL STANDARD

The standard for certifying a qualified immunity appeal as frivolous is relatively high: "[a]n appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." In re George, 322 F.3d 586, 591 (9th Cir. 2003). "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." Dagdagan v. City of Vallejo, 682 F. Supp. 2d 1100,

- 2 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

1116 (E.D. Cal. 2010). Consequently, courts have held that the power to certify an appeal as frivolous "must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction is anomalous and must be used with restraint." Adams v. Garcia, 2018 WL 6137604, at *2 (C.D. Cal. Oct. 1, 2018); Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989) (same).

## IV.    ARGUMENT

### A.    Defendants' Appeal Properly Raises Legal Issues.

Qualified immunity is a legal issue that can be decided by referencing to a given set of undisputed facts. Johnson v. Jones, 515 U.S. 304, 313 (1995). And district courts have permitted interlocutory qualified immunity appeals that are "based on the undisputed evidence." Holloway, 2018 WL 11352617, at *2; accord Est. of Romer v. Cnty. of San Bernardino, 2026 WL 922275, at *2 (C.D. Cal. Mar. 30, 2026) (finding "an appropriate basis for invoking appellate jurisdiction over an interlocutory qualified immunity appeal" where defendants argued entitlement to qualified immunity "based on the undisputed facts" and "because the law was not clearly established that Defendants' actions were in violation of [plaintiff's] constitutional rights."). Moreover, the appellate court may consider facts offered by defendants "that are uncontradicted by any evidence in the record." Hopson v. Alexander, 71 F.4th 692, 697 (9th Cir. 2023).

The undisputed and indisputable facts in this case are sufficient to allow defendants' interlocutory appeal to proceed. As this Court found, the undisputed facts in this case include:  plaintiff "was fleeing the Officer Defendants up until he was on the ground in the field" (MSJ Order at 10); "[a]s Plaintiff reached the overgrown field, he turned clockwise toward the officers" (id. at 5) while he was apparently "holding the gun" (id. at 9); "[o]nce Plaintiff was on the ground, parts of his body were obscured by vegetation" (id. at 5); then, while on the ground in the vegetation, "Plaintiff started to move his right arm in the Officer Defendants' direction" (id.), and that "the Officer Defendants, in fear of their lives, then fired at

- 3 -

Plaintiff" (id.). It was also found undisputed that "[j]ust as the first shot was fired and Plaintiff's arm raised into the air, the gun left Plaintiff's hand" (id. at 5-6), "[a]t no point during the course of the shooting did either officer see the gun leave Plaintiff's hand" (id. at 6), and the officers "would not have fired at Plaintiff if they had seen Plaintiff toss the gun" (id. at 7). Moreover, the Court stated as undisputed that "[d]ue to seeing Plaintiff continue to make movements during the course of the shooting, because the overgrown vegetation obscured part of Plaintiff's body, including his hands, and because the Officer Defendants did not see the gun leave Plaintiff's hand, the Officer Defendants each fired 18 shots while reassessing during the course of the shooting" (id. at 6).

Whether Officers Davalos and Estrella violated clearly established law under those **undisputed** circumstances is a legal question that can properly be raised on interlocutory appeal.

Defendants' appeal is not frivolous even though this Court denied qualified immunity "[b]ecause there are pending factual disputes as to the reasonableness of the Officer Defendants' conduct." MSJ Order at 10. "[T]he existence of a genuine dispute about the reasonableness of an officer's use of force does not . . . eliminate any basis for an immediate appeal of denial of qualified immunity." Isayeva v. Sacramento Sheriff's Dep't, 872 F.3d 938, 945 (9th Cir. 2017); see also Rios, 2025 WL 3190637, at *2 ("Even where disputed facts exist, a reviewing court is not prohibited from considering an interlocutory appeal if the disputed facts are not the basis of the appeal.").

This Court's ruling in Martinez v. City of Ontario is instructive. In that case, police officers went to arrest a suspect who had, days before, evaded officers during a high-speed vehicle pursuit. Martinez v. City of Ontario, 2023 WL 3875064, at *3 (C.D. Cal. May 24, 2023) (Bernal, J.) ("Martinez MSJ Order"). After the officers drove up to plaintiff while he was in his driveway, plaintiff entered his vehicle and attempted to flee, resulting in an officer-involved shooting.

- 4 -

Id. at *3-4.  This Court held that, although "[m]uch of the incident was captured by the officers' body-worn cameras," "significant factual disputes preclude the Court from determining whether Martinez posed an immediate threat to the safety of the officers or the public." Id. at *5, *7.  In particular, the Court noted several "internal inconsistencies in Defendants' evidence" where "Defendants' testimony conflicts with their own body-worn camera footage." Id. at *7-8.  As such, "[b]ecause [the] Individual Defendants' entitlement to qualified immunity ultimately depends on key factual disputes, the Court cannot grant summary judgment on these grounds." Id. at *8.

Nevertheless, when defendants appealed that ruling and plaintiff sought to certify the appeal as frivolous, this Court denied plaintiff's motion.  Martinez, 2023 WL 4680356, at *2.  The Court stated that "[w]hile the Court believes that it correctly determined Defendants were not entitled to qualified immunity based on the evidence presented on summary judgment, this does not render Defendants' appeal 'wholly without merit.  Defendants may still argue that even assuming Plaintiff's version of the facts as true, the unlawfulness of their actions were not clearly established.'" Id.

Defendants' appeal in this case is no different than the one in Martinez.  As in Martinez, defendants here contend that the officers are entitled to qualified immunity when considering the undisputed facts and even construing disputed facts in favor of plaintiff to the extent plaintiff's facts are supported by admissible evidence and not contrary to video and the undisputed facts.  See Rosenbaum v. City of San Jose, 107 F.4th 919, 922 (9th Cir. 2024) ("On interlocutory review, we view the facts in the light most favorable to Rosenbaum unless they are "blatantly contradicted" by video evidence") (citing Scott v. Harris, 550 U.S. 372, 380-381 (2007)).  Defendants intend to argue only issues of law in their appeal, which is entirely proper and does not constitute a baseless appeal.  See e.g., Martinez, 2023 WL 4680356, at *2; accord Est. of Romer, 2026 WL 922275, at *2; J.A. v. Cnty.

- 5 -

Of San Bernardino, 2024 WL 4328895, at *2 (C.D. Cal. Jan. 23, 2024); Anderson v. Perez, 2023 WL 12170981, at *3 (C.D. Cal. Oct. 25, 2023); Edmond v. City of Los Angeles, 2022 WL 20273277, at *1 (C.D. Cal. Jan. 13, 2022); Holloway, 2018 WL 11352617, at *2.

The cases cited by plaintiff are distinguishable.  For instance, in Rasey-Smith, the factual disputes were overwhelming because the suspect there was only holding a plastic fork and "neither the surveillance nor body-worn camera footage establish that the white plastic fork in Decedent's hand could reasonably have resembled a weapon, nor that it was reasonable to believe an officer was in danger."  Rasey-Smith v. City of Los Angeles, 2026 WL 252567, at *7 (C.D. Cal. Jan. 15, 2026).  In Craig, after a consensual encounter turned confrontational, decedent "drove his car five feet forward, away from the deputies, at about five miles per hour," no deputy ever saw a weapon in decedent's hands, the shooting deputy was not in front or in the direct path of decedent's vehicle, and the deputy said, "Fuck it" before firing one round at decedent.  Craig v. Cnty. of Orange, 2019 WL 12379088, at *4 (C.D. Cal. Mar. 7, 2019).  Unlike in Martinez and this case, the defendants in V.R. couched challenges to factual disputes found by the Court as challenges to "materiality."  Pl's Ex. D at 4.  And that case dealt with a suspect armed with a boxcutter that was shot for turning towards bystanders despite not moving towards anyone or threatening anyone.  V.R. v. San Bernardino Cnty., 2022 WL 656133, at *11 (C.D. Cal. Feb. 3, 2022).  Barber is also of no consequence because, unlike here, the "Defendants' entire appeal rest[ed] on a 'distortion of the record.'" (Pl's Ex. C at 5, quoting Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015)).

**B.    There Are No Disputes of Material Fact Barring Appeal.**

Factual disputes do not preclude appellate review of qualified immunity determinations even if "the district court's summary judgment ruling also contains an evidence-sufficiency determination."  Smith v. Agdeppa, 81 F.4th 994, 1001

- 6 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

(9th Cir. 2023).  Even when there is a purported "dispute of fact," the appellate court "may exercise jurisdiction over issues that do not require resolution of factual disputes," including where officers argue they have qualified immunity, assuming the disputed facts most favorable to the plaintiff (Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776, 791 (9th Cir. 2018)), but also "consistent with the video evidence" (C.D. v. City of Anaheim, 2018 WL 5816201, at *6 (C.D. Cal. Aug. 24, 2018)).  The same is true here.  Even if the parties dispute some of the facts, the appellate court can have jurisdiction over whether plaintiff's version of the facts sustains a claim that clearly established law was violated where, as here, indisputable video evidence can override plaintiff's version.  Plumhoff v. Rickard, 572 U.S. 765, 773 (2014).

In Scott v Harris, 550 U.S. 372, 380-81 (2007), the Supreme Court described an appellate court's duty to independently review the facts in evaluating whether officers are entitled to qualified immunity.  The Scott case involved a high-speed police chase in which the fleeing suspect was forced off the road and injured by actions of the police.  The officer filed a motion for summary judgment on qualified immunity grounds.  Both the district court and the appellate courts accepted the plaintiff's version of the facts and ignored a videotape of the police chase itself.  The Supreme Court reversed, proclaiming: "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts . . ." Id. at 380.

In Wilkinson v. Torres, 610 F.3d 546 (9th Cir. 2010), the Ninth Circuit explained that Scott required appellate scrutiny of the summary judgment record to determine whether a factual dispute was genuine.  Wilkinson, 610 F.3d at 550.  The court recognized that appellate scrutiny of the record is simply part of the *de novo* review that is required in qualified immunity appeals.  Id.

Here, the facts of the case are captured on video and are largely indisputable.

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY
DEFENDANTS' APPEAL AS FRIVOLOUS

As detailed above, the facts demonstrate that the officers were in pursuit of an armed individual, who fled towards residential properties and then appeared to "turn partially while holding the gun" before he went down to the ground into the thick vegetation and started to move his right arm with the gun in his hand in the Officer Defendants' direction.

The disputes found by the Court and noted by plaintiffs do not foreclose appeal.  "[W]hether Plaintiff pulled the gun out while he was running" (MSJ Order at 9), "whether Plaintiff was trying to target the officers" (id. at 5, n.6), or "whether Plaintiff pointed the gun at the Officer Defendants" (id. at 5, n.9) can be viewed in the light most favorable to plaintiff without rendering the appeal wholly without merit – especially when considering the undisputed facts outlined by the Court and totality of the circumstances the officers were facing.

The other disputes noted by plaintiff are also not dispositive.  For example, while plaintiff states that he "did not turn toward the Officer Defendants with a gun in his hand at any time" (Pl's Mot. at 7), the Court actually found it *undisputed* that plaintiff had "turned clockwise toward the officers" and that "Plaintiff inadequately disputes whether he was still holding the gun at this time" (MSJ Order at 5 & n.6).  Similarly, while plaintiff claims that he went to the ground because he was shot (Pl's Mot. at 7), the Court found undisputed that "[a]ll of the shots were fired while Plaintiff was on the ground" (MSJ Order at 6).  And despite his claim that the officers "did not see the gun after Urena went to the ground" (Pl's Mot. at 7), the Court found undisputed that the officers fired "[d]ue to seeing Plaintiff continue to make movements during the course of the shooting, because the overgrown vegetation obscured part of Plaintiff's body, including his hands, and because the Officer Defendants did not see the gun leave Plaintiff's hand" (MSJ Order at 6).

Even when the facts are construed favorably to plaintiff and consistent with the overwhelming indisputable evidence and the undisputed facts set forth by the

- 8 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY
DEFENDANTS' APPEAL AS FRIVOLOUS

Court, defendants' qualified immunity appeal is not obviously frivolous.

### C.    Defendants' Appeal Has Merit.

This Court denied summary judgment, concluding that issues of fact precluded a finding of qualified immunity because a trier of fact could find that the detention and use of force was unreasonable under the totality of the circumstances. Defendants respectfully submit that, based on the undisputed and indisputable facts, the officers did not violate plaintiff's clearly established rights. Rather, the facts show that the officers were in a vulnerable position and were forced to make the quintessential split-second decision-making which the Supreme Court has cautioned against second-guessing. Graham v. Connor, 490 U.S. 386, 396-397 (1989).

Under established precedent, "where a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force." Smith v. City of Hemet, 394 F.3d 689, 704 (9th Cir. 2005). "[W]hen a suspect reaches for a gun . . . responding with deadly force does not violate the Constitution." Sabbe v. Washington Cnty. Bd. of Commissioners, 84 F.4th 807, 828 (9th Cir. 2023). "Officers shouldn't have to 'wait until a gun is pointed at [them] before [they are] entitled to take action.' If the person is armed—or reasonably suspected of being armed—a furtive movement [or] harrowing gesture . . . might create an immediate threat." Est. of Strickland, 69 F.4th 614, 620-21 (citations omitted).

Moreover, "there is no requirement that an officer must 'reevaluate whether the deadly threat has been eliminated after each shot . . .'" Murillo v. City of Los Angeles, 707 F. Supp. 3d 947, 963 (C.D. Cal. 2023). "[I]f police officers are justified in firing at a suspect in order to end a severe threat to public safety, the officers need not stop shooting until the threat has ended." Plumhoff v. Rickard, 572 U.S. 765, 777 (2014); accord Williams v. City of Sparks, 112 F.4th 635, 645 (9th Cir. 2024) (applying qualified immunity where officers fired "dozens of

- 9 -

rounds" over the course of fourteen seconds); cf. Elliott v. Leavitt, 99 F.3d 640, 643 (4th Cir.1996) (concluding that the firing of multiple shots "does not suggest the officers shot mindlessly as much as it indicates that they sought to ensure the elimination of a deadly threat").

"These [qualified immunity] principles apply even when officers are reasonably mistaken about the nature of the threat. Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of an immediate threat, and in those situations courts will not hold that they have violated the Constitution." Est. of Strickland, 69 F.4th at 621 (citations omitted). The fact that an officer may have been mistaken about whether he or she was, in fact, in immediate danger is not dispositive given that qualified immunity is designed to immunize all but the plainly incompetent or those who knowingly violate the law. Malley v. Briggs, 475 U.S. 335, 341 (1986).

Here, while the Court found as disputed whether "Plaintiff's movement at the edge of the field . . . constitutes an immediate threat" and "whether his movements on the ground posed--or reasonably appeared to pose--an immediate threat" (MSJ Order at 9), the movements themselves are undisputed. Whether firing in response to such movements violated clearly established law under the circumstances is an issue that can be appealed. See Plumhoff, 572 U.S. at 779 (petitioner's claim that "their conduct did not violate the Fourth Amendment and, in any event, did not violate clearly established law … raise legal issues"); see also Isayeva, 872 F.3d at 945–46 (Ninth Circuit may assert jurisdiction "to decide whether, taking the facts in the light most favorable to the non-moving party, the defendants are entitled to qualified immunity.").

Similarly, while the Court ruled that "whether [the Officer Defendants'] reassessment [during the shooting] was adequate" was a question for the jury (MSJ Order at 10), the permissible question on appeal looks to whether clearly established law put the officers on notice that they were violating plaintiff's rights

- 10 -

by continuing to fire under these specific circumstances where plaintiff was armed (at least initially), on the ground in an overgrown field, parts of his body were obscured by vegetation, the officers had not seen the gun leave plaintiff's hand, and plaintiff continued to make movements during the course of the shooting. There is no case law dictating what officers are required to do in terms of reassessment under these circumstances, let alone clearly established law with requisite specificity that puts the issue beyond debate. As such, qualified immunity should apply. See, e.g., Wilkinson, 610 F.3d at 552 (declining to require officer "reevaluate whether a deadly threat has been eliminated after each shot" in the circumstances of that case where "[s]uch a requirement places additional risk on the officer not required by the Constitution.").

In all, the interlocutory appeal from the denial of qualified immunity which has been undertaken in this case is necessary and proper to protect defendants' fundamental rights to be immune from suit and to have this determination made at the earliest possible time. Saucier v. Katz, 533 U.S. 194, 200-01 (2001). Since there are no triable issues of fact which would preclude such an appeal, and given the ample undisputed and indisputable facts, defendants respectfully request that plaintiff's application to certify his appeal as frivolous be denied.

### D.  The Extraordinary Relief Sought Is Not Warranted.

Defendants acknowledge that trial is upcoming, but that is of no fault of defendants. Defendants filed their motion for summary judgment approximately three months ago. While plaintiff claims prejudice given that over three years have passed since the incident, much of the delay to date has been due to plaintiff being incarcerated, not any fault of defendants.

Despite plaintiff's claims of prejudice if the appeal goes forward, it is defendants that would suffer severe prejudice if they are deprived of their rights to bring an interlocutory appeal, especially without an opportunity to fully brief the issue and only having 24 hours to respond to plaintiff's arguments. Absent

- 11 -

immediate appeal, "the central benefits of qualified immunity—avoiding the costs and general consequences of subjecting public officials to the risks of discovery and trial—would be forfeited . . ."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Qualified immunity is an immunity from suit rather than a mere defense to liability, which would be lost if a case is erroneously permitted to go to trial.  Id.

Plaintiff attempts to lower the standard for declaring the appeal frivolous, suggesting that the Court should consider the appeal as if it were a request to stay the proceedings where the Court "must weigh the interests of the defendants claiming immunity from trial with the interest of other litigants in the judicial system."  Pl's Mot. at 3; see also id. at 8-9 (discussing the court's inherent power to stay proceedings).  However, defendants' appeal is an exercise of their rights, and it is well settled that an appeal from the denial of a motion for qualified immunity divests the district court of jurisdiction to proceed with the pending trial.  United States v. Clairborne, 727 F.2d 842, 850 (9th Cir. 1984).  And, as mentioned above, the threshold for declaring the appeal frivolous is high and is a power that courts exercise with restraint.

Plaintiff has failed to meet his burden of demonstrating that he is entitled to the extraordinary relief he now seeks.  Plaintiff's motion must be denied.

## V.     CONCLUSION

Based on the foregoing, defendants respectfully request that plaintiff's ex parte application be denied in its entirety.

DATED:  June 5, 2026                    CARPENTER, ROTHANS & DUMONT LLP

*/s/  Scott J. Carpenter*

By:  _____

Steven J. Rothans
Scott J. Carpenter
Attorneys for Defendants City of San Bernardino and Officers Davalos and Estrella

- 12 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, City of San Bernardino and Officers Davalos and Estrella, certifies that this brief contains 3,982 words, which complies with the word limit pursuant to Local Rule 11-6.1

DATED:  June 5, 2026           CARPENTER, ROTHANS & DUMONT LLP

                                              */s/  Scott J. Carpenter*

                               By:  _____
                                     Steven J. Rothans
                                     Scott J. Carpenter
                                     Attorneys for Defendants City of San
                                     Bernardino and Officers Davalos and
                                     Estrella

- 13 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS